**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| STEPHEN CROCKER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CASSAVA SCIENCES, INC., RICHARD JON BARRY, and JAMES W. KUPIEC,<br><br>Defendants. | § CIVIL ACTION NO. 1:24-cv-01525-RP<br>§<br>§ **MEMORANDUM OF LAW IN SUPPORT**<br>§ **OF MOTION OF MOVANT HOORIEH**<br>§ **ALAGHEMAND FOR APPOINTMENT AS**<br>§ **LEAD PLAINTIFF AND APPROVAL OF**<br>§ **LEAD PLAINTIFF'S SELECTION OF**<br>§ **COUNSEL**<br>§<br>§ CLASS ACTION<br>§<br>§<br>§<br>§ |

## INTRODUCTION

Movant Hoorieh Alaghemand ("Movant"), respectfully submits this memorandum of law in support of Movant's motion for an Order, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3) as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a)    appointing Movant as Lead Plaintiff for the class of all purchasers and/or acquirers of the securities of Cassava Sciences, Inc. ("Cassava" or the "Company") between February 7, 2024 and November 24, 2024, inclusive (the "Class Period"); and

(b)    approving Movant's selection of The Rosen Law Firm P.A. ("Rosen Law") as Lead Counsel for the Class and Condon Tobin Sladek Thornton Nerenberg PLLC ("Condon Tobin") as Liaison Counsel.

## BACKGROUND

This action was commenced on December 12, 2024, in this court against the Company, Richard Jon Barry, and James W. Kupiec ("Defendants") for violations of the Exchange Act. That same day, an early notice pursuant to the PSLRA was published advising class members of,

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF MOVANT HOORIEH ALAGHEMAND FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL** – Page 1

*inter alia*, the allegations and claims in the complaint, the Class Period, and advising class members of their option to seek appointment as Lead Plaintiff. *See* Exhibit 1 to the Appendix filed herewith (the "App.").

Cassava is a clinical stage biotechnology company, with a focus on developing drugs for neurodegenerative diseases. Cassava is Texas corporation with its principal executive offices located at 6801 N. Capital of Texas Highway, Building 1, Austin, TX 78731. During the Class Period, the Company's common stock traded on the NASDAQ Stock Market (the "NASDAQ") under the symbol "SAVA."

According to the complaint, during the Class Period, Defendants provided overwhelmingly positive statements concerning Cassava's leading drug candidate, simufilam. Defendants' statements included, among other things, clear confidence in simufilam's ability to treat Alzheimer's Disease through the promotion of statistically insignificant phase 2 results, patient elected enrollment in the open-label expansion studies, and the presentation of detailed plans for the future of the company upon the conclusion of successful Phase 3 studies showing the effectiveness of simufilam, coupled with the absence of any detailed plan for the alternative scenario arising out of the drug's failure. Defendants made these materially false and misleading statements and/or concealed material adverse facts concerning the true capabilities of Cassava's drugs – notably, that the Company simply did not have a drug that was capable of abating the progression of Alzheimer's Disease. Defendants' positive statements about simufilam absent these material facts caused Movant and other shareholders to purchase Cassava's securities at artificially inflated prices.

On November 25, 2024, Cassava released topline results for the first of its two ongoing Phase 3 studies on simufilam, the "ReThink-ALZ" study. The results indicated that

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF MOVANT HOORIEH ALAGHEMAND FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL** – Page 2

simufilam failed to meet each of the pre-specified primary, secondary, and exploratory endpoints; in sum, simufilam failed to outperform the placebo.

Investors and analysts reacted immediately to Cassava's revelation. The price of Cassava's common stock declined dramatically. From a closing market price of $26.48 per share on November 22, 2024, Cassava's stock price fell to $4.30 per share on November 25, 2024, a decline of about 83.76% in the span of just a single day.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's common shares, Movant and other class members have suffered significant losses and damages.

## ARGUMENT

### I.   MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint a lead plaintiff filed in response to any such notice. Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF MOVANT HOORIEH ALAGHEMAND FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL** – Page 3

(cc) otherwise satisfies the requirements of Rule 23 of the
Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Movant satisfies all three of these criteria and thus is entitled to the presumption that Movant is the most adequate plaintiff of the class and, therefore, should be appointed as Lead Plaintiff.

### A. Movant Is Willing to Serve as Class Representative

Movant has submitted a sworn shareholder certification attesting to the fact that Movant is willing to serve as representative of the class and is willing to provide testimony at deposition and trial, if necessary. *See* App., Exhibit 2. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the class.

### B. Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption can only be rebutted by proof that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or is "subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

Movant lost approximately $1,180,450.58 in connection with her purchases of Cassava securities. *See* App., Exhibit 3. Movant is not aware of any other person that has suffered greater losses in Cassava securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

C.      **Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification—a *prima facie* showing that Movant satisfies the requirements of Rule 23 is sufficient. *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 439 (S.D.N.Y. 2008) (only a *prima facie* showing is required) (citations omitted). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998); *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997).

Movant fulfills all of the requirements of Rule 23. Movant shares substantially similar questions of law and fact with the members of the class and Movant's claims are typical of the claims of members of the class. Movant and all members of the class allege that Defendants violated the Exchange Act by publicly disseminating false and misleading statements concerning Intrusion and its business. Movant, as well as other members of the class, purchased Intrusion

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF MOVANT HOORIEH ALAGHEMAND FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL** – Page 5

shares at prices artificially inflated by Defendants' misrepresentations and omissions and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative party be typical of the claims of the class.

Thus, the close alignment of interests between Movant and other class members, as well as Movant's strong desire to prosecute this action on behalf of the class, provides ample reason to grant Movant's motion to serve as Lead Plaintiff.

### D. Movant Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (a)     will not fairly and adequately protect the interests of the class; or

> (b)     is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

Movant lives in Texas. Movant is a philanthropist working with the foster care system. Movant has a high school diploma and has been investing for 4 years. Movant's ability and desire to fairly and adequately represent the class has been discussed above. Movant is not aware of any unique defenses Defendants could raise against her that would render Movant inadequate to represent the class. Accordingly, the Court should appoint Movant as Lead Plaintiff for the class.

## II.     MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with

Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen Law as Lead Counsel and Condon Tobin as Liaison Counsel. The firms have been actively researching Movant's and class members' claims, including reviewing publicly available financial and other documents while gathering information in support of the claims against the Defendants. Furthermore, the firms are experienced in the area of securities litigation and class actions, and have successfully prosecuted securities litigations and securities fraud class actions on behalf of investors. *See* App., Exhibits 4-5. The firms have prosecuted securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors.

As a result of the firms' experiences in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge that will enable it to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel and Liaison Counsel, the members of the class will receive the best legal representation available.

## **CONCLUSION**

For the foregoing reasons, Movant respectfully requests the Court issue an Order: (a) appointing Movant as Lead Plaintiff of the class; (b) approving Rosen Law as Lead Counsel and Condon Tobin as Liaison Counsel; and (c) granting such other relief as the Court may deem to be just and proper.

Dated: February 10, 2025                    Respectfully submitted,

                                            **CONDON TOBIN SLADEK THORNTON
                                            NERENBERG PLLC**

                                             */s/ Stuart L. Cochran*
                                            Stuart L. Cochran
                                            Texas Bar No.: 24027936
                                            8080 Park Lane, Suite 700
                                            Dallas, Texas 75231
                                            Telephone: (214) 265-3800
                                            scochran@condontobin.com

                                            *[Proposed] Liaison Counsel for*
                                            *Movant and the Class*

                                            **THE ROSEN LAW FIRM, P.A.**
                                            Phillip Kim, Esq. (pro hac vice to be filed)
                                            275 Madison Avenue, 40th Floor
                                            New York, NY 10116
                                            Phone: (212) 686-1060
                                            Fax: (212) 202-3827
                                            Email: philkim@rosenlegal.com

                                            *[Proposed] Lead Counsel for Movant and Class*


## CERTIFICATE OF CONFERENCE

Local Court Rule CV-7(i) requires a conference of counsel prior to filing motions. Due to the PSLRA's lead plaintiff procedure, however, Movant does not yet know which other entities or persons plan to move for appointment as lead plaintiff until after all the movants have filed their respective motions. Under these circumstances, Movant respectfully requests that the conferral requirement of Local Court Rule CV-7(i) be waived.

                                             */s/ Stuart L. Cochran*
                                            Stuart L. Cochran

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 10th day of February 2025, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/ Stuart L. Cochran*
Stuart L. Cochran