**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| STEPHEN CROCKER, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> CASSAVA SCIENCES, INC., RICHARD JON BARRY, and JAMES W. KUPIEC, <br><br> Defendants. | Case No.: 1:24-cv-01525-RP |

**STEVE E. PELLO AND DAVID BOHN'S MOTION FOR APPOINTMENT**
**AS CO-LEAD PLAINTIFFS AND APPROVAL OF COUNSEL;**
**MEMORANDUM OF LAW IN SUPPORT THEREOF**

Steve E. Pello and David Bohn ("Movants") will and hereby do move this Court for entry of an order: (1) appointing Movants as co-lead plaintiffs in the above-captioned action (the "Action") pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4; (2) approving Movants' selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as lead counsel for the Class and Sponsel Miller Greenberg PLLC ("SMG") as liaison counsel for the Class; and (3) granting such other and further relief as the Court may deem just and proper. In support of this Motion, Movant makes the following arguments in the below Memorandum of Law,[1] and submits the Declaration of Thane Tyler Sponsel III in support thereof, and a Proposed Order Appointing Movant as Lead Plaintiff.

---

[1] Pursuant to Local Rule CV-7(c), Movants have not filed a separate memorandum of law and instead include their argument *infra*.

## **COMPLIANCE WITH LOCAL RULE CV-7(i)**

Local Rule CV-7(g) requires a conference of counsel prior to filing non-dispositive motions. Pursuant to the PSLRA, however, any class member, regardless of whether that class member filed a complaint, may file a motion for appointment as lead plaintiff. Thus, there is no way for Movants to know which other entities or persons plan to move for appointment as lead plaintiff until after all the movants have filed their respective motions. Under these circumstances, Movants respectfully request that the conferral requirement of LR7(i) be waived.

**TABLE OF CONTENTS**

SUMMARY ..................................................................................................................... 1

FACTUAL BACKGROUND .......................................................................................... 2

PROCEDURAL BACKGROUND ................................................................................. 3

ARGUMENT .................................................................................................................. 3

    I.       Movants Should Be Appointed Co-Lead Plaintiffs ....................................... 3

          A.      Movants Filed a Timely Motion in Response to a PSLRA Notice ......................... 5

          B.      Movants Have the Largest Financial Interest ........................................................ 5

          C.      Movants Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure ................................................................................................................ 6

               1.      Movants' Claims Are Typical With the Claims of the Class ........................... 6

               2.      Movants Are Adequate Representatives ............................................................ 7

    II.     The Court Should Approve Movants' Choice of Counsel ............................................ 8

CONCLUSION ............................................................................................................... 9

## TABLE OF AUTHORITIES

**Cases**

*Abouzied v. Applied Optoelectronics, Inc.*,
2018 U.S. Dist. LEXIS 16801 (S.D. Tex. Jan. 22, 2018) ........................................................ 1

*Gluck v. CellStar Corp.*,
976 F. Supp. 542 (N.D. Tex. 1997) ...................................................................................... 6

*Hohenstein v. Behringer Harvard REIT I, Inc.*,
No. 12-cv-3772, 2012 WL 6625382 (N.D. Tex. Dec. 20, 2012)............................................ 9

*Makhlouf v. Tailored Brands, Inc.*,
2017 U.S. Dist. LEXIS 41872 (S.D. Tex. Mar. 23, 2017)...................................................... 4

*Parker v. Hyperdynamics Corp.*,
No. 4:12-CV-999, 2013 U.S. Dist. LEXIS 21767 (S.D. Tex. Feb. 19, 2013) ......................... 8

*In re Plains All Am. Pipeline, L.P. Sec. Litig.,*
2015 U.S. Dist. LEXIS 163811 (S.D. Tex. Dec. 7, 2015)...................................................... 6

*Stirman v. Exxon Corp.*,
280 F.3d 554 (5th Cir. 2002) ............................................................................................... 7

*In re Waste Mgmt. Sec. Litig.*,
128 F. Supp. 2d 401 (S.D. Tex. 2000) .................................................................................. 7

**Statutes**

15 U.S.C. § 78u-4 ................................................................................................*passim*

**Rules**

Fed. R. Civ. P. 23 ...............................................................................................*passim*

## SUMMARY

Movants respectfully submit the following argument in support of their Motion, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4, for: (1) appointment as Co-Lead Plaintiffs in the Action; and (2) approval of their selection of counsel on behalf of all investors who purchased or otherwise acquired Cassava Sciences, Inc. ("Cassava" or the "Company") securities between February 7, 2024 to November 24, 2024, inclusive (the "Class Period"), and were damaged thereby. Movants seek to recover damages under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5) against Defendants.

Pursuant to the PSLRA, the class member who possesses the largest financial interest in the relief sought by the class and who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the "most adequate plaintiff"—the plaintiff most capable of adequately representing the interests of class members. The most adequate plaintiff shall be appointed as lead plaintiff to lead the litigation. Movants believe that they are the "most adequate plaintiffs" as defined by the PSLRA and should be appointed Co-Lead Plaintiffs based on the financial losses suffered as a result of Defendants' wrongful conduct. Moreover, Movants satisfy the typicality and adequacy requirements of Fed. R. Civ. P. 23(a), as their claims are typical of other Class members' claims, and they will fairly and adequately represent the interests of the Class. *See generally Abouzied v. Applied Optoelectronics, Inc.*, 2018 U.S. Dist. LEXIS 16801, at *5-7 (S.D. Tex. Jan. 22, 2018). In addition, Movants' selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as lead counsel and Sponsel Miller Greenberg PLLC ("SMG") as liaison counsel and should be approved, as these firms have substantial expertise and experience in securities and class action litigation.

## FACTUAL BACKGROUND[2]

Cassava is a clinical stage biotechnology company, with a focus on developing drugs for neurodegenerative diseases. ¶ 19. Cassava's leading therapeutic candidate is simufilam, a proposed treatment for mild to moderate Alzheimer's Disease. ¶ 20.

The statements in Paragraphs 21 to 37 of the *Crocker* Complaint were false and/or materially misleading. ¶ 38. Defendants created the false impression that they possessed reliable information pertaining to the Company's drug prospects and anticipated growth while also minimizing risk from a potential drug failure. *Id*. Yet, in truth, Cassava's repeated statements of confidence in their drug and reliance upon spinning the statistically insignificant data from the Phase 2 study fell short of the reality of simufilam's potential; the Company simply did not have a drug that was capable of abating the progression of Alzheimer's Disease, even when attempting to treat only the mild and moderate cases. *Id*.

On November 25, 2024, Defendants published topline results for the ReThink-ALZ Phase 3 study in which simufilam failed to reach any of the study's endpoints. ¶ 39.

CEO Richard Barry spoke to the results and their implications to Cassava's other simufilam studies. ¶ 40. Later that day, Defendants held a special call to provide additional prepared remarks regarding the Phase 3 topline results. CEO Barry spoke again on the matter. ¶ 41.

The aforementioned press releases and statements made by the Individual Defendants are in direct contrast to statements they made during and through their various press releases, quarterly reports, earnings calls, "fireside chats" and open letters to investors between February 7, 2024 and

---

[2] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Crocker* Complaint") filed in the action entitled *Crocker v. Cassava Sciences, Inc., et. al.*, Case No. 1:24-cv-01525-RP (the "*Crocker* Action"). Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Crocker* Complaint. The facts set forth in the *Crocker* Complaint are incorporated herein by reference.

November 7, 2024. ¶ 42. In those communications, Defendants exhibited clear confidence in simufilam's ability to treat Alzheimer's Disease through the promotion of statistically insignificant phase 2 results, patient elected enrollment in the open-label expansion studies, and the presentation of detailed plans for the future of the company upon the conclusion of successful Phase 3 studies showing the effectiveness of simufilam, coupled with the absence of any detailed plan for the alternative scenario arising out of the drug's failure. *Id*.

Investors and analysts reacted immediately to Cassava's revelation. ¶ 43. The price of Cassava's common stock declined dramatically. *Id*. From a closing market price of $26.48 per share on November 22, 2024, Cassava's stock price fell to $4.30 per share on November 25, 2024, a decline of about 83.76% in the span of just a single day. *Id*.

## PROCEDURAL BACKGROUND

Plaintiff Stephen Crocker ("Crocker") commenced the first-filed action against Cassava in this Court on December 12, 2024. On the same day, counsel for Crocker, Levi & Korsinsky, published a notice on *Globe Newswire* (the "Notice"), announcing that a securities class action had been initiated against Defendants, herein, and advising investors in Cassava that they had 60 days to seek appointment as lead plaintiff. *See* Declaration of Thane Tyler Sponsel III in Support of Movants' Motion for Appointment as Co-Lead Plaintiffs and Approval of Counsel (the "Sponsel Decl.") at Exhibit ("Ex.") C.

## ARGUMENT

I.      **Movants Should Be Appointed Co-Lead Plaintiffs**

The PSLRA provides the procedure for appointing a lead plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action (i) by not later than 90

3

days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—i.e., the plaintiff most capable of adequately representing the interests of the Class—is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof by a "purported member of the plaintiff class" that the presumptively most adequate plaintiff:

(aa)    will not fairly and adequately protect the interests of the class; or

(bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class. 15 U.S.C. § 78u-4(a)(3)(b)(iii)(II).

As set forth below, Movants satisfy all of the foregoing criteria. Movants have filed a Motion to be appointed as Co-Lead Plaintiffs and have, to the best of their knowledge, the largest financial interest sought by any class member in this litigation. In addition, Movants meet the relevant requirements of Federal Rule of Civil Procedure 23(a) and are not aware of any unique defenses Defendants could raise against them that would render them inadequate to represent the Class. Accordingly, Movants respectfully submit that they should be appointed co-lead plaintiffs. *See Makhlouf v. Tailored Brands, Inc.,* 2017 U.S. Dist. LEXIS 41872, at *29 (S.D. Tex. Mar. 23, 2017).

4

**A.      Movants Filed a Timely Motion in Response to a PSLRA Notice**

On December 12, 2024, pursuant to 15 U.S.C. § 78u-4(a)(3)(A), the Notice of the pendency of the *Crocker* Action was published on *Globe Newswire*—a widely circulated national business-oriented wire service—announcing that a securities class action had been filed against Defendants, herein, and advising purchasers of Cassava securities that they had until February 10, 2025 to file a motion to be appointed as lead plaintiff.

Movants filed this motion pursuant to the Notice and within the 60-day period following publication. Movants have also submitted sworn certifications attesting to their purchases of Cassava securities and stating that they are willing to serve as Class representatives and to provide testimony at deposition and trial, if necessary. *See* Sponsel Decl., Ex. A. By making a timely motion in response to a published PSLRA notice, Movants satisfy the first PSLRA requirement to be lead plaintiffs.

**B.      Movants Have the Largest Financial Interest**

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). Movants believe they have the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and are presumed to be the "most adequate plaintiff."

During the Class Period, Movants purchased a total of 69,312 shares, at a net cost of $1,297,602.08, and collectively suffered approximately $1,124,614.56 using a last-in-first-out ("LIFO") analysis. *See* Sponsel Decl., Ex. B. To the best of their knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23. Movants, thus, satisfy the second PSLRA requirement—

the largest financial interest in the relief sought by the Class.

### C.    Movants Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the Exchange Act further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Plains All Am. Pipeline, L.P. Sec. Litig.,* 2015 U.S. Dist. LEXIS 163811, at *10-12 (S.D. Tex. Dec. 7, 2015). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

(1) the class is so numerous that joinder of all members is impracticable,

(2) there are questions of law or fact common to the class,

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and

(4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. At the lead plaintiff stage of the litigation, a movant need only make a preliminary showing that they satisfy Rule 23's typicality and adequacy requirements. *See Gluck v. CellStar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997).

### 1.  Movants' Claims Are Typical With the Claims of the Class

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." Movants plainly meet the typicality requirement of Rule 23 because they suffered the same injuries as the absent Class members, they suffered as a result of the same course of conduct by Defendants, and their claims are based on the same legal

6

issues. *See In re Waste Mgmt. Sec. Litig.*, 128 F. Supp. 2d 401, 411 (S.D. Tex. 2000). Importantly, the typicality requirement of Rule 23 does not require the lead plaintiff to be identically situated with all class members in order to satisfy typicality. *See Stirman v. Exxon Corp.*, 280 F.3d 554, 562 (5th Cir. 2002).

Movants' claims are typical with the claims asserted by the proposed Class. Like all members of the Class, Movants allege that Defendants violated the federal securities laws by disseminating materially misleading statements concerning the operations and financial performance of Cassava. Movants, like all of the members of the Class, purchased Cassava shares at prices artificially inflated by Defendants' alleged misstatements and omissions and were damaged thereby. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the claims of the Class, satisfy the typicality requirement of Rule 23(a)(3).

### 2. Movants Are Adequate Representatives

Movants are adequate representatives for the Class. Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movants are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interests of the movant and other members of the Class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movants' interests are clearly aligned with those of the other members of the Class. Not only is there no evidence of antagonism between Movants' interests and those of the Class, but Movants have a significant and compelling interest in prosecuting the Action based on the large financial losses they have suffered as a result of the wrongful conduct alleged. This motivation,

combined with Movants' identical interest with the members of the Class, demonstrates that they will vigorously pursue the interests of the Class. *See Parker v. Hyperdynamics Corp.*, No. 4:12-CV-999, 2013 U.S. Dist. LEXIS 21767, at \*9 (S.D. Tex. Feb. 19, 2013) (losses suffered ensure lead plaintiff will adequately represent absentee class members). Finally, Movants retained counsel highly experienced in prosecuting securities class actions, and will submit their choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). *See id.* (selection of "law firms that are competent at and experienced in prosecuting securities class actions" evidence of adequacy). Therefore, Movants will prosecute the Action vigorously on behalf of the Class.

Accordingly, at this stage of the proceedings, Movants have made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfy 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). In addition, because Movants have sustained the largest amount of losses from the Defendants' alleged wrongdoing, they are, therefore, the presumptive Co-Lead Plaintiffs in accordance with 15 U.S.C. § 78u-4(3)(B)(iii)(I), and should be appointed as such to lead the Action.

Moreover, Movants have submitted a Joint Declaration, attesting to, *inter alia*, their education history, occupation, and investment experience, as well as to their understanding of the strength of this case, the responsibilities and duties of serving as a lead plaintiff, their shared desire to obtain the best result for the Class, and the steps that they will take to supervise this litigation. *See* Joint Declaration, Ex. D to Sponsel Decl. Accordingly, Movant meets the adequacy requirement of Rule 23.

## II.    The Court Should Approve Movants' Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject to the court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Thus, a court should interfere with the lead

plaintiff's selection "only when necessary 'to protect the interests of the class.'" *Hohenstein v. Behringer Harvard REIT I, Inc.*, No. 12-cv-3772, 2012 WL 6625382, at *3 (N.D. Tex. Dec. 20, 2012). Movants have retained Levi & Korsinsky to serve as lead counsel and SMG to serve as liaison counsel on behalf of the Class. As reflected in the accompanying firm résumés, Levi & Korsinsky and SMG possess extensive experience and expertise in securities litigation and have the necessary resources to efficiently and effectively prosecute the Action. *See* Sponsel Decl., Ex. E. Furthermore, these firms have continually invested time and resources in carefully investigating and prosecuting this case. The Court may be assured that the proposed lead and liaison counsel will provide the highest caliber of legal representation.

## CONCLUSION

For the foregoing reasons, Movants respectfully request that the Court grant their motion and enter an Order: (1) appointing Movants as Co-Lead Plaintiffs in the Action; (2) approving Movants' selection of Levi & Korsinsky as lead counsel and SMG as liaison counsel for the Class; and (3) granting such other and further relief as the Court may deem just and proper.

Dated: February 10, 2025

Respectfully submitted,

**SPONSEL   MILLER   GREENBERG   PLLC**
*/s/ Thane Tyler Sponsel III*
Thane Tyler Sponsel III
Texas Bar No.: 24056361
50 Briar Hollow Lane, Suite 370 W
Houston, Texas 77027
Telephone: (713) 892-5400
Facsimile: (713) 892-5401
Email: sponsel@smglawgroup.com

*Liaison Counsel for Steve E. Pello and David Bohn, and Proposed Liaison Counsel the Class*

9

**LEVI & KORSINSKY, LLP**
Adam M. Apton (*pro hac vice* forthcoming)
33 Whitehall Street, 17th Floor
New York, NY 10004
Tel.: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Counsel for Steve E. Pello and David Bohn, and
Proposed Lead Counsel for the Class*

10

## CERTIFICATE OF SERVICE

I hereby certify that on this day, February 10, 2025, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/ Thane Tyler Sponsel III*
Thane Tyler Sponsel III

11