**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

|  |  |
|---|---|
| STEPHEN CROCKER, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>v.<br><br>CASSAVA SCIENCES, INC., RICHARD JON BARRY, and JAMES W. KUPIEC,<br><br>        Defendants. | Case No. 1:24-CV-1525<br><br><u>CLASS ACTION</u><br><br>**MEMORANDUM IN SUPPORT OF JESSE VESTAL'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPOINTMENT OF LEAD COUNSEL** |

**TABLE OF CONTENTS**

I.    INTRODUCTION .................................................................................................... 4

II.   FACTUAL BACKGROUND .................................................................................. 5

III.  ARGUMENT .......................................................................................................... 7

  A.   MR. VESTAL SHOULD BE APPOINTED LEAD PLAINTIFF ........................................ 7

    1.   Mr. Vestal's Motion Is Timely ...................................................................... 9

    2.   Mr. Vestal Has a Substantial Financial Interest In The Relief Sought By The Class..... 9

    3.   Mr. Vestal is Typical and Adequate of the Class.............................................. 9

  B.   THE COURT SHOULD APPROVE MR. VESTAL'S SELECTION OF COUNSEL .......................... 10

IV.  CONCLUSION...................................................................................................... 12

## TABLE OF AUTHORITIES

**Cases**

*Amberber v. EHang Holdings Ltd.*, 2022 WL 409096, (S.D.N.Y. Feb. 10, 2022)....................... 12

*Bardaji v. Match Grp., Inc.*, 2023 WL 3624774, (D. Del. May 24, 2023).................................. 12

*Blake v. Canoo Inc.*, 2022 WL 599504 (C.D. Cal. Feb. 18, 2022)............................................... 12

*Bremer v. Solarwinds Corp.,* 2021 WL 2668827 (W.D. Tex. Mar. 11, 2021) ............................. 10

*Giovagnoli v. GlobalSCAPE, Inc.*, 2017 WL 11220692 (W.D. Tex. Nov. 6, 2017).................... 10

*In re BP, PLC Sec. Litig.,* 758 F. Supp. 2d 428 (S.D. Tex. 2010 .................................................. 10

*In re Cassava Scis., Inc. Sec. Litig.,* 342 F.R.D. 413 (W.D. Tex. 2022) ...................................... 10

*Li v. Spirit AeroSystems Holdings, Inc.*, 2023 WL 6938285 (S.D.N.Y. Oct. 20, 2023)............... 12

*Patel v. Reata Pharms., Inc.*, 549 F. Supp. 3d 559 (E.D. Tex. 2021)........................................... 11

*Sgalambo v. McKenzie,* 268 F.R.D. 170 (S.D.N.Y. 2010) ............................................................ 12

*Welsh v. Navy Fed. Credit Union*, 2018 WL 7283639 (W.D. Tex. Aug. 20, 2018).................... 10

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B)........................................................................................................... 3, 7

15 U.S.C. § 78u-4(a)(3)(B).............................................................................................................. 3

15 U.S.C. § 78u-4(a)(3)(B)(iii)....................................................................................................... 3

15 U.S.C. §§ 78j(b)........................................................................................................................... 3

15 U.S.C. §§ 78t(a))......................................................................................................................... 3

15 U.S.C. §78u-4(a)(1) .................................................................................................................... 7

15 U.S.C. §78u-4(a)(3)(A)(i)........................................................................................................... 7

15 U.S.C. §78u-4(a)(3)(B)(i) ....................................................................................................... 3, 7

15 U.S.C. §78u-4(a)(3)(B)(iii)........................................................................................................ 3

15 U.S.C. §78u-4(a)(3)(B)(iii)(I) ................................................................................................ 8

15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc) ......................................................................................... 8

15 U.S.C. §78u-4(a)(3)(B)(v) .............................................................................................. 4, 10

17 C.F.R. § 240.10b-5 ................................................................................................................ 3

Jesse Vestal ("Mr. Vestal") submits this memorandum of law in support of his motion for: (1) appointment as Lead Plaintiff for the Class under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B); (2) approval of his selection of Block & Leviton LLP ("Block & Leviton") and Holzer & Holzer, LLC ("Holzer") as Co-Lead Counsel for the Class; and (3) granting any other relief that the Court may deem just and proper.

## I.    INTRODUCTION

Currently pending before this Court is a securities class action brought on behalf of investors who purchased or otherwise acquired securities of Cassava Sciences, Inc. ("Cassava" or the "Company") between February 7, 2024 to November 24, 2024 inclusive (the "Class Period"), against Defendants for violations of the Securities Exchange Act of 1934 (the "Exchange Act") as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).

The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). The PSLRA requires the Court to appoint as lead plaintiff the movant who: (1) makes a timely motion under the PSLRA's sixty-day deadline; (2) asserts the largest financial interest in the litigation; and (3) satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).

Mr. Vestal submits that he is the presumptively "most adequate plaintiff" under the PSLRA and should be appointed Lead Plaintiff. Mr. Vestal filed a timely motion, has the largest known financial interest in the relief sought by the Class, his claims are typical of all members of the Class, and he will fairly and adequately represent the Class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).

4

In addition, Mr. Vestal's selection of Block & Leviton and Holzer, counsel with extensive experience prosecuting complex securities class actions, as Co-Lead Counsel for the Class is reasonable and should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.   FACTUAL BACKGROUND

Cassava is a clinical stage biotechnology company that specializes in the development of drugs for neurodegenerative diseases. ¶19.[1] The Company allegedly misleadingly communicated confidence about their leading drug candidate, simufilam, a proposed treatment for mild to moderate Alzheimer's disease. ¶20.

On February 7, 2024, Cassava issued a press release announcing the results of a Phase II study of simufilam. ¶21. Along with the published results, then-President and CEO Remi Barbier touted that "[s]table ADAS-Cog scores over 2 years is clearly a desirable clinical outcome in Alzheimers." ¶23. Three months later, on May 10, 2024, Cassava published its Q1FY24 financial results and provided clinical updates on the ongoing Phase 3 trials, including reiterating that the studies were fully enrolled and that over 700 patients had completed one of the two studies. ¶25. The Company also noted an open-label extension study that they claimed "[a]pproximately 90% of patients who've completed treatment in a Phase 3 study have opted to enter." *Id.*

On July 30, 2024, Cassava announced the extension of its open-label trials in its ongoing Phase 2 and Phase 3 programs, allowing patients from previous trials to continue treatment with simufilam. ¶29. The Company highlighted that approximately 89% of patients in the Phase 3 program chose to continue open-label treatment, indicating positive responses to the drug. ¶30.

---

[1] Citations to "¶__" refer to paragraphs of the Complaint, *Stephen Crocker v. Cassava Sciences, Inc., et al.*, No. 1:24-CV-1525 (W.D. Tex. Dec. 12, 2024), ECF No. 1.

On August 8, 2024, Cassava published their "Q2 2024 Financial Results and Operational Updates" and conducted a corresponding earnings call, during which CEO Barry expressed confidence in simufilam's success in Phase 3. ¶31. He stated, in part, "[n]ow we must plan for success . . . We have to plan for Cassava's successful transition from a development stage company to a commercial enterprise . . ." *Id.* Dr. James W. Kupiec, Cassava's Chief Medical Officer, also spoke, stating that "some 89% of patients have elected to [enroll in the open-label extension study] . . . the data from the 24-month open-label Phase II safety study was remarkable in that patients with mild dementia apparently had no significant decline during that 2-year treatment period. If this is true and replicated in Phase III, it would represent an exceptional achievement in a significant event in the field." ¶32.

On September 24, 2024, Cassava presented at the H.C. Wainwright Conference, during which CEO Barry spoke about the Company's excitement about the future results of the first Phase 3 study for simufilam, stating in part that "what we've seen so far, phase 2 results . . . was, you know, very impressive. . . And what was persuasive about that trial . . . at the end of 2 years the mild patients in the trial showed virtually no cognition decline." ¶35.

On October 8, 2024, Cassava published "An Open Letter from President and CEO Rick Barry to the Cassava Community," during which CEO Barry reiterated the significance of the Phase 2 safety study and reinforced the purportedly solid basis for simufilam as a treatment for Alzheimer's. ¶36. He also emphasized the high rates of enrollment in the open-extension trial. *Id*. On November 7, 2024, Cassava published their third quarter fiscal year 2024 results. ¶37. During the same-day earnings call, CEO Barry stated that "[w]e remain optimistic that we will see promising data that could ultimately lead to a best-in-class treatment for Alzheimer's . . ." *Id*.

6

The Complaint alleges that, throughout the Class Period, Defendants made false and misleading statements that communicated confidence in simufilam's potential to treat Alzheimer's disease. ¶42. Defendants allegedly created the false impression that they possessed reliable information pertaining to the Company's anticipated growth by highlighting statistically insignificant Phase 2 results, patient-initiated enrollment in the open-label expansion studies, and ambitious plans for the company's future based on successful Phase 3 outcome, with no substantive plan for addressing the potential failure of the drug. *Id.*

Investors learned the truth about simufilam's future success when Cassava released the topline results from one of the Phase 3 studies on November 25, 2024. ¶39. The results revealed that simufilam failed to meet any of the pre-specified co-primary, secondary, or exploratory biomarker endpoints for mild to moderate Alzheimer's disease. *Id.* CEO Barry spoke to the results, stating that "[w]e have made the difficult decision to discontinue ReFocus-ALZ [the second Phase 3 study], given the nature of today's reported results . . . We will also be discontinuing the Open Label Extension study." ¶40. The price of Cassava's common stock declined dramatically, reflecting investors' immediate reaction to the Company's revelation. ¶43. From a closing market price of $26.48 per share on November 22, 2024, Cassava's stock price fell to $4.30 per share on November 25, 2024, a decline of about 83.76% in the span of just a single day. *Id.*

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of Cassava's securities, Mr. Vestal and other Class members have suffered significant losses and damages.

## III.    ARGUMENT

### A.  Mr. Vestal Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising class members "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(A)(i). The statutory notice in this action was published on December 12, 2024. *See* Declaration of Bruce Steckler in Support of Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel, Ex. A ("Steckler Decl.").

Next, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member of the class the Court determines to be most capable of adequately representing the interests of other class members. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA also provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that:

(aa) has either filed the complaint or made a motion in response to a notice [published by a complainant];

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

Mr. Vestal meets these requirements and should therefore be appointed Lead Plaintiff.

8

### 1.  Mr. Vestal's Motion Is Timely

The statutory notice published on December 12, 2024 advised Class members of the pendency of the action, the claims asserted, the proposed Class Period, and the right to move the Court to be appointed as lead plaintiff by February 10, 2025. *See* Steckler Decl., Ex. A. Because Mr. Vestal's motion has been filed by the statutory deadline, he is eligible for appointment as lead plaintiff.

### 2.  Mr. Vestal Has a Substantial Financial Interest In The Relief Sought By The Class

As evidenced by his certification and loss chart, Mr. Vestal purchased significant amounts of Cassava securities and suffered approximately $86,472.02 in losses as a result of Defendants' violations of the federal securities laws. *See* Steckler Decl., Ex. B, Ex. C. To the best of Mr. Vestal's counsel's knowledge, there are no other plaintiffs with a larger financial interest.

### 3.  Mr. Vestal is Typical and Adequate of the Class

In addition to possessing a significant financial interest, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). At this stage of the litigation, only a "preliminary showing" of typicality and adequacy is required. *In re Cassava Scis., Inc. Sec. Litig.,* 342 F.R.D. 413, 417 (W.D. Tex. 2022) ("'Potential lead plaintiffs need not submit evidentiary proof of typicality or adequacy' to make a preliminary showing.") (quoting *In re BP, PLC Sec. Litig.,* 758 F. Supp. 2d 428, 435 (S.D. Tex. 2010)). The typicality requirement is satisfied where "the representative plaintiff's claims arise out of the same event or course of conduct as the other proposed class members, or are based on the same legal theory." *Welsh v. Navy Fed. Credit Union*, 2018 WL 7283639, at *6 (W.D. Tex. Aug. 20, 2018) (citations and quotations omitted). Assessing adequacy requires examining the "zeal and competence of the representative's counsel, and [the] willingness and ability of the representative to take an active

role in and control the litigation to protect the interests of absentees." *Giovagnoli v. GlobalSCAPE, Inc.*, 2017 WL 11220692, at \*3 (W.D. Tex. Nov. 6, 2017).

Here, Mr. Vestal's claims are typical of those of the Class because – like all Class members – he purchased Cassava securities during the Class Period, suffered damages as a result of Defendants' false and misleading statements, and possesses claims against Cassava and the Individual Defendants under the Exchange Act. *See, e.g., Bremer v. Solarwinds Corp.,* 2021 WL 2668827, at \*2 (W.D. Tex. Mar. 11, 2021) (Pitman, D.J.).

Mr. Vestal is also adequate because his interests in the action are squarely aligned with the interests of the other members of the Class. Mr. Vestal is highly incentivized to maximize the recovery for all Class members harmed by Defendants' misrepresentations and omissions based on, among other things, the substantial losses that he suffered. *See, e.g., Patel v. Reata Pharms., Inc.*, 549 F. Supp. 3d 559, 570 (E.D. Tex. 2021) (adequacy demonstrated in part by movant's declared "strong desire to prosecute these actions on behalf of the class").

As set forth in greater detail below, Mr. Vestal's adequacy is bolstered by his hiring of Block & Leviton and Holzer – highly qualified counsel with significant success prosecuting federal securities class actions – to serve as co-lead counsel. Moreover, Mr. Vestal fully understands the obligations of a lead plaintiff to absent Class members under the PSLRA and is willing and able to undertake the responsibilities of lead plaintiff in this litigation to ensure vigorous and efficient prosecution. Accordingly, Mr. Vestal readily satisfies the adequacy requirement.

Because Mr. Vestal filed a timely motion, believes he has the largest financial interest in the relief sought by the Class, and demonstrated his preliminary typicality and adequacy, the Court should adopt the presumption that Mr. Vestal is the "most adequate" plaintiff.

**B.  The Court Should Approve Mr. Vestal's Selection of Counsel**

10

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Mr. Vestal has selected Block & Leviton and Holzer as co-lead counsel. Both firms have substantial experience in the prosecution of shareholder and securities class actions. Steckler Decl., Ex. D, Ex. E.

As noted by one district court,

While I recognize that each counsel is well qualified, I am particularly persuaded by [Block & Leviton's] experience in large securities class actions, such as its representation of plaintiffs in *In re BP Securities Litigation*, (S.D. Tex.), *In re Google Inc. Class C Shareholder Litig.* (Del. Ch. Ct.), and *In re Volkswagen "Clean Diesel" Marketing, Sales and Products Liability Litigation* (N.D. Cal.). I find the experience garnered from such representations will benefit the shareholder in this suit.

*Thieffry v. Synchronoss Tech., Inc.*, No. 3:17-cv-07173-FLW-LHG (D.N.J. 2018) (ECF No. 21). Courts across the country have likewise recognized Block & Leviton's adequacy and appointed the firm as lead counsel. *See e.g.*, *Amberber v. EHang Holdings Ltd.*, 2022 WL 409096, at *5 (S.D.N.Y. Feb. 10, 2022) ("Block & Leviton LLP can capably represent the class here, given the firm's experience in litigating class action lawsuits."); *Bardaji v. Match Grp., Inc.*, 2023 WL 3624774, at *3 (D. Del. May 24, 2023) (noting that Block & Leviton "has substantial experience in securities fraud litigation [and] has obtained a significant number of sizeable settlements in these cases over the years.").

Holzer also has substantial experience in the prosecution of shareholder and securities class actions. *See, e.g., Sgalambo v. McKenzie,* 268 F.R.D. 170, 174 (S.D.N.Y. 2010) (describing Holzer as a "highly competent [plaintiff's firm] with substantial securities class action experience"); *Blake v. Canoo Inc*., 2022 WL 599504, at *4 (C.D. Cal. Feb. 18, 2022) (characterizing Holzer as "counsel with experience in the prosecution of securities class actions."); *Li v. Spirit AeroSystems Holdings, Inc.*, 2023 WL 6938285, at *3 (S.D.N.Y. Oct. 20, 2023) (reviewing Holzer's background and experience and finding the firm "well qualified to serve as class co-counsel.")

11

Accordingly, Mr. Vestal's selection of Block & Leviton and Holzer as co-lead counsel is reasonable and should be approved.

## IV.    CONCLUSION

For the foregoing reasons, Mr. Vestal respectfully requests that the Court: (1) appoint Mr. Vestal as Lead Plaintiff; (2) approve his selection of Block & Leviton LLP and Holzer & Holzer, LLC as Co-Lead Counsel; and (3) grant such other relief as the Court may deem just and proper.

DATED: February 10th, 2025

Respectfully submitted,

*/s/ Bruce W. Steckler*
Bruce W. Steckler
**STECKLER WAYNE & LOVE PLLC**
12720 Hillcrest Road
Dallas, Texas 75230
(972) 837-4040 phone
bruce@stecklerlaw.com

*Liaison Counsel for Movant Jesse Vestal*

*/s/ Jeffrey C. Block*
Jeffrey C. Block
Jacob A. Walker
**BLOCK & LEVITON LLP**
260 Franklin Street, Suite 1860
Boston, Massachusetts 02110
(617) 398-5600 phone
jeff@blockleviton.com
jake@blockleviton.com

*Counsel for Movant Jesse Vestal and Proposed Co-Lead Counsel for the Class*

*/s/ Corey D. Holzer*
Corey D. Holzer
**HOLZER & HOLZER LLC**
211 Perimeter Center Parkway, Suite 1010
Atlanta, Georgia 30346
(770) 392-0090 phone
cholzer@holzerlaw.com
*Counsel for Movant Jesse Vestal and Proposed Co-Lead Counsel for the Class*

12

**CERTIFICATE OF SERVICE**

I, Bruce W. Steckler, hereby certify that on February 10, 2025, I authorized a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such public filing to all counsel registered to receive such notice.

*/s/ Bruce W. Steckler*
BRUCE W. STECKLER
*Liaison Counsel for Movant Jesse Vestal*

13