**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

|  |  |
|---|---|
| STEPHEN CROCKER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CASSAVA SCIENCES, INC., RICHARD JON BARRY, and JAMES W. KUPIEC,<br><br>Defendants. | Case No.: 1:24-cv-01525-RP<br><br>CLASS ACTION |

**MEMORANDUM OF LAW IN SUPPORT OF STEVEN DESIMONE'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL**

00828392;V1

Movant Steven DeSimone ("DeSimone") respectfully submits this memorandum of law in support of his motion for appointment as Lead Plaintiff, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and approval of his selection of Bernstein Liebhard LLP ("Bernstein Liebhard") as Lead Counsel and George Brothers Kincaid & Horton, L.L.P. ("GBK&H") as Liaison Counsel for the proposed Class.[1]

## PRELIMINARY STATEMENT

Presently pending in this District is the above-captioned securities class action lawsuit (the "Action") alleging violations of the Exchange Act against Defendants. The Action is brought on behalf of all persons or entities (the "Class") that purchased the securities of Cassava Sciences, Inc. ("Cassava" or the "Company") between February 7, 2024 and November 24, 2024, inclusive (the "Class Period").

Under the PSLRA, class action complaints alleging violations of the Exchange Act trigger statutory requirements for selecting the most adequate plaintiff to lead the action (the "Lead Plaintiff"). The presumptive lead plaintiff is the movant that has both the largest financial interest in the litigation and has made a *prima facie* showing that he or she is a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure.

---

[1] DeSimone's counsel is aware of Local Court Rule CV-7.G's conferral requirement before filing any motion. However, because of the PSLRA's procedure whereby any "purported class member . . . including any motion by a class member who is not individually named as a plaintiff in the complaint" may file a motion for appointment as lead plaintiff no later than 60 days following published notice of the complaint's filing, 15 U.S.C. §78u-4(a)(3)(B)(i), DeSimone does not know what other class members, if any, will seek appointment as lead plaintiff and will not know until after all movants have filed their motions on February 10, 2025. Thus, DeSimone respectfully requests that the conferral requirement be waived in this instance.

As set forth more fully herein, DeSimone satisfies these requirements and should be appointed as Lead Plaintiff. DeSimone is 53 years old, lives in Burien, Washington, has been investing for 20 years, and owns a construction company. DeSimone lost $87,312 on his transactions in Cassava securities. DeSimone believes that his loss constitutes the largest financial interest in the Action. DeSimone's substantial financial interest will ensure his vigorous prosecution of the Class's claims. DeSimone also satisfies Federal Rules 23(a)(3) and (a)(4), as his claims are typical of the claims of the Class, he has no interests that are antagonistic to the Class, and he will fairly and adequately represent the interests of the Class. Additionally, DeSimone has selected experienced and qualified counsel that can adequately represent the Class.

Accordingly, for the reasons discussed below, DeSimone respectfully requests that the Court grant his motion to be appointed as Lead Plaintiff and approve his selection of Bernstein Liebhard as Lead Counsel and GBK&H as Liaison Counsel.

## SUMMARY OF ALLEGATIONS

Defendants allegedly provided investors with material information concerning Cassava's leading drug candidate, simufilam. Among other things, Defendants expressed clear confidence in simufilam's ability to treat Alzheimer's Disease through the promotion of statistically insignificant phase 2 results and patient-elected enrollment in the open-label expansion studies. Defendants also presented detailed plans for the future of the Company upon the conclusion of successful Phase 3 studies showing the effectiveness of simufilam – but had no detailed plan for the alternative scenario arising out of the drug's failure.

On November 25, 2024, Cassava released topline results for the first of its two ongoing Phase 3 studies on simufilam, the "ReThink-ALZ" study. The results indicated that simufilam failed to meet each of the pre-specified primary, secondary, and exploratory endpoints; in sum, simufilam failed to outperform the placebo.

00828392;V1                                          2

On this news, the price of Cassava's common stock declined from a closing market price of $26.48 per share on November 22, 2024, to $4.30 per share on November 25, 2024, a decline of over 83%.

**ARGUMENT**

**I.    THE COURT SHOULD APPOINT DESIMONE AS LEAD PLAINTIFF**

**A.    The Procedure Required by the PSLRA**

The PSLRA establishes a straightforward sequential procedure for selecting a Lead Plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  Sections 21D(a)(1) and (a)(3)(B), 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B).

First, the plaintiff who files the initial action must publish a notice (the "Early Notice") to the class within 20 days of filing the action informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as Lead Plaintiff within 60 days after publication of the Early Notice. 15 U.S.C. § 78u-4(a)(3)(A)(i). Second, the PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by putative class members in response to an Early Notice by the later of: (i) 90 days after publication of the Early Notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). Finally, in considering any motion to serve as Lead Plaintiff, the Court "shall appoint as lead plaintiff" the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i).

The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" is the person that:

i)    has either filed the complaint or made a motion in response to an Early Notice;

ii)    in the determination of the court, has the largest financial interest in the relief sought by the class; and

iii)     otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

This presumption "may be rebutted only upon proof" by a putative class member that the presumptively most adequate plaintiff: (1) "will not fairly and adequately protect the interests of the class"; or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth herein, DeSimone meets the foregoing criteria, and is therefore entitled to the presumption of being the "most adequate plaintiff" of the Class.

### B.      DeSimone Is the Most Adequate Lead Plaintiff

DeSimone respectfully submits that he is presumptively the "most adequate plaintiff" because he has made a motion in response to the Early Notice, believes that he has the largest financial interest in the relief sought by the Class, and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

#### 1.      DeSimone's Motion is Timely

On December 12, 2024, the Early Notice was published. *See* Declaration of Joseph R. Seidman, Jr. ("Seidman Decl."), Ex. A.  Accordingly, putative class members had until February 10, 2025 to file their lead plaintiff motions.  *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II) ("not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class").

DeSimone has timely filed his motion in response to the Early Notice. Additionally, he has filed a sworn certification, pursuant to 15 U.S.C. § 78u-4(a)(2)(A), attesting to his review of the complaint in the Action and his willingness to serve as a representative of the Class, including

providing testimony at deposition and trial, if necessary. *See* Seidman Decl., Ex. B. Accordingly, DeSimone satisfies the first requirement to serve as Lead Plaintiff for the Class.

### 2. DeSimone Believes That He Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" is the plaintiff or movant with "the largest financial interest in the relief sought by the class" who "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). *See also Bremer v. Solarwinds Corporation*, 2021 WL 26688272, at *1 (W.D. Tex. Mar. 11, 2021); *Giovagnoli v. GlobalSCAPE, Inc.*, 2017 WL 11220692, at *3 (W.D. Tex. Nov. 6, 2017).

DeSimone lost $87,312 in connection with his transactions in Cassava securities. *See* Seidman Decl., Ex. C. DeSimone is not aware of any other movant that has a greater financial interest than him in this litigation. Accordingly, DeSimone believes that he has the largest financial interest in this litigation.

### 3. DeSimone Meets the Requirements of Fed. R. Civ. P. 23

"At this stage of the litigation, in determining whether a movant is the presumptive lead plaintiff under the PSLRA, only a *prima facie* showing that the requirements of Rule 23 are met is necessary." *Topping v. Deloitte Touche Tohmatsu CPA*, 95 F. Supp. 3d 607, 623 (S.D.N.Y. 2015). DeSimone satisfies the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure, which are "the only [Rule 23] provisions relevant to a determination of lead plaintiff under the PSLRA." *Id*.

### i. DeSimone's Claims Are Typical of Those of the Class

A lead plaintiff movant is typical of other proposed class members under Rule 23 where all members of the class purchased securities at issue during the relevant period and alleged they were subjected to the same false and misleading statements. *Hohenstein v. Behringer Harvard*

*REIT 1, Inc.,* No. 3:12-CV-3772-G, 2012 WL 6625382, at *4 (N.D. Tex. Dec. 20, 2012). DeSimone's claims are typical of the Class in that he: (i) suffered the same injuries as a result of the same, or substantially the same, course of conduct by the named defendants; and (ii) bases his claims on the same, or substantially the same, legal theories as the Class. *See Bremer,* 2021 WL 266882272, at *2 ("adequacy and typicality requirements of Rule 23" satisfied where proposed lead plaintiff's "claims and those of all other class members [arose] from the same course of events, and their legal arguments to prove Defendants' liability are virtually identical").

Here, the questions of law and fact common to the members of the Class and which may affect individual Class members include whether:

- Defendants violated the federal securities laws; and

- the members of the Class sustained damages and, if so, what is the proper measure of damages.

These questions apply equally to DeSimone as to all members of the Class. Since DeSimone's claims have the same essential characteristics as those of the other Class members, the typicality requirement is satisfied.

### ii. DeSimone Will Fairly and Adequately Protect the Interests of the Class

The adequacy requirement, in turn, is satisfied where: "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the class members' interests are not antagonistic to one another; and (3) the plaintiff has sufficient interest in the outcome of the case to ensure vigorous advocacy." *Brody v. Zix Corp.,* No. 3:04-CV-1931-K, 2005 WL 8158375, at *8 (N.D. Tex. July 11, 2005). *See also Bremer,* 2021 WL 266882272, at *2.

DeSimone is an adequate Lead Plaintiff. DeSimone and the other members of the Class have the same interest: to maximize the recovery from Defendants as a result of the alleged fraud.

Because of DeSimone's substantial financial stake in the litigation, Class members can be assured that DeSimone has the incentive to vigorously prosecute the claims.

DeSimone has further demonstrated his adequacy through his selection of Bernstein Liebhard as Lead Counsel and GBK&H as Liaison Counsel for the proposed Class. *See In re Dynegy, Inc. Securities Litig.,* 226 F.R.D. 263, 269 (S.D. Tex. 2004) ("The adequacy requirement [also] mandates an inquiry into [] the zeal and competence of the representative's counsel…") As discussed more fully below, these firms are highly qualified and experienced in the areas of securities class action litigation.

## II.    THE COURT SHOULD APPROVE DESIMONE'S CHOICE OF COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel, subject to court approval.  15 U.S.C. § 78u-4(a)(3)(B)(v).

Bernstein Liebhard has extensive experience prosecuting complex securities class actions, such as this one, and is well qualified to represent the Class. *See* Seidman Decl., Ex. D (Firm Résumé of Bernstein Liebhard).  Bernstein Liebhard has frequently been appointed as Lead Counsel or Co-Lead Counsel in securities class action lawsuits since the passage of the PSLRA and has frequently appeared in major actions in numerous courts throughout the country and in this district.  Some of the firm's most recent Lead Counsel appointments include *Indiana Public Retirement System v. Rivian Automotive, Inc.*, Case No. 2:24cv04556 (C.D. Cal.); *Zerbato v. AlloVir, Inc.*, Case No. 1:24cv10152 (D. Mass.); *Teroganesian v. Southwest Airlines Co. et al.*, Case No. 4:23cv00115 (S.D. Tex.); *In re Origin Materials, Inc. Securities Litigtion*, Case No. 2:23-cv-01816 (E.D. Cal.); *Ouranitsas v. Tupperware Brands Corporation et al.*, Case No. 6:23cv00511 (M.D. Fla.); *Saye v. NIO Inc. et al.*, Case No. 1:22cv07252 (S.D.N.Y.); *In re IronNet, Inc. Securities Litigation*, No. 1:22-cv-00449 (E.D. Va.); *Ferreira v. Funko, Inc.*, No. 2:20-cv-02319 (C.D. Cal.); *Valdes v. Kandi Technologies Group, Inc.*, No. 2:20-cv-06042 (E.D.N.Y.);

*Vitiello et al. v. Bed Bath & Beyond, Inc. et al.*, No. 2:20-cv-04240 (D.N.J.); and *In re Stellantis N.V. Securities Litigation*, No. 1:19-cv-06770 (E.D.N.Y.).

The National Law Journal has recognized Bernstein Liebhard for thirteen years as one of the top plaintiffs' firms in the country. In 2022, Bernstein Liebhard was listed for the sixteenth consecutive year in The Legal 500, a guide to the best commercial law firms in the United States, as well as in Benchmark Plaintiff: The Definitive Guide to America's Leading Plaintiff Firms & Attorneys for four consecutive years. Bernstein Liebhard was also selected to the National Law Journal's annual "America's Elite Trial Lawyers" list for three consecutive years.

Some of Bernstein Liebhard's outstanding successes include:

- *In re Beacon Associates Litigation*, No. 09 CIV 0777 (LBS) (AJP) (S.D.N.Y. 2013) ($219 million settlement);

- *In re Fannie Mae Securities Litigation*, No. 04-1639 (FJL) (D.D.C. 2013) ($153 million settlement);

- *In re Tremont Securities Law, State Law and Insurance Litigation*, No. 08-CV-11117 (TPG) (S.D.N.Y. 2011) (settlement in excess of $100 million);

- *In re Marsh & McLennan Companies Securities Litigation*, No. 04-CV-8144 (CM) (S.D.N.Y. 2009) ($400 million settlement);

- *In re Royal Dutch/Shell Transport Securities Litigation*, No. 04-374 (JAP) (D.N.J. 2008) (U.S.-based settlement amounting to $166.6 million);

- *In re Freeport-McMoRan Copper & Gold, Inc. Derivative Litigation*, C.A. No. 8145-VCN (Del. Ch. 2015) ($153.5 million settlement in a shareholder derivative action); and

- *City of Austin Police Retirement System v. Kinross Gold Corp. et al.*, No. 12-CV-01203-VEC (S.D.N.Y. 2012) ($33 million settlement).

Further, Bernstein Liebhard partner Stanley Bernstein served as Chairman of the Executive Committee in In re Initial Public Offering Securities Litigation, No. 21-MC-92 (SAS)

(S.D.N.Y. 2009), one of the largest consolidated securities class actions ever prosecuted, resulting in a $586 million settlement.

Proposed Liaison Counsel GBK&H also has extensive securities class action experience. *See* https://www.gbkh.com.

## CONCLUSION

For the foregoing reasons, DeSimone respectfully requests that this Court: (1) appoint him as Lead Plaintiff; and (2) approve his selection of Bernstein Liebhard as Lead Counsel and GBK&H as Liaison Counsel for the proposed Class.

Dated: February 10, 2025                              Respectfully submitted,

**GEORGE BROTHERS KINCAID &
HORTON, L.L.P.**

*/s/ B. Russell Horton*
B. Russell Horton
625 Norwood Tower
114 West 7th St
Austin, TX 78701
Telephone: (512) 495-1400
Facsimile: (512) 499-0094
Email: rhorton@gbkh.com

*Liaison Counsel for DeSimone and Proposed
Liaison Counsel for the Proposed Class*

**BERNSTEIN LIEBHARD LLP**
Laurence J. Hasson
Joseph R. Seidman, Jr.
10 East 40th Street
New York, NY 10016
Telephone: (212) 779-1414
Facsimile: (212) 779-3218
Email: lhasson@bernlieb.com
        seidman@bernlieb.com

*Counsel for DeSimone and Proposed Lead
Counsel for the Proposed Class*

00828392;V1                                        9