# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS AUSTIN DIVISION

| | |
|---|---|
| STEPHEN CROCKER, Individually and on Behalf of All Others Similarly Situated, <br><br>　　　　*Plaintiff*, <br><br>　v. <br><br>CASSAVA SCIENCES, INC., RICHARD JON BARRY, and JAMES W. KUPIEC, <br><br>　　　　*Defendants*. | Case No. 24-cv-01525-RP <br><br> The Honorable Robert Pitman |

### MOTION OF ROBERT SMISEK FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF SELECTION OF COUNSEL

Movant Robert Smisek ("Movant"), will and hereby does respectfully move this Court for entry of an Order: (1) appointing Movant as Lead Plaintiff of the above-captioned action pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4; (2) approving Movant's selection of Silver Golub & Teitell LLP to serve as Lead Counsel, and Kreindler & Associates to serve as local counsel for the Class; and (3) granting such other and further relief as the Court may deem just and proper. In support of this Motion, Movant makes the following arguments in the below Memorandum of Law, and submits the Declaration of Mitchell R. Kreindler in support thereof. A Proposed Order also accompanies this motion.

## COMPLIANCE WITH LOCAL RULE CV-7(i)

Local Rule CV-7(g) requires a conference of counsel prior to filing non-dispositive motions. Pursuant to the PSLRA, however, any class member, regardless of whether that class member filed a complaint, may file a motion for appointment as lead plaintiff. Thus, there is no way for Movant to know which other entities or persons plan to move for appointment as lead plaintiff until after all the movants have filed their respective motions. Under these circumstances, Movant respectfully requests that the conferral requirement of LR7(i) be waived.

# **TABLE OF CONTENTS**

I. PRELIMINARY STATEMENT ................................................................................... 1

II. STATEMENT OF FACTS ............................................................................................ 2

III. ARGUMENT ................................................................................................................ 4

    A. Robert Smisek Should be Appointed Lead Plaintiff. ............................................. 4

    B. Robert Smisek Has Filed a Timely Motion. ........................................................... 5

    C. Robert Smisek Has the Largest Financial Interest. ................................................ 5

    D. Robert Smisek Otherwise Satisfies the Requirements of Rule 23. ........................ 6

        1. Robert Smisek's Claims are Typical. ................................................................ 7

        2. Robert Smisek is an Adequate Representative. ................................................ 7

        3. Lead Plaintiffs' Selection of Counsel Should Be Approved. ........................... 7

IV. CONCLUSION ............................................................................................................. 8

## TABLE OF AUTHORITIES

**CASES**

**FEDERAL STATUTES**

Title 15 U.S.C. § 77z.................................................................................................. 1, 4, 6

Title 15 U.S.C. § 77z-1(a)(3)(B)............................................................................... 1, 4, 4, 5

Title 15 U.S.C. § 77z-1(a)(3)(B)(v) .............................................................................. 1, 8

Title 15 U.S.C. § 78u .................................................................................................. 1, 5

Title 15 U.S.C. § 78u-4(a)(3)(B).............................................................................. 1, 4, 4, 5, 8

Title 15 U.S.C. § 78u-4(a)(3)(B)(v)............................................................................. 1, 8

**FEDERAL RULES**

Federal Rules of Civil Procedure Rule 23 ....................................................... 1, 2, 4, 4, 6

Federal Rules of Civil Procedure Rule 23(a)(3) ............................................................ 7

Federal Rules of Civil Procedure Rule 23(a)(4) ............................................................ 7

Robert Smisek ("Movant") respectfully submits this memorandum of law in support of his motion under the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq.,* and 15 U.S.C. § 77z-1 (the "PSLRA") for an Order: (1) appointing the Movant as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B) and 15 U.S.C. § 77z-1(a)(3)(B); (2) approving the Movant's selection of Silver Golub & Teitell LLP as Lead Counsel and Kreindler & Associates as Local Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v) and 15 U.S.C. § 77z-1(a)(3)(B)(v); and (3) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I. PRELIMINARY STATEMENT

This is a federal securities class action on behalf of purchasers of Cassava Sciences, Inc. ("Cassava" or the "Company") securities between February 7, 2024 and November 24, 2024 (the "Class Period") seeking to recover damages against the Company and certain of its top officials ("Defendants") caused by Defendants' violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder.

The PSLRA provides that the Court shall appoint the most adequate plaintiff—*i.e.,* the plaintiff most capable of adequately representing the interests of class members—as lead plaintiff. The PSLRA also provides a presumption that the movant with the largest financial interest in the relief sought by the class who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is the "most adequate plaintiff."

Movant believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on his financial losses suffered as a result of Defendants' wrongful conduct as alleged in this action. In addition, for purposes of this Motion, the Movant

satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other class members' claims, and he is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, the Movant respectfully submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class. Moreover, the Movant's selection of Silver Golub & Teitell LLP ("SGT") as lead counsel and Kreindler & Associates as local counsel should be approved since both firms have substantial expertise in securities class actions and have the experience and resources to efficiently prosecute this action.

## II.     STATEMENT OF FACTS

Cassava is a clinical stage biotechnology company, with a focus on developing drugs for neurodegenerative diseases. Cassava's leading therapeutic candidate is simufilam, a proposed treatment for mild to moderate Alzheimer's Disease. Defendants provided investors with material information concerning simufilam. Defendants' statements included clear confidence in simufilam's ability to treat Alzheimer's Disease, as demonstrated by, *inter alia*:

- A press release issued by Defendants on February 7, 2024 announcing topline results for a Phase II study designed to investigate the safety simufilam as a treatment for Alzheimer's disease dementia. Defendants promoted these Phase II results, despite their statistical insignificance;

- Financial results and clinical updates on the ongoing Phase 3 trials of simufilam published by Cassava on May 10, 2024;

- An announcement from Cassava on July 30, 2024 that patients elected enrollment in the open-label expansion studies; and

- A presentation from Cassava on August 8, 2024 that detailed plans for the future of the company upon the conclusion of successful Phase 3 studies showing the effectiveness of simufilam, but failed to provide any detailed plan for the alternative scenario arising out of the drug's failure.

The Cassava class action complaint alleges that Defendants provided these overwhelmingly positive statements to investors while, at the same time, disseminating materially false and misleading statements and/or concealing material adverse facts concerning the true capabilities of Cassava's drugs. Notably, the Company simply did not have a drug that was capable of abating the progression of Alzheimer's Disease. Such statements absent these material facts caused Plaintiff and other shareholders to purchase Cassava's securities at artificially inflated prices.

As alleged in the Complaint, on November 25, 2024, Cassava released topline results for the first of its two ongoing Phase 3 studies on simufilam, the "ReThink-ALZ" study. The results indicated that simufilam failed to meet each of the pre-specified primary, secondary, and exploratory endpoints; in sum, simufilam failed to outperform the placebo. Investors and analysts reacted immediately to Cassava's revelation. The price of Cassava's common stock declined dramatically. From a closing market price of $26.48 per share on November 22, 2024, Cassava's stock price fell to $4.30 per share on November 25, 2024, a decline of about 83.76% in the span of just a single day. As a result, shareholders, including the Movant, suffered significant financial losses due to the precipitous decline in Cassava's stock value.

**III.     ARGUMENT**

    **A.     Robert Smisek Should be Appointed Lead Plaintiff.**

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. § 78u-4(a)(3)(B); 15 U.S.C. § 77z1(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.,* the plaintiff most capable of adequately representing the interests of the Class—is the class member that: (aa) has either filed the complaint or made a motion in response to a notice . . . ; (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff: (aa) will not fairly and adequately protect the interest of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II). As set forth below, the Movant satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements for appointment as lead plaintiff.

The Movant has, to the best of his knowledge, the largest financial interest in this litigation and meets the relevant requirements of Federal Rule of Civil Procedure 23. In addition, the Movant is not aware of any unique defenses Defendants could raise against him that would render him

4

inadequate to represent the Class. Accordingly, the Movant respectfully submits that he should be appointed lead plaintiff.

### B. Robert Smisek Has Filed a Timely Motion.

The Movant has made a timely motion in response to a PSLRA notice. Pursuant to the PSLRA, notice was published on December 12, 2024, in connection with this action. *See Declaration of Mitchell R. Kreindler* ("Kreindler Decl."), Ex. B. Therefore, the Movant had sixty days (*i.e.,* until February 10, 2025) to file a motion to be appointed as lead plaintiff. As purchasers of Cassava security during the Class Period, the Movant is a member of the proposed class and has timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. *See* 15 U.S.C. § 78u4(a)(3)(B)(iii)(I)(aa); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(aa). Additionally, as set forth in the Movant's PSLRA certifications, the Movant attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as representative of the class. *See Kreindler Decl.,* Ex. A. Accordingly, the Movant satisfies the first requirement to serve as lead plaintiff for the class.

### C. Robert Smisek Has the Largest Financial Interest.

During the Class Period, as evidenced by, among other things, the accompanying signed Certifications and loss charts, the Movant incurred significant losses on Class Period transactions in Cassava securities in reliance upon the materially false and misleading statements issued by Defendants. *See Kreindler Decl.,* Ex. A. The PSLRA requires that courts adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(bb). At the time of this filing, the Movant believes that he has the largest financial interest among Class Members who filed timely applications for appointment

as lead plaintiff and is presumed to be the "most adequate plaintiff." The Movant purchased Cassava securities traceable to the Registration Statement and during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial harm. *See Kreindler Decl.,* Ex. A. To the best of his knowledge, the Movant is not aware of any other Class Member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, the Movant believes he has the "largest financial interest in the relief sought by the Class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the Class.

### D.     Robert Smisek Otherwise Satisfies the Requirements of Rule 23.

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); 15 U.S.C. § 77z1(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a class action may proceed if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. Instead, the Rule 23 evaluation of a lead plaintiff turns on whether the lead plaintiff, "has made a *prima facie* showing that he meets the typicality and adequacy requirements of Rule 23." *Robison v. Digit. Turbine, Inc.*, 2022 WL 17881476, at *8 (W.D. Tex. Dec. 19, 2022).

### 1. Robert Smisek's Claims are Typical.

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as those of the putative class." *Pang v. Levitt,* 2023 WL 11999259, at *3 (W.D. Tex. Mar. 7, 2023).

The Movant's claims are typical of the claims asserted by the proposed members of the Class. Like all members of the Class, the Movants allege that Defendants' material misstatements and omissions concerning Cassava's business, operations, and financial prospects violated the federal securities laws. The Movant, like all members of the Class, purchased Cassava securities in reliance on Defendants' alleged misstatements and omissions and were damaged thereby. Accordingly, the Movant's interests and claims are "typical" of the interests and claims of the Class.

### 2. Robert Smisek is an Adequate Representative.

The adequacy of representation requirement of Fed. R. Civ. P. 23(a)(4) requires "an inquiry into the zeal and competence of the representative's counsel and the willingness and ability of the representatives to take an active role in and control the litigation to protect the interests of absentees*." Schneider v. Natera, Inc.*, 2022 WL 22442715, at *3 (W.D. Tex. July 26, 2022). The Movant has demonstrated this adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and the Movant's financial losses ensure that he has sufficient incentive to provide vigorous advocacy. *See Kreindler Decl.,* Ex. A. The Movant is not aware of any conflict between his claims and those asserted on behalf of the Class. As such, the Movants are well-equipped to represent the class.

### 3. Lead Plaintiffs' Selection of Counsel Should Be Approved.

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); 15 U.S.C. § 77z-1(a)(3)(B)(v). Pursuant to the PSLRA, "lead plaintiffs are entitled to significant discretion in selecting . . . lead counsel." *Brown v. Bilek*, 401 F. App'x 889, 893 (5th Cir. 2010). The Court should not interfere with the lead plaintiff's selection of counsel, unless necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Here, the Movant has selected SGT as lead counsel and Kreindler & Associates as Local Counsel. SGT has successfully recovered billions of dollars in securities fraud and other class actions on behalf of people who were injured. As reflected by the firm's resume, *see Kreindler Decl.*, Ex. C, the Court may be assured that, by granting the Movant's Motion, the Class will receive the highest caliber of legal representation. Accordingly, the Court should approve the Movant's selection of counsel.

### IV.   CONCLUSION

For the foregoing reasons, Robert Smisek respectfully requests that the Court issue an Order: (1) appointing Robert Smisek as Lead Plaintiff for the Class; (2) approving Robert Smisek's selections of SGT as Lead Counsel and Kreindler & Associates as Local Counsel for the Class; and (3) granting such other relief as the Court may deem to be just and proper.

Dated:   February 10, 2025          Respectfully submitted,

/s/Mitchell R. Kreindler
Mitchell R. Kreindler
Kreindler & Associates
6500 River Place Blvd, Bldg 7-250
Austin, TX 78730
Tel: (713) 647-8888
mkreindler@blowthewhistle.com

*Local Counsel for Movants and the Proposed Class*

8

/s/ Ian W. Sloss
Ian W. Sloss (*pro hac vice* forthcoming)
Johnathan Seredynski (*pro hac vice* forthcoming)
SILVER GOLUB & TEITELL LLP
One Landmark Square, Floor 15
Stamford, CT 06901
Tel: (203) 325-4491
isloss@sgtlaw.com
jeredynski@sgtlaw.com

*Counsel for Robert Smisek and Proposed Lead Counsel for the Class*

**CERTIFICATE OF SERVICE**

    I hereby certify that on this day, February 10, 2025, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.


                                              */s/Mitchell R. Kreindler*
                                              Mitchell R. Kreindler