UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

|  |  |
|---|---|
| STEPHEN CROCKER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CASSAVA SCIENCES, INC., RICHARD JON BARRY, and JAMES W. KUPIEC,<br><br>Defendants. | Case No. 1:24-cv-01525-RP |

MOTION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE PÉREZ-COTAPOS FAMILY FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ..................................................................................................... 2

ARGUMENT ......................................................................................................................... 3

    I.    THE PÉREZ-COTAPOS FAMILY SHOULD BE APPOINTED
        LEAD PLAINTIFF .................................................................................................. 3

        A.    The Pérez-Cotapos Family Is Willing to Serve as Class Representative.... 4

        B.    The Pérez-Cotapos Family Has the "Largest Financial Interest"
            in the Action.................................................................................................. 5

        C.    The Pérez-Cotapos Family Otherwise Satisfies the Requirements
            of Rule 23.................................................................................................... 6

        D.    The Pérez-Cotapos Family Will Fairly and Adequately Represent
            the Interests of the Class and Is Not Subject to Unique Defenses .............. 9

    II.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD
        BE APPROVED ...................................................................................................... 10

CONCLUSION..................................................................................................................... 12

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Buettgen v. Harless*,
   263 F.R.D. 378 (N.D. Tex. 2009) ........................................................................................6, 10

*Duncan et. al v. Joy Global Inc.*,
   No. 2:16-cv-1229-pp (E.D. Wis.) ..............................................................................................11

*Giovagnoli v. GlobalSCAPE, Inc.*,
   No. SA-17-CV-753-XR, 2017 WL 11220692 (W.D. Tex. Nov. 6, 2017) ............................6, 8

*Hohenstein v. Behringer Harvard REIT I, Inc.*,
   No. 3:12-CV-3772-G, 2012 WL 6625382 (N.D. Tex. Dec. 20, 2012)......................................7

*In re CBD Energy Limited Securities Litigation*,
   No. 4:15-cv-01668 (S.D. Tex.) ................................................................................................11

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001)......................................................................................................5

*In re Comverse Tech., Inc. Sec. Litig.*,
   No. 06-CV-1825 (NGG) (RER), 2007 WL 680779 (E.D.N.Y. Mar. 2, 2007) ....................5, 11

*In re Flint, Mich. Water Crisis Litigation*,
   No. 16-CV-10444 (E.D. Mich.) ................................................................................................11

*In re Olsten Corp. Sec. Litig.*,
   3 F. Supp. 2d 286 (E.D.N.Y. 1998) ..........................................................................................5

*In re Petrobras Securities Litigation*,
   No. 14-cv-09662 (S.D.N.Y.)................................................................................................10, 11

*In re Spectrum Pharm., Inc. Inc. Sec. Litigation*,
   No. 16-CV-02279 (D. Nev.) ......................................................................................................11

*James v. City of Dallas, Tex.*,
   254 F.3d 551 (5th Cir. 2001) ....................................................................................................7

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
   311 F.R.D. 373 (S.D.N.Y. 2015) ............................................................................................10

*Lax v. First Merchants Acceptance Corp.*,
   Nos. 97 C 2715 *et al.*, 1997 WL 461036 (N.D. Ill. Aug. 6, 1997) ......................................5, 6

ii

*Lerman v. Apple, Inc.*,
    No. 15-CV-07381 (E.D.N.Y.)..............................................................................................11

*M&M Hart Living Trust, et al. v. Global Eagle Entertainment, Inc.*,
    No. 17-cv-1479-PA (C.D. Cal.) ..........................................................................................11

*Mullen v. Treasure Chest Casino, LLC*,
    186 F.3d 620 (5th Cir. 1999) ................................................................................................8

*Ramzan v. GDS Holdings, Ltd.*,
    No. 4:18CV539-ALM-KPJ, 2018 WL 10780485 (E.D. Tex. Oct. 26, 2018)..........................8

*Robison v. Digital Turbine, Inc.*,
    No. 1:22-CV-00550-DAE, 2022 WL 17881476 (W.D. Tex. Dec. 19, 2022)..........................5

*Shiqiang Chen v. NQ Mobile*,
    No. 4:18-CV-00096, 2018 WL 2441589 (E.D. Tex. May 31, 2018).......................................7

*Singh v. 21 Vianet Grp., Inc.*,
    No. 2:14-CV-894-JRG-RSP, 2015 WL 5604385 (E.D. Tex. Sept. 21, 2015)..........................7

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
    589 F. Supp. 2d 388 (S.D.N.Y. 2008)...................................................................................10

**Statutes**

15 U.S.C. § 78u-4 .......................................................................................................... *passim*

Private Securities Litigation Reform Act of 1995 .................................................................. *passim*

Securities Exchange Act of 1934.......................................................................................1, 5, 7

**Rules**

Fed. R. Civ. P. 23.......................................................................................................... *passim*

**TO:    ALL PARTIES AND THEIR COUNSEL OF RECORD**

PLEASE TAKE NOTICE that Carlos Pérez-Cotapos Ugarte, Maria Isable Ureta Bazán, Carlos Pérez-Cotapos Subercaseaux, and Inversiones Ane Miren Limitada (collectively, the "Pérez-Cotapos Family"), by and through their counsel, will and do hereby move this Court, pursuant Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an Order: (1) appointing the Pérez-Cotapos Family as Lead Plaintiff on behalf of a class (the "Class") consisting of all investors who purchased or otherwise acquired Cassava Sciences, Inc. ("Cassava" or the "Company") securities between February 7, 2024 to November 24, 2024, inclusive (the "Class Period"); and (2) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") and Bronstein, Gewirtz & Grossman, LLC ("BG&G") as Co-Lead Counsel and The Briscoe Law Firm, PLLC ("BLF") as Liaison Counsel for the Class.

## PRELIMINARY STATEMENT

The complaint ("Complaint") (Dkt. No. 1) in the above-captioned action (the "Action") alleges that the above-captioned defendants ("Defendants") defrauded investors in violation of the Exchange Act. Cassava investors, including the Pérez-Cotapos Family, incurred significant losses following the disclosures of the alleged fraud, which caused Cassava's share price to fall sharply, damaging the Pérez-Cotapos Family and other Cassava investors.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant or group of movants that possesses the largest financial interest in the outcome of the Action and that satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). During the Class Period, the Pérez-Cotapos Family: (1) purchased 186,285 shares of Cassava common stock and acquired, as a dividend distribution, 2,800 Cassava warrants; (2) expended $4,192,434 on its purchases of Cassava common stock; (3) retained 147,800 of its

1

shares of Cassava common stock; and (4) as a result of the disclosures of the fraud, incurred losses of approximately $2,583,842 calculated on a first-in, first-out ("FIFO") basis, or $2,445,056 calculated on a last-in, first-out ("LIFO") basis, in connection with its Class Period transactions in Cassava securities.  *See* Declaration of Willie C. Briscoe in Support of Motion ("Briscoe Decl."), Exhibit ("Ex.") A.  Accordingly, the Pérez-Cotapos Family believes that it has the largest financial interest in the relief sought in this Action.  Beyond its considerable financial interest, the Pérez-Cotapos Family also meets the applicable requirements of Rule 23 because its claims are typical of those of absent Class members and because it will fairly and adequately represent the interests of the Class.

To fulfill its responsibilities as Lead Plaintiff and vigorously prosecute the Action on behalf of the Class, the Pérez-Cotapos Family has selected Pomerantz and BG&G as Co-Lead Counsel and BLF as Liaison Counsel for the Class.  These firms and their attorneys are highly experienced in the areas of securities litigation and class actions and have successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firms' respective resumes.

Accordingly, the Pérez-Cotapos Family respectfully requests that the Court enter an order appointing the Pérez-Cotapos Family as Lead Plaintiff for the Class and approving its selection of Pomerantz and BG&G as Co-Lead Counsel and BLF as Liaison Counsel for the Class.

## STATEMENT OF FACTS

As alleged in the Complaint in the Action, Defendants provided investors with material information concerning Cassava's leading drug candidate, simufilam. Dkt. No. 1 ¶ 2. Defendants' statements included, among other things, clear confidence in simufilam's ability to treat Alzheimer's Disease through the promotion of statistically insignificant phase 2 results, patient elected enrollment in the open-label expansion studies, and the presentation of detailed plans for

2

the future of the Company upon the conclusion of successful Phase 3 studies showing the effectiveness of simufilam, coupled with the absence of any detailed plan for the alternative scenario arising out of the drug's failure.  *Id.*

Defendants provided these overwhelmingly positive statements to investors while, at the same time, disseminating materially false and misleading statements and/or concealing material adverse facts concerning the true capabilities of Cassava's drugs; notably, that the Company simply did not have a drug that was capable of abating the progression of Alzheimer's Disease. *Id.* ¶ 3.  Such statements absent these material facts caused Plaintiff and other shareholders to purchase Cassava's securities at artificially inflated prices.  *Id.*

On November 25, 2024, Cassava released topline results for the first of its two ongoing Phase 3 studies on simufilam, the "ReThink-ALZ" study.  *Id.* ¶ 4.  The results indicated that simufilam failed to meet each of the pre-specified primary, secondary, and exploratory endpoints; in sum, simufilam failed to outperform the placebo.  *Id.*

Investors and analysts reacted immediately to Cassava's revelation.  *Id.* ¶ 5.  The price of Cassava's common stock declined dramatically.  *Id.*  From a closing market price of $26.48 per share on November 22, 2024, Cassava's stock price fell to $4.30 per share on November 25, 2024, a decline of about 83.76% in the span of just a single day.  *Id.*

<strong>ARGUMENT</strong>

**I.    THE PÉREZ-COTAPOS FAMILY SHOULD BE APPOINTED LEAD PLAINTIFF**

The Pérez-Cotapos Family should be appointed Lead Plaintiff because it has timely filed a motion for appointment as Lead Plaintiff, has the largest financial interest in the Action to its knowledge, and otherwise strongly satisfies the requirements of Rule 23.

3

The PSLRA requires the plaintiff who files an action governed by its provisions to publish a notice (the "Notice") to the class within 20 days of filing the action, informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as lead plaintiff within 60 days after publication of the Notice. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). Additionally, the PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to the Notice and to do so by the later of (1) 90 days after the date of publication, or (2) as soon as practicable after the Court decides any pending motion to consolidate. *See id.* § 78u-4(a)(3)(B).

Pursuant to the PSLRA, the Court "shall appoint" the "most adequate plaintiff" to serve as lead plaintiff. *Id.* § 78u-4(a)(3)(B)(i). The PSLRA provides a "[r]ebuttable presumption" that the "most adequate plaintiff" is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* § 78u-4(a)(3)(B)(iii)(I).

As set forth below, the Pérez-Cotapos Family satisfies all three of these criteria and thus is entitled to the presumption that it is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### A.    The Pérez-Cotapos Family Is Willing to Serve as Class Representative

On December 12, 2024, counsel for plaintiff in the Action caused the statutorily required Notice to be published via *Globe Newswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, announcing that a securities class action lawsuit had been filed against Cassava and other defendants, and advising investors in Cassava securities that they had until February 10, 2025—

4

*i.e.*, 60 days from the date of the Notice's publication—to file a motion to be appointed as lead plaintiff. *See* Briscoe Decl., Ex. B.

The Pérez-Cotapos Family has filed the instant motion pursuant to the Notice, and it has attached sworn Certifications executed by its members attesting that they are willing to serve as representatives for the Class and to provide testimony at deposition and trial, if necessary. *See id.*, Ex. C. Accordingly, the Pérez-Cotapos Family satisfies the first requirement to serve as Lead Plaintiff of the Class.

**B.      The Pérez-Cotapos Family Has the "Largest Financial Interest" in the Action**

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). To the best of its knowledge, the Pérez-Cotapos Family has the largest financial interest of any Cassava investor or investor group seeking to serve as Lead Plaintiff. For claims arising under Section 10(b) of the Exchange Act, courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period (also referred to as "retained shares"); (3) the total net funds expended during the class period; and (4) the approximate losses suffered. Nos. 97 C 2715 *et al.*, 1997 WL 461036, at *5 (N.D. Ill. Aug. 6, 1997). In accord with other courts nationwide,[1] these so-called *Lax* factors have been adopted and routinely applied by courts in the Fifth Circuit, including in this District. *See, e.g.*, *Robison v. Digital Turbine, Inc.*, No. 1:22-CV-00550-DAE, 2022 WL 17881476, at *4 (W.D. Tex. Dec. 19, 2022) (assessing

---

[1] *See, e.g.*, *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 WL 680779, at *7-8 (E.D.N.Y. Mar. 2, 2007).

financial interest under the PSLRA with reference to the *Lax* factors); *Buettgen v. Harless*, 263 F.R.D. 378, 380 (N.D. Tex. 2009) (same). Of the *Lax* factors, courts in the Fifth Circuit, including in this District, tend to emphasize approximate loss in assessing a lead plaintiff movant's financial interest within the meaning of the PSLRA. *See, e.g.*, *Giovagnoli v. GlobalSCAPE, Inc.*, No. SA-17-CV-753-XR, 2017 WL 11220692, at *3 (W.D. Tex. Nov. 6, 2017) ("concentrat[ing] on the approximate losses claimed by each movant to determine which plaintiff has the largest financial interest."); *Buettgen*, 263 F.R.D. at 380-81 (same).

During the Class Period, the Pérez-Cotapos Family: (1) purchased 186,285 shares of Cassava common stock and acquired, as a dividend distribution, 2,800 Cassava warrants; (2) expended $4,192,434 on its purchases of Cassava common stock; (3) retained 147,800 of its shares of Cassava common stock; and (4) as a result of the disclosures of the fraud, incurred losses of approximately $2,583,842 calculated on a FIFO basis, or $2,445,056 calculated on a LIFO basis, in connection with its Class Period transactions in Cassava securities. *See* Briscoe Decl., Ex. A. To the extent that the Pérez-Cotapos Family possesses the largest financial interest in the outcome of this litigation, it is the presumptive "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

C.    **The Pérez-Cotapos Family Otherwise Satisfies the Requirements of Rule 23**

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, lead plaintiffs must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

"In making its determination that a proposed Lead Plaintiff satisfies the requirements of Rule 23, a court need not raise its inquiry to the level required in ruling on a motion for class certification; instead a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient." *Hohenstein v. Behringer Harvard REIT I, Inc.*, No. 3:12-CV-3772-G, 2012 WL 6625382, at *2 (N.D. Tex. Dec. 20, 2012); *see also Singh v. 21 Vianet Grp., Inc.*, No. 2:14-CV-894-JRG-RSP, 2015 WL 5604385, at *1 (E.D. Tex. Sept. 21, 2015) ("The Court must determine whether [movant] has *prima facie* evidence that [it] meets the typicality and adequacy requirements of Rule 23."). Moreover, "[f]or the purposes of the lead plaintiff analysis, only the typicality and adequacy prongs of Rule 23 are relevant." *Shiqiang Chen v. NQ Mobile*, No. 4:18-CV-00096, 2018 WL 2441589, at *2 (E.D. Tex. May 31, 2018) (internal quotation marks omitted); *see also Singh*, 2015 WL 5604385, at *2 ("When naming a lead plaintiff, a court considers only typicality and adequacy.").

The typicality requirement of Rule 23(a)(3) is satisfied where the named representative's claims have "the same essential characteristics as those of the other proposed class members." *Singh*, 2015 WL 5604385, at *2. "'Typicality does not require a complete identity of claims. Rather, the critical inquiry is whether the class representative's claims have the same essential characteristics of those of the putative class. If the claims arise from a similar course of conduct and share the same legal theory, factual differences will not defeat typicality.'" *James v. City of Dallas, Tex.*, 254 F.3d 551, 571 (5th Cir. 2001) (quoting 5 James Wm. Moore, *et al.*, *Moore's Federal Practice* ¶ 23.24[4] (3d ed. 2000)).

The Pérez-Cotapos Family's claims are typical of those of the Class. The Pérez-Cotapos Family alleges, like other Class members, that Defendants violated the Exchange Act by making

7

what they knew or should have known were false or misleading statements of material facts and/or by omitting to disclose material facts concerning Cassava. The Pérez-Cotapos Family, like other Class members, purchased Cassava securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosures of those misrepresentations and/or omissions that drove Cassava's share price downward. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4); *see also Giovagnoli*, 2017 WL 11220692, at *4 ("A proposed lead plaintiff is an adequate representative by showing zeal and competence of the representative's counsel, and a willingness and ability of the representative to take an active role in and control the litigation and to protect the interests of absentees."). The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Ramzan v. GDS Holdings, Ltd.*, No. 4:18CV539-ALM-KPJ, 2018 WL 10780485, at *3 (E.D. Tex. Oct. 26, 2018). Further, "[d]ifferences between named plaintiffs and class members render the named plaintiffs inadequate representatives only if those differences create conflicts between the named plaintiffs' interests and the class members' interests." *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 625-26 (5th Cir. 1999).

The Pérez-Cotapos Family is an adequate representative for the Class. As set forth in greater detail below, the Pérez-Cotapos Family has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this Action, and submits its

8

choice of Pomerantz and BG&G to the Court for approval as Co-Lead Counsel for the Class, as well as its choice of BLF to the Court for approval as Liaison Counsel for the Class, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).  There is no evidence of antagonism or conflict between the Pérez-Cotapos Family's interests and those of the Class, and the Pérez-Cotapos Family has submitted sworn Certifications executed by its members declaring their respective commitment to protect the interests of the Class (*see* Briscoe Decl., Ex. C).  Moreover, the Pérez-Cotapos Family's significant financial interest demonstrates that it has a sufficient interest in the outcome of this litigation to ensure vigorous advocacy on behalf of the Class.

Further demonstrating its adequacy, the Pérez-Cotapos Family has submitted a Joint Declaration executed by its members—a husband and wife and the husband's father, on behalf of himself and his personal investment company, of which he is the sole owner—attesting to, *inter alia*, their backgrounds, their investing experience, their understanding of the responsibilities of a Lead Plaintiff appointed pursuant to the PSLRA, their decision to seek appointment jointly as Co-Lead Plaintiffs, and the steps that each of them are prepared to take to cooperatively prosecute this litigation on behalf of the Class.  *See id.*, Ex. D.

### D.     The Pérez-Cotapos Family Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption favoring the Pérez-Cotapos Family's appointment as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

(aa)    will not fairly and adequately protect the interest of the class; or

(bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

9

The Pérez-Cotapos Family's ability and desire to fairly and adequately represent the Class has been discussed above. The Pérez-Cotapos Family is not aware of any unique defenses Defendants could raise that would render it inadequate to represent the Class. Accordingly, the Pérez-Cotapos Family should be appointed Lead Plaintiff for the Class.

## II.   LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to "select and retain counsel to represent the class[,]" subject to the approval of the Court. *Id.* § 78u-4(a)(3)(B)(v); *see also Buettgen*, 263 F.R.D. at 383 (approving lead plaintiff's selection of lead and liaison counsel to represent the class pursuant to the PSLRA). The Court should interfere with a lead plaintiff's selection only if necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA 'evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.'" (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008))).

Here, the Pérez-Cotapos Family has selected Pomerantz and BG&G as Co-Lead Counsel and BLF as Liaison Counsel for the Class. Pomerantz is highly experienced in the areas of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in its firm resume submitted herewith. *See* Briscoe Decl., Ex. E. In overview, Pomerantz is a premier firm in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, Paris, France, London, the U.K., and Tel Aviv, Israel. *See id.* For more than 85 years, Pomerantz has represented defrauded investors. *See id.* As lead counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the largest settlement ever in a class action involving a foreign issuer

10

and the fifth largest class action settlement ever achieved in the United States.  *See id.*  Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 1:06-cv-01825 (E.D.N.Y.), in June 2010.  *See id.*  More recently, as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors, Pomerantz reached a $110 million settlement on behalf of the class.  *See id.*

BG&G is also highly experienced in the areas of securities litigation and class actions, having served in co-lead or executive positions in: *Lerman v. Apple, Inc.*, No. 15-CV-07381 (E.D.N.Y.) (co-lead counsel; $20 million settlement of class action by New York and New Jersey iPhone 4S owners); *In re Flint, Mich. Water Crisis Litigation*, No. 16-CV-10444 (E.D. Mich.) (Plaintiff Executive Committee Member;  global settlement with State of Michigan for approx. $600 million); *In re Spectrum Pharm., Inc. Inc. Sec. Litigation*, No. 16-CV-02279 (D. Nev.) (co-lead counsel; case settled for approx. $3 million);  *M&M Hart Living Trust, et al. v. Global Eagle Entertainment, Inc.*, No. 17-cv-1479-PA (C.D. Cal.) (co-lead counsel in securities class action); *Duncan et. al v. Joy Global Inc.*, No. 2:16-cv-1229-pp (E.D. Wis.) (co-lead counsel in securities class action; $20 million settlement for the class); *In re CBD Energy Limited Securities Litigation*, No. 4:15-cv-01668 (S.D. Tex.) (co-lead counsel in securities class action).  *See* Briscoe Decl., Ex. F.

In addition, BLF is well-qualified to serve as Liaison Counsel for the Class.  As its firm resume reflects, BLF maintains an office in Texas and the firm specializes in securities class action matters, among other practice areas.  *See id.*, Ex. G.  BLF has experience in achieving substantial recoveries in class actions, and its attorneys have extensive familiarity with the Local Civil Rules and practice norms of this District.

11

As a result of their extensive experience in litigation involving issues similar to those raised in the instant Action, the Pérez-Cotapos Family's choice of counsel, with Pomerantz and BG&G as Co-Lead Counsel and BLF as Liaison Counsel, have the skill, knowledge, expertise, and experience that will enable these firms to prosecute this Action effectively and expeditiously. Thus, the Court may be assured that by approving the Pérez-Cotapos Family's selection of Pomerantz and BG&G as Co-Lead Counsel and BLF as Liaison Counsel, the members of the Class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, the Pérez-Cotapos Family respectfully requests that the Court issue an Order: (1) appointing the Pérez-Cotapos Family as Lead Plaintiff for the Class; and (2) approving its selection of Pomerantz and BG&G as Co-Lead Counsel and BLF as Liaison Counsel for the Class.

Dated: February 10, 2025

Respectfully submitted,

/s/ Willie C. Briscoe
WILLIE C. BRISCOE
State Bar Number 24001788
**THE BRISCOE LAW FIRM, PLLC**
12700 Park Central Drive, Suite 520
Dallas, Texas 75251
Telephone: (972) 521-6868
Facsimile: (281) 254-7789
wbriscoe@thebriscoelawfirm.com

*Counsel for the Pérez-Cotapos Family and*
*Proposed Liaison Counsel for the Class*

**POMERANTZ LLP**
Jeremy A. Lieberman
(*pro hac vice* application forthcoming)
J. Alexander Hood II
(*pro hac vice* application forthcoming)
600 Third Avenue, 20th Floor
New York, New York 10016

12

Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
ahood@pomlaw.com

**BRONSTEIN, GEWIRTZ &
GROSSMAN, LLC**
Peretz Bronstein
(*pro hac vice* application  forthcoming)
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Counsel for the Pérez-Cotapos Family and
Proposed Co-Lead Counsel for the Class*

13

**COMPLIANCE WITH LOCAL RULE CV-7(g)**

The Pérez-Cotapos Family is aware of Local Rule CV-7(g), which provides, in relevant part: "The court may refuse to hear or may deny a nondispositive motion unless the movant advises the court within the body of the motion that counsel for the parties have conferred in a good-faith attempt to resolve the matter by agreement and certifies the specific reason that no agreement could be made." Here, pursuant to the PSLRA, the deadline to file a motion for appointment as Lead Plaintiff in this Action is February 10, 2025, on which date any member of the putative Class may so move. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). The Pérez-Cotapos Family will thus not know the identities of the other putative Class members who intend to file competing motions for Lead Plaintiff appointment until February 11, 2025—the day after the statutory deadline—making conferral to resolve the matter by agreement prior to the filing of the Pérez-Cotapos Family's motion papers impracticable. Under these circumstances, the Pérez-Cotapos Family respectfully requests that compliance with Local Rule CV-7(g) be waived in this instance.

14

**CERTIFICATE OF SERVICE**

This is to certify that on February 10, 2025, I have caused to be filed the above and foregoing on the Court's CM/ECF electronic filing system, and that by virtue of this filing, all attorneys of record will be served electronically with true and exact copies of this filing.

/s/ Willie C. Briscoe
WILLIE C. BRISCOE

15