# EXHIBIT D

## JOINT DECLARATION IN SUPPORT OF LEAD PLAINTIFF MOTION

We, the undersigned, pursuant to 28 U.S.C. § 1746, declare as follows:

1. We, Carlos Pérez-Cotapos Ugarte, Maria Isable Ureta Bazán, Carlos Pérez-Cotapos Subercaseaux, and Inversiones Ane Miren Limitada ("IAML"), respectfully submit this Joint Declaration in support of our motion for appointment as Co-Lead Plaintiffs and approval of our selection of Pomerantz LLP ("Pomerantz") and Bronstein, Gewirtz & Grossman, LLC ("Bronstein") as Co-Lead Counsel in the instant class action on behalf of investors in the securities of Cassava Sciences, Inc. ("Cassava") pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). We are informed of and understand the requirements and duties imposed by the PSLRA. We each have personal knowledge about the information in this Joint Declaration.

2. I, Carlos Pérez-Cotapos Ugarte, live in Santiago, Chile. Maria Isable Ureta Bazán is my wife, and Carlos Pérez-Cotapos Subercaseaux is my father. I have a degree in business and economics from Universidad de los Andes and am an investor. I am 34 years old and have been investing in the securities markets for 10 years. As reflected in my Certification, I purchased Cassava securities during the Class Period and suffered substantial losses as a result of the violations of the federal securities laws alleged in this action.

3. I, Maria Isable Ureta Bazán, live in Santiago, Chile. Carlos Pérez-Cotapos Ugarte is my husband, and Carlos Pérez-Cotapos Subercaseaux is my father-in-law. I have a degree in business and economics from Pontificia Universidad Católica and am a business data analyst. I am 29 years old and have been investing in the securities markets for 10 years. As reflected in my Certification, I purchased Cassava securities during the Class Period and suffered substantial losses as a result of the violations of the federal securities laws alleged in this action.

4.      I, Carlos Pérez-Cotapos Subercaseaux, live in Santiago, Chile. Carlos Pérez-Cotapos Ugarte is my son, and Maria Isable Ureta Bazán is my daughter-in-law. I have a law degree from Universidad Gabriela Mistral and am a lawyer. I am also the sole owner of IAML, which serves as my personal investment company. As the sole owner of IAML, I am authorized to make this declaration on behalf of IAML. I am also authorized to bind IAML in connection with this litigation, as well as enter into litigation on its behalf. I will be the main contact for IAML in this litigation. I have experience serving in a fiduciary role. I am 60 years old and have been investing in the securities markets for 25 years. As reflected in my Certification, I purchased Cassava securities during the Class Period and suffered substantial losses as a result of the violations of the federal securities laws alleged in this action.

5.      IAML is based in Santiago, Chile. IAML is formed under the laws of Santiago, Chile, and was created in 1996. As reflected in its Certification, IAML purchased Cassava securities during the Class Period and suffered substantial losses as a result of the violations of the federal securities laws alleged in this action.

6.      We have discussed this case with attorneys from Pomerantz and Bronstein. Accordingly, each of us is aware of the current status of this litigation. We understand that, in addition to ourselves, other investors in Cassava securities may file motions seeking appointment as Lead Plaintiff in this action. We understand that on February 10, 2025, our counsel will file a memorandum of law in support of our motion for appointment as Co-Lead Plaintiffs. We understand that this Joint Declaration and other supporting submissions prepared by our counsel will be filed concurrently with the memorandum of law. We understand that the Lead Plaintiff role includes evaluating the strengths and weaknesses of the case and prospects for resolution of this matter. We understand that it is the Lead Plaintiff's responsibility to direct counsel with

2

respect to this litigation, after receiving the benefit of counsel's advice. We approved Pomerantz and Bronstein as our designated Co-Lead Counsel. We attended conference calls with attorneys from Pomerantz and Bronstein to discuss this litigation and approved the filing of a motion on our behalf seeking appointment jointly as Co-Lead Plaintiffs.

7.  We attest to, among other things, our shared belief in the merits of this action; our shared desire to achieve the best possible result for the Class; our shared interest in prosecuting the case in a collaborative and likeminded manner; our understanding of the fiduciary obligations of Lead Plaintiffs; and our preparedness to supervise counsel and undertake all actions necessary to ensure that the Class's claims will be zealously and efficiently litigated. We hereby affirm that the foregoing statements, as well as all other statements set forth in this Joint Declaration, are true and correct statements of our views and intentions with respect to this litigation and that we seek appointment as Co-Lead Plaintiffs in this action.

8.  Given our significant financial interest in the claims against the defendants, we are strongly motivated to recover the significant losses that we and the Class suffered as a result of defendants' violations of the federal securities laws. Our principal goal in seeking to serve as Co-Lead Plaintiffs in this case is to achieve the best possible recovery for the Class from all culpable parties. We are committed to ensuring the litigation is litigated as zealously and efficiently as possible, in accordance with our duties under the PSLRA.

9.  If appointed Co-Lead Plaintiffs, we will satisfy our fiduciary obligations to the Class by, among other steps, conferring with each other and with our counsel regarding litigation strategy and other matters, attending court proceedings, depositions, any settlement mediations, and hearings as needed, and reviewing and authorizing the filing of important litigation documents. Through these and other measures, we will ensure that the Cassava securities litigation will be

vigorously prosecuted consistent with the obligations of Lead Plaintiffs under the PSLRA and in the best interests of the Class, and will seek to obtain the greatest possible recovery for the Class.

10. We understand that the Lead Plaintiff's share of any recovery is the same as every other potential Class member. As our respective Certifications state, we will not accept any payment for serving as a representative party beyond our *pro rata* share, except any reasonable costs and expenses, such as lost wages and travel expenses, directly related to the Class representation, as ordered or approved by the Court pursuant to the PSLRA.

11. We each determined that we could maximize the Class's recovery by pooling our respective resources and experience by jointly seeking appointment as Co-Lead Plaintiffs. After reviewing the allegations pleaded in the complaint, and consulting with each other and our counsel, we each determined to seek joint appointment as Co-Lead Plaintiffs, and subsequently approved the filing of a joint motion seeking our appointment as Co-Lead Plaintiffs. We agree that our collective resources and our ability to engage in joint decision-making will materially benefit and advance the interests of the Class in this case.

12. We do not anticipate that any disagreements between us will arise and agree to make all efforts, in good faith, to reach consensus with respect to all litigation decisions, and to that end will consult with our counsel as we deem necessary to fulfill our fiduciary obligations to the Class. In the event that such a disagreement arises, we agree to resolve such disagreement by a majority vote, in which each of us possesses a number of votes equal to our losses incurred in connection with our Class Period transactions in Cassava securities, calculated in terms of U.S. dollars. We recognize that even in the event of such a disagreement, the ultimate decision will necessarily be informed by consulting one another and our counsel.

13. We understand that the PSLRA and courts throughout the country, including courts in this District, have endorsed the appointment of small groups of investors to serve as Co-Lead Plaintiffs when the group establishes that its members can oversee the litigation and their proposed Lead Counsel in an independent manner. We intend to prosecute this litigation in such an independent and vigorous manner.

14. We also understand and appreciate the Lead Plaintiff's obligation under the PSLRA to select Lead Counsel and to monitor the action to ensure it is prosecuted efficiently. We have fulfilled this responsibility by selecting and retaining Lead Counsel with a proven history of handling this type of complex litigation. In this case, we selected Pomerantz and Bronstein to serve as Co-Lead Counsel. We believe that the defendants intend to defend this litigation vigorously, and that the Class will be well-served by the collective resources and experience of two firms prosecuting the action jointly on its behalf. Based on Pomerantz and Bronstein's experience in achieving substantial recoveries in securities class actions, we believe that these firms are well-qualified to represent the Class. We have reviewed both firms' websites and see they have substantial experience. We understand that these firms have worked together successfully on many securities class actions. In addition, we have negotiated an acceptable fee arrangement with Pomerantz and Bronstein.

15. Pomerantz and Bronstein have been directed to prosecute this action in an efficient, cost-effective manner while obtaining the best possible result for the Class. We will continue to supervise counsel and actively oversee the prosecution of the action for the benefit of the Class by, among other things, reviewing pleadings, instructing counsel, and/or attending hearings as necessary.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing statements relating to myself are true and correct to the best of my knowledge.

Executed on this __07__ day of February, 2025.

Firmado por:

*Carlos Pérez-Cotapos Ugarte*
8EB3930CD49343E...

Carlos Pérez-Cotapos Ugarte

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing statements relating to myself are true and correct to the best of my knowledge.

Executed on this __07__ day of February, 2025.

Firmado por:

*Maria Isable Ureta Bazan*
92A6D03435244F8...

Maria Isable Ureta Bazán

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing statements relating to myself are true and correct to the best of my knowledge.

Executed on this ___10___ day of February, 2025.

Firmado por:

*Carlos Pérez-Cotapos Subercaseaux*
68669ECC6AA442B...

Carlos Pérez-Cotapos Subercaseaux

8

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing statements relating to Inversiones Ane Miren Limitada are true and correct to the best of my knowledge.

Executed on this __10__ day of February, 2025.

Firmado por:

*Carlos Pérez-Cotapos Subercaseaux*
68669ECC6AA442B...

Carlos Pérez-Cotapos Subercaseaux
Owner
Inversiones Ane Miren Limitada

9