# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| STEPHEN CROCKER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CASSAVA SCIENCES, INC., RICHARD JON BARRY, and JAMES W. KUPIEC,<br><br>Defendants. | § CIVIL ACTION NO. 1:24-cv-01525-RP<br>§<br>§ **MOVANT HOORIEH ALAGHEMAND'S**<br>§ **OPPOSITION TO COMPETING LEAD**<br>§ **PLAINTIFF MOTIONS**<br>§<br>§<br>§ CLASS ACTION<br>§<br>§<br>§<br>§<br>§<br>§ |

## INTRODUCTION

Movant Hoorieh Alaghemand ("Movant" or "Ms. Alaghemand") respectfully submits this memorandum of law in opposition to competing motions to appoint lead plaintiff and approve lead plaintiff's selection of counsel (Dkt. Nos. 15, 16, 22, 24, 25).[1]

Before the Court are six movants. Only one movant, the Pérez-Cotapos Family, claims a larger financial interest than Movant. However, a member of the Pérez-Cotapos Family is an atypical high-frequency trader. Additionally, when accounting only for the losses of non-atypical members of the Pérez-Cotapos Family, they do not have larger losses than Movant.

| Name | Losses |
|---|---|
| 1. Pérez-Cotapos Family | 1. $2,445,056 |
| 1a. Inversiones Ane Miren Limitada | 1a. $1,416,093 |
| 1b. Carlos Pérez-Cotapos Subercaseaux | 1b. $153,270 |
| 1c. Carlos Pérez-Cotapos Ugarte | 1c. $766,782 |
| 1d. Maria Isable Ureta Bazán | 1d. $108,911 |
| 2. Hoorieh Alaghemand | 2. $1,180,450.58 |
| 3. David Bohn and Steve E. Pello | 3. $1,124,614.56 |
| 3a. David Bohn | 3a. $197,472.29 |
| 3b. Steve E. Pello | 3b. $927,142.27 |

---

[1] On February 14, 2025, movant Danny Hill filed a notice of non-opposition to competing lead plaintiff motions (Dkt. No. 27).

**MOVANT HOORIEH ALAGHEMAND'S OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS** – Page 1

| | |
|---|---|
| 4. Robert Smisek | 4. $179,957.56 |
| 5. Steven Desimone | 5. $87,312.10 |
| 6. Jesse Vestal | 6. $86,472.02 |

In contrast, Ms. Alaghemand lost over $1.18 million. Movant is a philanthropist working with the foster care system and has been investing for 4 years. Movant is adequate and typical. Ms. Alaghemand's motion should be granted and the competing motions should be denied.

## ARGUMENT

**A. The Pérez-Cotapos Family Is Atypical**

The Pérez-Cotapos Family is a group comprised of three individuals and an investment company owned by one of the individuals. One member of the Pérez-Cotapos Family, Inversiones Ane Miren Limitada ("Inversiones"), is an atypical high-frequency trader. For instance, on August 8, 2024, Inversiones purchased 6,751 shares at prices ranging from $24.07 to $24.125. That same day, Inversiones sold 6,751 shares at $25.00 per share. Additionally, on September 27, 2024, Inversiones purchased 18,000 shares at prices ranging from $27.26 to $27.49. That same day, Inversiones sold 18,000 shares at $28.50 per share.

Courts refuse to appoint high frequency traders as they are subject to unique reliance defenses. *Plymouth County Retirement System v. Apache Corporation*, 566 F.Supp.3d 712, 719-20 (S.D. Tex. Oct. 6, 2021) (refusing to appoint movant with largest loss because high frequency trading patterns raised concerns about "susceptibility to the defense that he was trading in response to information other than the alleged misstatements and omissions"); *see also*, *Tsirekidze v. Syntax-Brillian Corp.*, 2008 WL 942273, at *4 (D. Ariz. Apr. 7, 2008) (finding high frequency trader atypical because such trading "belies any true reliance on company reports or even on the integrity of the stock price itself"); *Eichenholtz v. Verifone Holdings, Inc.*, 2008 WL 3925289, at *1 (N.D. Cal. Aug. 22, 2008) (finding a high frequency trader atypical from the class

"because the class's damages stem from reliance upon the company's financial statements, not upon daily market volatility"); *In re Opnext, Inc. Sec. Litig.*, 2008 WL 3285732, at *3 (D.N.J. Aug. 7, 2008) (finding movant atypical because "[d]ay trading is not commensurate with the manner in which the typical class member sustained alleged losses").

The Court should not permit the members of the Pérez-Cotapos Family to be considered individually as the Pérez-Cotapos Family did not request that any of their constituents be appointed as lead plaintiff individually in the event the Court did not appoint the group. Therefore, none of the individuals themselves "made a motion" pursuant to the PSLRA and should not be considered further. *See Abouzied v. Applied Optoelectronics, Inc*., 2018 WL 539362, at *5 (S.D. Tex. Jan. 22, 2018) (group members did not move for appointment as sole-lead, "the Court will not consider the suggestion that it select one member of the group. The Court will consider the motion of the collective group."); *In re Level 3 Commc'ns, Inc*., 2009 WL 10684924, at *5 (D. Colo. May 4, 2009) (declining to consider individual constituents of a group because neither individual " 'made a motion' in response to the notice of the putative class action"); *Tsirekidze*, 2008 WL 942273, at *4 (declining to consider individual constituent of group as lead plaintiff candidate because the group "moved for lead plaintiff as a group and will be evaluated as such"); *In re Stitch Fix, Inc. Sec. Litig*., 393 F. Supp. 3d 833, 836 (N.D. Cal. 2019) (denying a group's motion when group members have not explicitly requested to be considered individually); *Jakobsen v. Aphria, Inc*., 2019 WL 1522598, at *4 (S.D.N.Y. Mar. 27, 2019) (court will not consider whether individual group members could be appointed as lead plaintiff as there were no separate motions to appoint any member of the group as a lead plaintiff on an individual basis); *Takata*, 2018 WL 5801379, at *5 (declining to break apart a group of lead plaintiff movants because the group belatedly requested such cure "when confronted with

[the] argument that a loosely connected group cannot effectively monitor counsel" which did "not assuage the Court's concerns that the attorneys, and not the plaintiffs, have initiated [the] efforts.").

In the event the Court decides to remove Inversiones, the atypical movant, from consideration, the Pérez-Cotapos Family would no longer have the largest financial interest. As shown in the table above, removing the losses incurred by Inversiones would leave the Pérez-Cotapos Family with a loss of $1,028,963, which would make the Pérez-Cotapos Family the movant with the third largest financial interest.

For the foregoing reasons, the Pérez-Cotapos Family is atypical and should not be appointed lead plaintiff.

### B. David Bohn and Steve E. Pello Are Unrelated

While no other movant claims a larger loss than Ms. Alaghemand, out of an abundance of caution, Movant addresses the purportedly next-largest movant.

David Bohn and Steve E. Pello (the "Bohn Group") seek appointment as a group. The Bohn Group is an impermissible group of unrelated individuals. Lead plaintiff movant groups such as the Bohn Group, with no pre-litigation relationship, have been squarely rejected by the well-established precedent of the Fifth Circuit and its district courts. *See, e.g., Berger v. Compaq Comput. Corp.*, 257 F.3d 475, 478 n.2 (5th Cir. 2001) (embracing "the strictest approach, requiring at maximum a small group with the largest financial interest in the outcome of the litigation **and a pre-litigation relationship based on more than their losing investment**….") (internal citations omitted) (emphasis added); *In re Waste Management, Inc.*, 128 F. Supp. 2d 401, at *411 (S.D. Tex. 2000); *In re Landry's Seafood Rest., Inc.*, 2000 WL 33999467, at *4 (S.D. Tex. 2000); *In re Superior Offshore Int'l, Inc. Sec. Litig.*, 2008 WL 2148745, at *1 (S.D.

Tex. May 20, 2008) ("Where a plaintiff bases his claim to have the largest financial loss on the aggregate loss of several investors, the group must have a pre-litigation relationship based on more than the losing investments at issue in the securities fraud class action.") (internal citations omitted).

"Although the PSLRA allows groups to serve as lead plaintiffs, 'courts have uniformly refused to appoint as lead plaintiff groups of unrelated individuals, brought together for the sole purpose of aggregating their claims in an effort to become the presumptive lead plaintiff.'" *Tsirekidze*, 2008 WL 942273, at *3 (quoting *In re Gemstar–TV Guide Int'l, Inc. Sec. Litig.*, 209 F.R.D. 447, 451 (C.D. Cal. 2002)); *see also In re Cloudera, Inc. Sec. Litig.*, 2019 WL 6842021, at *6 (N.D. Cal. Dec. 16, 2019).

Courts require members of a group to make "an evidentiary showing that unrelated members of a group will be able to function cohesively and to effectively manage the litigation apart from their lawyers before its members will be designated as presumptive lead plaintiffs." *Kniffin v. Micron Tech., Inc.*, 379 F. Supp. 3d 259, 262 (S.D.N.Y. 2019). Courts evaluate evidence of:

> (1) the existence of a pre-litigation relationship between group members; (2) involvement of the group members in the litigation thus far; (3) plans for cooperation; (4) the sophistication of its members; and (5) whether the members chose outside counsel, and not vice versa.

*Id.*; *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 391 (S.D.N.Y. 2008); *see In re Enron Corp., Sec. Litig.*, 206 F.R.D. 427, 442 (S.D. Tex. 2002) ("[proposed] group must be restricted to a few cohesive parties and the movant ***must bear the burden of demonstrating…a pre-litigation relationship based on more than losing the investments at issue***.") (emphasis added); *Makhlouf v. Tailored Brands, Inc.*, 2017 WL 1092311, at *10 (S.D. Tex. Mar. 23, 2017) (refusing to appoint group of two institutional investors that "lack[ed] a pre-

litigation relationship based on more than losing investments at issue" and finding "[t]o satisfy the terms and effectuate the underlying policy of the PSLRA to guarantee effective control of the litigation and supervision of the lawyers by the plaintiffs, unrestricted aggregation of unrelated plaintiffs by manipulating lawyers should not be permitted.").

While the Bohn Group submitted a joint declaration in an effort to meet this burden, its boilerplate declaration is insufficient. While the Bohn Group asserts that its members spoke with each other prior to the lead plaintiff motion being filed, "what is conspicuously absent [. . .] is any information regarding how these [. . .] apparent strangers [. . .] found each other." *Stires v. Eco Science Solutions, Inc.*, 2018 WL 5784817, at *5 (D.N.J. Feb. 14, 2018) (denying lead plaintiff status to an investor group despite their larger losses due, in part, to the group apparently being "precisely the type of lawyer-created group the Third Circuit cautioned about in *In re Cendant Corp.*" whose members "span[] the country's geography"); *Jakobsen*, 2019 WL 1522598, at *2 (vague plans for cooperation and "boilerplate assurances" are insufficient to show that unrelated investors will be able to manage the litigation efficiently); *In re Ply Gem Holdings, Inc., Securities Litigation*, 2014 WL 12772081, at *2 (S.D.N.Y. Oct. 14, 2014).

In short, as the *Tsirekidze* Court noted, "[t]here is simply no evidence that this "group" has a meaningful connection" and the Court should deny the motions of the Bohn Group. 2008 WL 942273, at *5.

### C. Ms. Alaghemand Should be Appointed Lead Plaintiff

Ms. Alaghemand, with a loss of $1.18 million, is the presumptive lead plaintiff as she has the largest financial interest and satisfies the typicality and adequacy requirements of Rule 23. As such, Ms. Alaghemand should be appointed lead plaintiff, and her selection of Lead Counsel should be approved.

To overcome the strong presumption entitling Ms. Alaghemand to be appointed lead plaintiff, the PSLRA requires "proof" that the presumptive lead plaintiff is inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No such proof exists in this case, and any arguments to the contrary should be flatly rejected. Competing movants may attempt to conjure up speculative arguments to rebut the presumption in favor of Ms. Alaghemand. Any such speculative challenge does not satisfy the PSLRA's requirement that the presumptively most adequate plaintiff may only be rejected if a rival movant presents "proof" that the presumptive lead plaintiff, here Ms. Alaghemand, will not adequately protect the interests of the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As Ms. Alaghemand has made a demonstration of her typicality and adequacy and has the largest remaining financial interest, and no movant has rebutted the presumption with proof, Ms. Alaghemand must be appointed lead plaintiff.

### D. Competing Motions Should Be Denied

The competing motions should be denied as Ms. Alaghemand satisfies the requirements of Rule 23, has the greatest financial interest in the litigation, and should therefore be appointed lead plaintiff without further analyses. *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002) ("The statutory process is sequential: The court must examine potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order if and only if the presumptive lead plaintiff is found inadequate or atypical.").

In no way is Ms. Alaghemand conceding or acknowledging that the competing movants are adequate or that their claims are typical. Ms. Alaghemand reserves the right to address the competing movant's adequacy or typicality, should the Court reach those motions.

### E. Ms. Alaghemand's Selection of Counsel Should be Approved

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the approval of the Court. See 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with lead plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Ms. Alaghemand has selected The Rosen Law Firm, P.A. as lead counsel and Condon Tobin Sladek Thornton Nerenberg PLLC as liaison counsel. The firms have the resources and expertise to litigate this action efficiently and aggressively. As the firms' resumes reflect, they are highly experienced in the area of securities litigation and class actions and have successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors (Dkt. Nos. 14-4, 14-5). Thus, the Court may be assured that by approving Ms. Alaghemand's selection of counsel, the members of the class will receive excellent legal representation.

### CONCLUSION

For the foregoing reasons, Movant respectfully requests the Court issue an Order: (a) appointing Movant as lead plaintiff of the class; (b) approving The Rosen Law Firm P.A. as lead counsel and Condon Tobin Sladek Thornton Nerenberg PLLC as liaison counsel; and (c) granting such other relief as the Court may deem to be just and proper.

Dated: February 18, 2025                    Respectfully submitted,

                                              **CONDON TOBIN SLADEK THORNTON NERENBERG PLLC**

                                               /s/ *Stuart L. Cochran*
                                              Stuart L. Cochran
                                              Texas Bar No.: 24027936
                                              8080 Park Lane, Suite 700
                                              Dallas, Texas 75231
                                              Telephone: (214) 265-3800
                                              scochran@condontobin.com

                                              *[Proposed] Liaison Counsel for Movant and the Class*

                                              **THE ROSEN LAW FIRM, P.A.**
                                              Phillip Kim, Esq. (*pro hac vice* to be filed)
                                              275 Madison Avenue, 40th Floor
                                              New York, NY 10016
                                              Phone: (212) 686-1060
                                              Fax: (212) 202-3827
                                              Email: philkim@rosenlegal.com

                                              *[Proposed] Lead Counsel for Movant and Class*

## CERTIFICATE OF SERVICE

     I hereby certify that on this 18th day of February 2025, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

                                               /s/ *Stuart L. Cochran*
                                              Stuart L. Cochran