**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| STEPHEN CROCKER, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> CASSAVA SCIENCES, INC., RICHARD JON BARRY, and JAMES W. KUPIEC, <br><br> Defendants. | § CIVIL ACTION NO. 1:24-cv-01525-RP <br> § <br> § **MOVANT HOORIEH ALAGHEMAND'S** <br> § **REPLY IN FURTHER SUPPORT OF HER** <br> § **MOTION FOR LEAD PLAINTIFF** <br> § <br> § CLASS ACTION <br> § <br> § <br> § <br> § <br> § <br> § <br> § |

**INTRODUCTION**

Movant Hoorieh Alaghemand ("Movant" or "Ms. Alaghemand") respectfully submits this memorandum of law in further support of her motion to appoint lead plaintiff and approve lead plaintiff's selection of counsel (Dkt. No. 12).

Before the Court are two[1] remaining movants: Ms. Alaghemand and the Pérez-Cotapos Family. Because the Pérez-Cotapos Family is subject to unique defenses, they are atypical and cannot be appointed lead plaintiffs.

In contrast, Ms. Alaghemand lost over $1.18 million. Movant is a philanthropist working with the foster care system and has been investing for 4 years. Movant is adequate and typical. Ms. Alaghemand's motion should be granted and the competing motions should be denied.

**ARGUMENT**

**A. The Pérez-Cotapos Family Is Atypical**

---

[1] On February 14, 2025, movant Danny Hill filed a notice of non-opposition to competing lead plaintiff motions (Dkt. No. 27). On February 24, 2025, the following movants filed a notice of non-opposition to competing lead plaintiff motions: Jesse Vestal (Dkt. No. 30), Robert Smisek (Dkt. No. 31), and David Bohn and Steve E. Pello (Dkt. No. 32).

**MOVANT HOORIEH ALAGHEMAND'S REPLY IN FURTHER SUPPORT OF HER MOTION FOR LEAD PLAINTIFF** – Page 1

The Pérez-Cotapos Family is atypical because one of its members, Inversiones Ane Miren Limitada ("Inversiones"), is a high-frequency trader subject to unique defenses. "[W]hether these defenses will be successful is of no matter. The fact that plaintiffs will be subject to such defenses renders their claims atypical of other class members." *In re Enron Corp. Securities Litigation*, 206 F.R.D. 427, 456 (S.D. Tex. Feb. 15, 2002).

The Pérez-Cotapos Family attempts to rebut Ms. Alaghemand's argument that Inversiones is a high-frequency trader with a technical definition of a high-frequency trader (Dkt. No. 33, at 7-8). However, there is no legal requirement that a high-frequency trader *must* meet the specific requirements outlined in the Pérez-Cotapos Family's opposition. Indeed, they fail to cite a single legal authority to that point.

What is clear, however, is that Inversiones made numerous same-day transactions from which it earned a profit from technical price movements. Courts have held that such traders could be subject to unique defenses because their trading "belies any true reliance on company reports or even on the integrity of the stock price itself." *Shaffer v. Digital Generation, Inc.*, 2013 WL 12430537, at *3 (N.D. Tex. Sep. 19, 2013) (citing *Tsirekidze v. Syntax-Brillian Corp.*, 2008 WL 942273, at *4 (D. Ariz. Apr. 7, 2008)); *see also*, *In re Safeguard Scientifics*, 216 F.R.D. 577, 582 (E.D. Pa. Aug. 26, 2003) (holding that a lead plaintiff who, *inter alia*, "focuses on technical price movements rather than price" is atypical even under a fraud-on-the-market presumption of reliance). Inversiones is subject to unique defenses due to its trading pattern, rendering it – and the Pérez-Cotapos Family as a whole – atypical. And even if, *arguendo*, this court excised Inversiones and considered the rest of the Pérez-Cotapos Family – it should not – the remaining movants have a loss of $1,028,963, less than Ms. Alaghemand's loss of $1.18 million.

**MOVANT HOORIEH ALAGHEMAND'S REPLY IN FURTHER SUPPORT OF HER MOTION FOR LEAD PLAINTIFF** – Page 2

This unique defense threatens to pull the focus of the litigation away from issues common to the class. Indeed, the Pérez-Cotapos Family's opposition spent four of its twelve pages – 33% of its opposition – to argue that Inversiones is not atypical. Therefore, the Court must find that the Pérez-Cotapos Family is subject to unique defenses, and therefore atypical and unable to serve as lead plaintiff.

### B. Ms. Alaghemand Should be Appointed Lead Plaintiff

Ms. Alaghemand, with a loss of $1.18 million, is the presumptive lead plaintiff as she has the largest financial interest and satisfies the typicality and adequacy requirements of Rule 23. As such, Ms. Alaghemand should be appointed lead plaintiff, and her selection of Lead Counsel should be approved.

To overcome the strong presumption entitling Ms. Alaghemand to be appointed lead plaintiff, the PSLRA requires "proof" that the presumptive lead plaintiff is inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No such proof exists in this case, and no competing movant has proffered such "proof" that the presumptive lead plaintiff, here Ms. Alaghemand, will not adequately protect the interests of the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As Ms. Alaghemand has made a demonstration of her typicality and adequacy and has the largest remaining financial interest, and no movant has rebutted the presumption with proof, Ms. Alaghemand must be appointed lead plaintiff.

### C. Ms. Alaghemand's Selection of Counsel Should be Approved

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the approval of the Court. See 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with lead plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

**MOVANT HOORIEH ALAGHEMAND'S REPLY IN FURTHER SUPPORT OF HER MOTION FOR LEAD PLAINTIFF** – Page 3

Ms. Alaghemand has selected The Rosen Law Firm, P.A. as lead counsel and Condon Tobin Sladek Thornton Nerenberg PLLC as liaison counsel. The firms have the resources and expertise to litigate this action efficiently and aggressively. As the firms' resumes reflect, they are highly experienced in the area of securities litigation and class actions and have successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors (Dkt. Nos. 14-4, 14-5). Thus, the Court may be assured that by approving Ms. Alaghemand's selection of counsel, the members of the class will receive excellent legal representation.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests the Court issue an Order: (a) appointing Movant as lead plaintiff of the class; (b) approving The Rosen Law Firm P.A. as lead counsel and Condon Tobin Sladek Thornton Nerenberg PLLC as liaison counsel; and (c) granting such other relief as the Court may deem to be just and proper.

Dated: March 3, 2025                                Respectfully submitted,

**CONDON TOBIN SLADEK THORNTON NERENBERG PLLC**

 */s/ Stuart L. Cochran*
Stuart L. Cochran
Texas Bar No.: 24027936
8080 Park Lane, Suite 700
Dallas, Texas 75231
Telephone: (214) 265-3800
scochran@condontobin.com

*[Proposed] Liaison Counsel for*
*Movant and the Class*

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (*pro hac vice* to be filed)
275 Madison Avenue, 40th Floor
New York, NY 10016

**MOVANT HOORIEH ALAGHEMAND'S REPLY IN FURTHER SUPPORT OF HER MOTION FOR LEAD PLAINTIFF** – Page 4

Phone: (212) 686-1060
Fax: (212) 202-3827
Email: philkim@rosenlegal.com

*[Proposed] Lead Counsel for Movant and Class*

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of March 2025, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

 */s/ Stuart L. Cochran*
Stuart L. Cochran