# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| STEPHEN CROCKER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CASSAVA SCIENCES, INC., RICHARD JON BARRY, and JAMES W. KUPIEC,<br><br>Defendants. | Case No. 1:24-cv-01525-RP |

SUR-REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION OF THE
PÉREZ-COTAPOS FAMILY FOR APPOINTMENT AS LEAD PLAINTIFF AND
APPROVAL OF SELECTION OF COUNSEL

Movant the Pérez-Cotapos Family[1] respectfully submits this sur-reply memorandum of law in further support of its motion for appointment as Lead Plaintiff and approval of its selection of Pomerantz and BG&G as Co-Lead Counsel and BLF as Liaison Counsel (Dkt. No. 25).

### ARGUMENT

In its opposition brief, the Pérez-Cotapos Family refuted Alaghemand's erroneous claim that IAML is an atypical high-frequency trader, robustly demonstrating that: (1) IAML's Class Period investment activity does not meet the definition of high-frequency trading; and (2) IAML is a typical Class member within the meaning of Rule 23. *See* Dkt. No. 33 at 3-4, 7-11.

In her reply brief, Alaghemand doubles down on her position, claiming that "there is no legal requirement that a high-frequency trader *must* meet the specific requirements outlined in the Pérez-Cotapos Family's opposition" and continues to assert that IAML's trading activity disqualifies it from appointment as Lead Plaintiff. Dkt. No. 34 at 2 (emphasis in original). Alaghemand's position remains without merit. First, Alaghemand's insistence that the definition of the term "high-frequency trader" is irrelevant to her claim that IAML is a high-frequency trader makes her argument difficult to credit. Moreover, regardless of terminology, Alaghemand has not actually accurately identified, with any meaningful specificity, any aspects of IAML's trading activity that would render it a problematic class representative in this litigation. Rather, as explained in the Pérez-Cotapos Family's opposition brief, IAML's Class Period investment activity consisted, in the main, of purchasing and holding Cassava stock—***not*** of efforts to capitalize on intraday market price action via high-frequency trading—making IAML entirely typical of the Class of investors it seeks to represent. *See* Dkt. No. 33 at 9. Indeed, as explained

---

[1] All capitalized terms herein are defined in the Pérez-Cotapos Family's motion and moving or opposition briefs, unless otherwise indicated. *See* Dkt. Nos. 25, 33.

in the Pérez-Cotapos Family's opposition brief (*see id.*), IAML purchased 120,751 shares of Cassava common stock throughout the Class Period, sold Cassava stock on only ***four*** days of the 291-day-long Class Period, and ultimately held 91,000 shares of Cassava stock through the corrective disclosure (*i.e.*, revelation of Defendants' alleged fraud) at the end of the Class Period, at which point its shares sharply declined in value, causing the investment losses that IAML now seeks to recover.  *See* Dkt. No. 25-2 at *2-3; Dkt. No. 25-4 at *14-16.

Alaghemand's reply brief continues to mischaracterize IAML's specific trading activity, incorrectly asserting that it is "***clear***" that "[IAML] made ***numerous*** same-day transactions from which it earned a profit from technical price movements."  Dkt. No. 34 at 2 (emphases added). Yet Alaghemand's reply brief proffers ***not a single fact*** to support this conclusion.  Meanwhile, in her opposition brief, she merely identifies only ***two*** occasions—across the course of a 291-day-long Class Period—on which IAML both purchased and sold the same number of shares on the same day at a modest profit.  *See* Dkt. No. 28 at 2.  Accordingly, IAML's trading activity is easily distinguished from the trading activity at issue in the new cases that Alaghemand relies on in her reply brief, in which movants were disqualified based on, *inter alia*, significantly less orthodox trading activity.  *See Shaffer v. Digital Generation, Inc.*, No. 3:13-CV-1684-N, 2013 WL 12430537, at *3 (N.D. Tex. Sept. 19, 2013) (disqualifying movant that made "***over 800 trades***" in the relevant securities during the class period (emphasis added)); *In re Safeguard Scis.*, 216 F.R.D. 577, 582-83 (E.D. Pa. 2003) (at class certification stage, finding lead plaintiff failed to meet Rule 23's requirements because, not only did he "focus[] on technical price movements rather than price," he also "increased his holdings . . . even after public disclosure of the alleged fraud" and provided false information in his sworn certification).

Finally, Alaghemand argues that, because the Pérez-Cotapos Family spent "four of [its opposition brief's] twelve pages" to refute her arguments, IAML's trading activity somehow "threatens to pull the focus of the litigation away from issues common to the class." Dkt. No. 34 at 3. Not so. In pursuing its motion for appointment as Lead Plaintiff, it was incumbent upon the Pérez-Cotapos Family to refute Alaghemand's opposition arguments, and the comprehensiveness of the family's response in no way validates the substance of Alaghemand's meritless assertions. Indeed, under Alaghemand's logic, any lead plaintiff movant could rebut the PSLRA's presumptive "most adequate plaintiff" presumption by introducing distracting irrelevancies of his or her own making—that is, by raising effectively *any* argument, no matter how weak—and then citing the ensuing response, regardless of its merit, as evidence that the presumptive lead plaintiff will be required to litigate distracting questions that are irrelevant to other class members. This plainly is *not* the high standard of "*proof*" required under the PSLRA to rebut the presumption in the Pérez-Cotapos Family's favor that it is the most adequate plaintiff of the Class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added).

**CONCLUSION**

For the foregoing reasons, the Pérez-Cotapos Family respectfully requests that the Court issue an Order: (1) appointing the Pérez-Cotapos Family as Lead Plaintiff for the Class; and (2) approving Pomerantz and BG&G as Co-Lead Counsel and BLF as Liaison Counsel for the Class.

Dated: March 10, 2025                    Respectfully submitted,

                                         */s/ Willie C. Briscoe*
                                         WILLIE C. BRISCOE
                                         State Bar Number 24001788
                                         **THE BRISCOE LAW FIRM, PLLC**
                                         12700 Park Central Drive, Suite 520
                                         Dallas, Texas 75251
                                         Telephone: (972) 521-6868
                                         Facsimile: (281) 254-7789
                                         wbriscoe@thebriscoelawfirm.com

*Counsel for the Pérez-Cotapos Family and
Proposed Liaison Counsel for the Class*

**POMERANTZ LLP**
Jeremy A. Lieberman
(admitted *pro hac vice*)
J. Alexander Hood II
(*pro hac vice* application forthcoming)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
ahood@pomlaw.com

**BRONSTEIN, GEWIRTZ &
GROSSMAN, LLC**
Peretz Bronstein
(*pro hac vice* application forthcoming)
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Counsel for the Pérez-Cotapos Family and
Proposed Co-Lead Counsel for the Class*

4

**CERTIFICATE OF SERVICE**

This is to certify that on March 10, 2025, I have caused to be filed the above and foregoing on the Court's CM/ECF electronic filing system, and that by virtue of this filing, all attorneys of record will be served electronically with true and exact copies of this filing.

/s/ Willie C. Briscoe
WILLIE C. BRISCOE