IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| STEPHEN CROCKER, Individually and on Behalf of All Others Similarly Situated, § § § §<br><br>Plaintiff, § §<br><br>v. § § §<br><br>CASSAVA SCIENCES, INC., RICHARD JON BARRY, and JAMES W. KUPIEC, § § § §<br><br>Defendants. § § § | CIVIL ACTION NO. 1:24-cv-01525-RP<br><br>**MOVANT HOORIEH ALAGHEMAND'S OPPOSITION TO THE MOTION OF THE PÉREZ-COTAPOS FAMILY FOR LEAVE TO FILE SUR-REPLY**<br><br>CLASS ACTION |

## INTRODUCTION

Movant Hoorieh Alaghemand ("Movant" or "Ms. Alaghemand") respectfully submits this memorandum of law in opposition to the motion of the Pérez-Cotapos Family for leave to file a sur-reply (the "Sur-reply Motion") (Dkt. No. 37).

As a preliminary matter, sur-replies are heavily disfavored. And contrary to the assertions in the Sur-reply Motion, Ms. Alaghemand did not raise any new arguments in her reply brief. She had already pointed out in her opposition that Inversiones Ane Miren Limitada ("Inversiones") had made profits from certain trades during the class period, rendering Inversiones, and by extension the Pérez-Cotapos Family, atypical (Dkt. No. 28, at 2-4). Furthermore, pointing out that the Pérez-Cotapos Family failed to provide a legal basis for certain arguments in their opposition and that the Pérez-Cotapos Family's opposition spent a disproportionate amount of time addressing the atypicality issues did not raise any new arguments. Rather, they were simply responding to matters raised in the Pérez-Cotapos Family's opposition – the entire point of a reply memorandum. Therefore, Ms. Alaghemand respectfully requests that the Court deny the Pérez-Cotapos Family's Sur-reply Motion.

## ARGUMENT

### A. Sur-Replies Are Heavily Disfavored

Courts in this jurisdiction heavily disfavor sur-replies. *RedHawk Holdings Corporation v. Schreiber Trustee of Schreiber Living Trust*, 836 Fed. Appx. 232, 235-36 (5th Cir. 2020) ("[T]here is no right to file a surreply and surreplies are 'heavily disfavored[.]'"); *see also*, *Warrior Energy Servs. Corp. v. ATP Titan M/V*, 551 F. Appx 749, 751 n.2 (5th Cir. 2014) (noting that courts "heavily disfavor[ ]" surreplies); *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (finding that the district court did not abuse its discretion by denying a party's motion to file a surreply because the other party "did not raise any new arguments in its reply brief"). The Pérez-Cotapos Family has failed to allege a single new argument that Ms. Alaghemand raised in her reply. Therefore, a sur-reply is not warranted here, and the Sur-reply Motion should be denied.

### B. No New Arguments Were Raised in Ms. Alaghemand's Reply

The Sur-reply Motion alleges Ms. Alaghemand raised three new arguments in her reply: (1) "there is no legal requirement that a high-frequency trader *must* meet the specific requirements outlined in the Pérez-Cotapos Family's opposition" (Dkt. No. 34 at 2 (emphasis in original)); (2) that it is purportedly "clear" that "[Inversiones] made numerous same-day transactions from which it earned a profit from technical price movements" (*id*.); and (3) that because "the Pérez-Cotapos Family's opposition spent four of its twelve pages . . . to argue that [Inversiones] is not atypical[,]" [Inversiones]'s purported unique defense "threatens to pull the focus of the litigation away from issues common to the class" (*id*. at 3)." (Dkt. No. 37, at 2). None of these are new arguments that warrant a sur-reply.

In her opposition, Ms. Alaghemand pointed out that Inversiones made profitable trades on two separate days. "For instance, on August 8, 2024, Inversiones purchased 6,751 shares at prices ranging from $24.07 to $24.125. That same day, Inversiones sold 6,751 shares at $25.00 per share. Additionally, on September 27, 2024, Inversiones purchased 18,000 shares at prices ranging from $27.26 to $27.49. That same day, Inversiones sold 18,000 shares at $28.50 per share." (Dkt. No. 28, at 2). Rather than acknowledge that the transactions in questions resulted in profits for Inversiones, the Pérez-Cotapos Family characterized it as "innocuous trading activity" and questioned why it "would render [Inversiones] 'an atypical high-frequency trader.'" (Dkt. No. 33, at 9). Now, apparently unhappy with their response to the argument raised in Ms. Alaghemand's opposition, the Pérez-Cotapos Family seek a second bite at the apple.

Additionally, Ms. Alaghemand's reply brief was simply responding to the Pérez-Cotapos Family's opposition in pointing out that the Pérez-Cotapos Family failed to provide legal authorities supporting their technical definition of a "high frequency trader." Similarly, pointing out that the Pérez-Cotapos Family spent one-third of their opposition arguing that they were not atypical[1] was not a new argument, but merely a direct response to the Pérez-Cotapos Family's opposition. That is exactly the purpose of a reply brief. *Ferron v. Precision Directional Services Inc.*, 2021 WL 5905556, at *2 (S.D. Tex. Dec. 14, 2021) ("[T]he argument in reply is directly responsive to matters raised [] in [] response. [] That is exactly the purpose of a reply brief.")

The Pérez-Cotapos Family failed to show that Ms. Alaghemand made any new arguments in her reply brief. Thus, there is no basis for a sur-reply brief. Therefore, the Court should deny the Sur-reply Motion.

---

[1] In fact, this was exactly what Ms. Alaghemand warned would happen in her opposition brief: "Courts refuse to appoint high frequency traders as they are subject to unique reliance defenses." (Dkt. No. 28, at 2).

## CONCLUSION

For the foregoing reasons, Movant respectfully requests the Court issue an Order: (a) denying the Pérez-Cotapos Family's Sur-reply Motion; and (b) granting such other relief as the Court may deem to be just and proper.

Dated: March 17, 2025                        Respectfully submitted,

**CONDON TOBIN SLADEK THORNTON NERENBERG PLLC**

 /s/ Stuart L. Cochran
Stuart L. Cochran
Texas Bar No.: 24027936
8080 Park Lane, Suite 700
Dallas, Texas 75231
Telephone: (214) 265-3800
Facsimile: (214) 691-6311
scochran@condontobin.com

*[Proposed] Liaison Counsel for Movant and the Class*

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (*pro hac vice* to be filed)
275 Madison Avenue, 40th Floor
New York, NY 10016
Phone: (212) 686-1060
Fax: (212) 202-3827
Email: philkim@rosenlegal.com

*[Proposed] Lead Counsel for Movant and Class*

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of March 2025, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

 /s/ Stuart L. Cochran
Stuart L. Cochran