IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| STEPHEN CROCKER, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, <br> Plaintiff, <br> V. <br> CASSAVA SCIENCES, INC., RICHARD JON BARRY, AND JAMES W. KUPIEC, <br> Defendants. | § § § § § § § § § § § | A-24-CV-1525-DAE |

**ORDER**

Stephen Crocker, individually and on behalf of all other persons similarly situated, brings this federal securities class action on behalf of all investors who purchased or otherwise acquired Cassava securities between February 7, 2024 to November 24, 2024, inclusive (the "Class Period"), seeking to recover damages caused by Defendants' violations of the federal securities laws (the "Class") under the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). Compl. ¶ 1.

Now before the court are various investors' motions seeking to be appointed as Lead Plaintiff of the Class and seeking for their counsel to be named Lead Counsel and all related briefing. These motions include Motion of Movant Hoorieh Alaghemand for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Counsel (Dkt. 12), Steve E. Pello and David Bohn's Motion for Appointment as Co-Lead Plaintiffs and Approval of Counsel (Dkt. 15), Notice of Motion of Jesse Vestal for Appointment as Lead Plaintiff and Appointment of Co-Lead Counsel (Dkt. 16), Danny Hill's Notice of Motion and Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel (Dkt. 20), Notice of Motion of Steven Desimone for Appointment as Lead Plaintiff and Approval of Counsel (Dkt. 22), Motion of Robert Smisek for

1

Appointment as Lead Plaintiff and for Approval of Selection of Counsel (Dkt. 24), and Motion and Memorandum of Law in Support of Motion of the Pérez-Cotapos Family for Appointment as Lead Plaintiff and Approval of Selection of Counsel (Dkt. 25).[1]

## I.  LEAD PLAINTIFF

The PSLRA sets forth the procedure for selecting a lead plaintiff in a securities class action lawsuit. *See* 15 U.S.C. § 78u-4(a)(3)(B). The purpose of the PSLRA in selecting a lead plaintiff is "to have the plaintiff class represented by a member with a substantial financial interest in the recovery as incentive to monitor the litigation to prevent its being lawyer-driven." *In re Waste Mgmt., Inc. Sec. Litig.*, 128 F. Supp. 2d 401, 411–12 (S.D. Tex. 2000) (cleaned up); *see also Berger v. Compaq Comput. Corp.*, 279 F.3d 313, 313 (5th Cir. 2002) ("[T]he lead plaintiff should be an investor capable of understanding and controlling the litigation.").

The procedure for the appointment of lead plaintiff is routine and predictable. The plaintiff who files the initial lawsuit must, within 20 days of filing the action, publish a notice to the class informing class members of their right to file a motion for appointment as lead plaintiff. *See* 15 U.S.C. § 78u–4(a)(3)(A)(i). Within 60 days after publication of the required notice, any member or members of the proposed class may apply to the district court to be appointed as lead plaintiff, regardless of whether they have previously filed a complaint in the underlying action. *See id.* § 78u-4 (a)(3)(A)(i)(II). The district court is required to appoint a lead plaintiff "[a]s soon as practicable" after the consolidating related securities class actions. *Id*. § 78u–4(a)(3)(B)(ii).

The PSLRA provides that the lead plaintiff is to be the "most capable of adequately representing the interests of class members." *Id.* § 78u-4(a)(3)(B)(i). There is a rebuttable presumption that that the most adequate plaintiff is the person or group of persons that: (1) filed a

---

[1] The motions were referred by United States Senior District Judge David Ezra to the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Text Orders Dated April 9, 2025.

complaint or a timely motion to be appointed lead plaintiff; (2) "has the largest financial interest in the relief sought by the class;" and (3) "otherwise, satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Id*. § 78u–4(a)(3)(B)(iii)(I); *see also Berger*, 257 F.3d at 478 n.1 (describing the PSLRA's process for selecting the most adequate plaintiff). This presumption may only be overcome upon proof that the presumptive lead plaintiff will not fairly and adequately represent the class or that the presumptive lead plaintiff will be subject to unique defenses that will render him incapable of adequately representing the class. *See* 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II).

The moving parties each sought to be designated as lead plaintiff and their counsel lead counsel. Responses to the motions were due by February 24, 2025. *See* Local Court Rule CV-7(d)(2). Before the response deadline, four Movants (the Pello-Bohn Group, Vestal, Hill, and Smisek) filed notices stating their non-opposition to the competing motions. Dkts. 27, 30, 31, 32. Movant DeSimone did not file an opposition brief and has not otherwise made any submissions to the court since his initial motion papers. The Pérez-Cotapos Family and Alaghemand vigorously fought over who should be appointed Lead Plaintiff until Alaghemand ultimately withdrew her motion. *See* Dkts. 28, 33, 34, 40, 41. Accordingly, the Pérez-Cotapos Family's is the only individual or group continuing to seek appointment as Lead Plaintiff.

The Pérez-Cotapos Family claims losses of approximately 2.5 million.[2] The Pérez-Cotapos Family consists of Carlos Pérez-Cotapos Ugarte, his wife Maria Isable Ureta Bazán, his father Carlos Pérez-Cotapos Subercaseaux, and Carlos Pérez-Cotapos Subercaseaux's personal investment company, Inversiones Ane Miren Limitada ("IAML"). Of the Pérez-Cotapos Family's

---

[2] There are two methods for calculating losses: first in, first out ("FIFO") and last in, first out ("LIFO"). *Plymouth Cnty. Ret. Sys. v. Apache Corp.*, 566 F. Supp. 3d 712, 717 (S.D. Tex. 2021). FIFO is a method of accounting "where stocks which were acquired first are assumed to be sold first for the purpose of loss calculations." *Id*. Under LIFO, "stocks which were acquired most recently are assumed to be sold first." *Id*. The LIFO method is often used by district courts trying to determine losses when deciding who to appoint as lead plaintiff. The Pérez-Cotapos Family asserts it lost $2.58 million using a first-in, first-out accounting method or $2.45 million using a last-in, first-out accounting method. The court generalizes this as $2.5 million.

losses, the IAML lost $1,416,093; Carlos Pérez-Cotapos Ugarte lost approximately $766,782, and the other individuals lost less than $155,000.

With the withdrawal of Alaghemand's motion and her acknowledgment that she does not have the largest financial interest in the case, Dkt. 41, there is no dispute that the Pérez-Cotapos Family has the greatest financial interest in the litigation. The Pérez-Cotapos Family's claims in this litigation are based on the same legal theory and arise from the same events and course of conduct as the Class's claims.

Alaghemand previously argued the IAML was an atypical investor because on two occasions the IAML bought and sold the same number of shares in a single day. These two days of trading do not render the IAML an atypical investor. The IAML's Class Period investment activity consisted mostly of purchasing and holding the relevant stock through the corrective disclosure (*i.e.*, revelation of Defendants' alleged fraud) at the end of the Class Period, at which point its shares sharply declined in value, causing the investment losses that IAML now seeks to recover. *See Xie v. Nano Nuclear Energy Inc.*, No. 24-CV-6057 (JMF), 2024 WL 4610893, at *2 (S.D.N.Y. Oct. 28, 2024) (finding that a party that purchased and sold relevant securities on only four days of the seventy-one-day-long class period, while holding other shares continuously through the class period, was not disqualified from being appointed lead plaintiff).

Accordingly, the court will appoint the Pérez-Cotapos Family as Lead Plaintiff.

## II.  LEAD COUNSEL

The PSLRA provides that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). "While the appointment of counsel is made subject to the approval of the court, the [PSLRA] clearly leaves the choice of class counsel in the hands of the lead plaintiff." *Plymouth Cnty. Ret. Sys. v. Apache Corp.*, 566 F. Supp. 3d 712, 721 (S.D. Tex. 2021) (quoting *In re Cavanaugh*, 306 F.3d 726, 734

(9th Cir. 2002)). A district court should defer to the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the [plaintiff] class." *Plymouth Cnty. Ret. Sys.*, 566 F. Supp. 3d at 718 (citing *In re Waste Mgmt*, 128 F. Supp. 2d at 411).

The Pérez-Cotapos Family has selected Pomerantz LLP ("Pomerantz") and Bronstein, Gewirtz & Grossman, LLC ("BG&G") as Co-Lead Counsel and The Briscoe Law Firm, PLLC ("BLF") as Liaison Counsel for the Class. These law firms have substantial experience in securities class action lawsuits and possess the resources necessary to pursue this action. The court is satisfied that the Pérez-Cotapos Family has made a reasonable choice of counsel and will not disturb their selection.

### III. CONCLUSION

Accordingly, the court **GRANTS** the Motion and Memorandum of Law in Support of Motion of the Pérez-Cotapos Family for Appointment as Lead Plaintiff and Approval of Selection of Counsel (Dkt. 25).

The court **DENIES** the Motion of Movant Hoorieh Alaghemand for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Counsel (Dkt. 12), Steve E. Pello and David Bohn's Motion for Appointment as Co-Lead Plaintiffs and Approval of Counsel (Dkt. 15), Notice of Motion of Jesse Vestal for Appointment as Lead Plaintiff and Appointment of Co-Lead Counsel (Dkt. 16), Danny Hill's Notice of Motion and Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel (Dkt. 20), Notice of Motion of Steven Desimone for Appointment as Lead Plaintiff and Approval of Counsel (Dkt. 22), and Motion of Robert Smisek for Appointment as Lead Plaintiff and for Approval of Selection of Counsel (Dkt. 24).

Finally, the court observes that many movants filed motions and briefs in support as separate documents. *See* Dkts. 12 and 13, 16 and 18, 20 and 21, 22 and 23). The Local Rules require that the motion and brief be a single document. Loc. R. CV-7(c)(1) ("Any legal authority

in support of a motion must be cited in the motion, and not in a separate brief."). The court reminds the parties not to file separate motions and briefs in the future.

SIGNED May 8, 2025.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE