**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| CARLOS PÉREZ-COTAPOS UGARTE, MARIA ISABEL URETA BAZÁN, CARLOS PÉREZ-COTAPOS SUBERCASEAUX, INVERSIONES ANE MIREN LIMITADA, SHERYL GROVE, and HOORIEH ALAGHEMAND, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:24-CV-1525-DAE |
| Plaintiffs, | |
| v. | |
| CASSAVA SCIENCES, INC., REMI BARBIER, RICHARD JON BARRY, LINDSAY BURNS, JAMES W. KUPIEC, and ERIC SCHOEN, | |
| Defendants. | |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS CASSAVA SCIENCES, INC., REMI BARBIER, LINDSAY BURNS, AND ERIC J. SCHOEN'S MOTION TO CONSOLIDATE**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

INTRODUCTION .............................................................................................................. 1

ARGUMENT .................................................................................................................... 3

    I.     Legal Standard. ....................................................................................... 3

    II.    The Court Should Not Reward Defendants' Unreasonable Delay in Moving to Consolidate. ........................................................................................... 3

    III.   The Vastly Different Procedural Postures Render Consolidation Inappropriate.... 4

    IV.   Consolidation Would Unfairly Prejudice Plaintiffs. ............................................... 6

    V.    Consolidation is Improper Because Claims in This Action are Based on Distinct Facts. ...................................................................................................... 8

    VI.   The Court Should Disregard Defendants' Perfunctory Argument Raised in Footnote 3. ............................................................................................ 9

CONCLUSION ................................................................................................................ 10

CERTIFICATE OF SERVICE ........................................................................................... 12

i

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

## **Cases**

*Baker v. Cassava Sciences, Inc.*,
    No. 1:24-cv-00977 (N.D. Ill.) ..................................................................................7

*Benchmark Towing Sys., LLC v. Chacon Bus. Grp.*,
    2024 WL 4428983 (W.D. Tex. Oct. 4, 2024) ..............................................3, 4, 5

*Castaneda v. Swift Transp. Corp.*,
    2009 WL 10669207 (W.D. Tex. July 16, 2009) ........................................................6

*Flores v. Dart Container Corp.*,
    2021 WL 107239 (E.D. Cal. Jan. 12, 2021) ............................................................10

*Frazier v. Garrison I.S.D.*,
    980 F.2d 1514 (5th Cir. 1993) ..................................................................................3

*In re BP, PLC Sec. Litig.*,
    758 F. Supp. 2d 428 (S.D. Tex. 2010) ......................................................................8

*In re Cassava Sciences, Inc. Securities Litigation*,
    No. 1:21-cv-00751 (W.D. Tex.) ..................................................................... *passim*

*In re Facebook, Inc., IPO Sec. & Deriv. Litig.*,
    288 F.R.D. 26 (S.D.N.Y. 2012) ................................................................................6

*Kin-Yip Chun v. Fluor Corp.*,
    2020 WL 2745527 (N.D. Tex. May 26, 2020) ........................................................5

*Madison v. Health Care Servs. Corp.*,
    2022 WL 22877790 (W.D. Tex. July 14, 2022) ..................................................4, 5

*Maldonado v. GEO Grp., Inc.*,
    2020 WL 10357002 (W.D. Tex. Dec. 16, 2020) ....................................................10

*Mills v. Beech Aircraft Corp.*,
    886 F.2d 758 (5th Cir. 1989) ....................................................................................3

*Ont. Tchrs.' Pension Plan Bd. v. Teva Pharm. Indus. Ltd.*,
    2020 WL 1181366 (D. Conn. Mar. 10, 2020) ........................................................5

*Pedigo v. Austin Rumba, Inc.*,
    2010 WL 2730463 (W.D. Tex. June 24, 2010) ......................................................4

4905-5042-5962, v. 12

*Penthouse Owners Ass'n, Inc. v. Certain Underwriters at Lloyd's London*,
    2008 WL 5381917 (S.D. Miss. Dec. 19, 2008) ........................................................................4

*Sable Networks, Inc. v. Cloudfare, Inc.*,
    2024 WL 718690 (W.D. Tex. Feb. 5, 2024)............................................................................9

*Smartflash LLC v. Google, Inc.*,
    2014 WL 11071872 (E.D. Tex. July 7, 2014) ........................................................................4

*St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*,
    712 F.2d 978 (5th Cir. 1983) ................................................................................................3

*Trevizo v. Cloonan*,
    2000 WL 33348794 (W.D. Tex. Nov. 29, 2000)...................................................................6

*York v. Toone*,
    2018 WL 3338224 (W.D. Tex. Mar. 19, 2018) ...................................................................10

iii

Lead Plaintiffs Carlos Pérez-Cotapos Ugarte, Maria Isabel Ureta Bazán, Carlos Pérez-Cotapos Subercaseaux, and Inversiones Ane Miren Limitada (collectively, "Lead Plaintiffs"), and additional Plaintiffs Sheryl Grove and Hoorieh Alaghemand (together with Lead Plaintiffs, "Plaintiffs") submit this memorandum of law in opposition to the Motion to Consolidate (ECF No. 53) (the "Motion") filed by Defendants Cassava Sciences, Inc., Remi Barbier, Lindsay Burns, and Eric J. Shoen ("Defendants").[1]

## INTRODUCTION

The Court should deny Defendants' efforts to merge two cases that are at vastly different stages in litigation and that allege distinct facts and theories of liability. Defendants bring this Motion seeking to subsume Plaintiffs' claims into the earlier filed 2021 Action that has apparently already settled in principle. ECF No. 53 at 1 n.2. Defendants contend that consolidation is necessary because of overlap between Plaintiffs' claims and the claims in the 2021 Action, but Defendants knew there was overlap as early as January 2025, when they first appeared in this action. ECF No. 10. Notwithstanding Defendants' inaccurate characterization of the original complaint as "based solely on Cassava's 2024 disclosures about simufilam's Phase 3 trials," ECF No. 53 at 4, the original complaint included some claims arising from misrepresentations about the tainted Phase 2b Study and the related investigations, ECF No. 1 ¶¶26-28, 31-32, 36. By the time the original complaint was filed, the plaintiffs in the 2021 Action (the "2021 Action Plaintiffs") had already requested to supplement their complaint to include some of those same disclosures. *Compare* ECF No. 1 ¶¶26-28, *with* 2021 Action, ECF No. 252 at 1-2. Thus,

---

[1] Capitalized terms not defined herein have the same meaning as in the Amended Complaint (ECF No. 49) (the "AC"). All emphasis is added, and all internal quotation marks and citations are omitted unless otherwise indicated. Citations to filings in this action are referred to by ECF No. only and any citations to filings in *In re Cassava Sciences, Inc. Securities Litigation*, No. 1:21-cv-00751 (W.D. Tex.) (the "2021 Action") are cited as "2021 Action, ECF No. _."

Defendants knew about the overlap, yet inexcusably delayed *eight months* before asking the Court to consolidate the cases.

Notably, during those eight months, the Court permitted the 2021 Action Plaintiffs to supplement their complaint to include allegations from this action's Class Period, the 2021 Action's class was certified, and, most recently, the 2021 Action was settled in principle. ECF No. 53 at 10; 2021 Action, ECF Nos. 317, 332. The timing of Defendants' Motion is thus telling and indicates that their belated Motion is just an ill-conceived gambit to force the terms of the settlement of the 2021 Action onto the putative Class in this action with no additional consideration to these damaged investors.

Even if the Court were to excuse Defendants' unreasonable delay, as discussed further below, consolidation is still inappropriate for three reasons. *First,* the cases are in entirely different procedural postures, such that consolidation would frustrate judicial economy. Defendants ask the Court to consolidate a case that is still in the pleadings stage with a case that has been pending for over four years, is in advanced stages of the litigation, and for which there apparently is already an agreement in principle to settle. *Second*, consolidation would unfairly prejudice Plaintiffs because the 2021 Action Plaintiffs and their counsel have expressly refused to protect the interests of the Class by seeking to add post-class period events to expand their damages but not seeking to extend their class period to include the Class Members that Plaintiffs represent. Further, the 2021 Action Plaintiffs' interest in enforcing their settlement agreement places them at odds with Plaintiffs and the Class, who are still seeking to maximize their recovery of damages. *Third*, the AC asserts claims that are factually distinct from the claims in the 2021 Action, have yet to be tested by a motion to dismiss, and have not been subject to discovery. Accordingly, Defendants' Motion should be denied.

Alternatively, if the Court decides consolidation is appropriate, Plaintiffs respectfully request that the Court designate a subclass consisting of the Class from this action and appoint Plaintiffs and their counsel to represent them to ensure the interests of the Class are protected.

## ARGUMENT

### I.    Legal Standard.

"Federal district courts have very broad discretion in deciding whether or not to consolidate." *Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1532 (5th Cir. 1993). "The party seeking consolidation has the burden to demonstrate that consolidation is proper." *Benchmark Towing Sys., LLC v. Chacon Bus. Grp.*, 2024 WL 4428983, at *2 (W.D. Tex. Oct. 4, 2024). "Consolidation may properly be denied in instances where the cases are at different stages of preparedness for trial." *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 762 (5th Cir. 1989). Consolidation is also "improper if it would prejudice the rights of the parties." *St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 1983).

### II.   The Court Should Not Reward Defendants' Unreasonable Delay in Moving to Consolidate.

As set forth above, Defendants have known about the overlap in the two cases yet waited *eight months* before bringing this Motion. The 2021 Action progressed significantly during those eight months, such that judicial economy would not be served, and Plaintiffs would be unfairly prejudiced, if the Court were to grant consolidation.

Further, the timing of their Motion should give the Court pause. For eight months, Defendants ignored the overlap between the two cases and gambled that the Court would (1) deny the motion by the 2021 Action Plaintiffs to supplement their complaint to include allegations from the Class Period in this action, (2) require the 2021 Action Plaintiffs to expand their class period, and (3) deny their class certification motion. When Defendants' gamble failed to pay off, they

3

apparently reached an agreement in principle to settle the 2021 Action. Yet when Plaintiffs filed the AC in this action, Defendants were once again alerted to the overlap between some of the allegations in the two actions. Now, Defendants are mischaracterizing the original complaint in this action, feigning ignorance of the overlap, and taking steps to stall the 2021 Action and renege on the agreement they apparently had already reached. Their gamesmanship should not be rewarded. *See Smartflash LLC v. Google, Inc.*, 2014 WL 11071872, at *3 (E.D. Tex. July 7, 2014) ("Google could have entered the Samsung case long before its motion to consolidate" as "it was aware of the case" and "[t]he Court will not delay the schedule in the Samsung case by five months when Google could have moved to intervene . . . substantially sooner"); *Penthouse Owners Ass'n, Inc. v. Certain Underwriters at Lloyd's London*, 2008 WL 5381917, at *1 (S.D. Miss. Dec. 19, 2008) (stating it appears "that delay is [the moving party]'s actual goal" and crediting the non-moving party's "point of view that [the] request to consolidate is questionable, given that two years of litigation have elapsed and trial is scheduled in the instant case").

**III.    The Vastly Different Procedural Postures Render Consolidation Inappropriate.**

The Court should also deny the Motion because the 2021 Action has progressed significantly while this action remains at the pleadings stage. Courts within this District routinely deny consolidation when the cases are at different procedural postures, even where "the two cases at issue involve almost identical questions of law and fact." *Pedigo v. Austin Rumba, Inc.*, 2010 WL 2730463, at *1 (W.D. Tex. June 24, 2010) (denying consolidation where one case was "rapidly nearing final judgment" and litigation was "only just beginning" in the other); *Benchmark*, 2024 WL 4428983, at *2 ("While there may be other reasons to deny consolidation, the Court denies consolidation at this point because the third case is at a very different stage than the two earlier cases."); *Madison v. Health Care Servs. Corp.*, 2022 WL 22877790, at *1 (W.D. Tex. July 14,

4

2022) ("[C]onsolidation is not appropriate. Although there is significant factual overlap between the two cases, the cases are in substantially different stages of litigation.").

In *Benchmark*, the Court denied consolidation where two of the cases had "progressed well into discovery and [had] approaching dispositive motion deadlines," whereas "the third case [had] yet to have an entered scheduling order." 2024 WL 4428983, at *2. Similarly, in *Madison*, the Court found consolidation inappropriate where one case "remain[ed] at the pleadings stage," no discovery had been completed, and a scheduling order had not yet been entered, whereas in the other case, "[t]he parties [had] conducted substantial discovery," "many substantive motions" had been ruled on, and the case had a trial date set. *Madison*, 2022 WL 22877790, at *1-2.

Here, the parties to the 2021 Action have reached a settlement in principle after four years of litigation that has advanced past a motion to dismiss, ample discovery, and a class certification motion. ECF No. 53 at 1 n.2, 10 ("Plaintiffs and Cassava/Schoen signed a binding an enforceable term sheet on August 18, 2025 to settle this litigation . . . ."). 2021 Action, ECF Nos. 104, 221, 332. In sharp contrast, the AC in this action was just filed a month ago, and it has yet to be tested on a motion to dismiss. ECF No. 49. Under these circumstances, consolidation is inappropriate.

Defendants' authority (ECF No. 53 at 8) is unpersuasive because those cases were consolidated when they were not at such vastly different procedural postures. *See Kin-Yip Chun v. Fluor Corp.*, 2020 WL 2745527, at *1-3 (N.D. Tex. May 26, 2020) (lead plaintiff had not yet been appointed in one case whereas in the other, a motion to dismiss the amended consolidated complaint had not yet been briefed); *Ont. Tchrs.' Pension Plan Bd. v. Teva Pharm. Indus. Ltd.*, 2020 WL 1181366, at *3, *5-7 (D. Conn. Mar. 10, 2020) (after case survived a motion to dismiss and following a Rule 16 pretrial conference in which the parties were instructed to brief the consolidation issue, court consolidated into it related actions with "no activity on [the] docket,"

5

that had been stayed, or with no lead plaintiff appointed); *In re Facebook, Inc., IPO Sec. & Deriv. Litig.*, 288 F.R.D. 26, 30-31 (S.D.N.Y. 2012) (in September 2012, United States Judicial Panel on Multidistrict Litigation transferred forty-one related actions filed around the country after May 2012 IPO, and the Court consolidated the actions and appointed a lead plaintiff and lead counsel).

## IV.    Consolidation Would Unfairly Prejudice Plaintiffs.

Consolidation is also inappropriate because it would result in unfair prejudice. The "principal limitation" on consolidation "is that the court must avoid prejudicing the rights of the parties." *Castaneda v. Swift Transp. Corp.*, 2009 WL 10669207, at *3 (W.D. Tex. July 16, 2009). A party's rights are prejudiced by consolidation when "one party's substantive legal interests differ from those of his co-party." *Id. See also Trevizo v. Cloonan*, 2000 WL 33348794, at *2 (W.D. Tex. Nov. 29, 2000) ("Consolidation is improper if it aligns a party in one part of the litigation with other parties with whom the first party has a conflicting interest in other parts of the consolidated litigation.").

Here, consolidation would unfairly prejudice Plaintiffs and the Class because the 2021 Action Plaintiffs and their counsel are conflicted and cannot adequately represent Plaintiffs and the Class. When events supporting their allegations came to light after their class period ended and during the Class Period in this action, the 2021 Action Plaintiffs moved to supplement their complaint to include those post-class period allegations so that their class members could recover additional damages. *See* 2021 Action, ECF No. 252 at 1-2, 15-16. However, they denied that expanding their class period was necessary and did not seek to include the Class Members in this action, even though they were similarly injured, presumably out of self-interest because the class certification motion had already been fully briefed in the 2021 Action. *See* 2021 Action, ECF No. 252 at 3, 15-16. Thus, the 2021 Action Plaintiffs only advocated for expanding their class's

4905-5042-5962, v. 12

potential recovery while ignoring the injury suffered by the Class Members in this action.[2] The Court granted their motion, acknowledging that "[p]laintiffs repeatedly maintain that they do not seek to expand the [c]lass [p]eriod in their supplemented complaint," "[n]or [would] they be allowed to do so based on the proposed new allegations." 2021 Action, ECF No. 317 at 7. Given their express refusal to represent or protect the interests of Plaintiffs and the Class, the 2021 Action Plaintiffs and their counsel are conflicted, and consolidation should be denied.

Moreover, consolidation should be denied because Plaintiffs' interests are at odds with the 2021 Action Plaintiffs. As Defendants concede, they are seeking consolidation because this action "upended" their settlement negotiations in the 2021 Action. ECF No. 53 at 1 n.2 According to Defendants, the 2021 Action Plaintiffs oppose this motion because "Cassava/Schoen signed a binding and enforceable term sheet on August 18, 2025 to settle this litigation." ECF No. 53 at 10. The Company's Q2 2025 quarterly report filed with the SEC on Form 10-Q on August 14, 2025 also indicated that the Company had reserved a $31.25 million loss contingency for potential settlement of the 2021 Action, stating it is "the best estimate of potential loss." *See* Exhibit A to the accompanying Declaration of Murielle J. Steven Walsh.[3] Thus, it appears the parties in the 2021 Action already reached an agreement in principle to settle. Defendants are now attempting to stall and renege on that agreement by asking the Court to sweep in the claims from this action so that they will be subsumed by the settlement of the 2021 Action without any negotiation with the putative Class or extra consideration. Allowing them to do so would put the interests of

---

[2] *Baker v. Cassava Sciences, Inc.*, No. 1:24-cv-00977 (N.D. Ill.) (the "Baker Action") is distinguishable because, unlike here, the 2021 Action Plaintiffs promptly moved to supplement their operative complaint and protected the *Baker* class members' interests by expanding the 2021 Action class period to include them. Baker Action, ECF No. 1 ¶1; 2021 Action, ECF Nos. 68, 129.

[3] The Company similarly informed investors in a quarterly report that it had set aside $40 million for potential settlement with the SEC *before* the SEC announced the Company had agreed to pay a $40 million civil penalty. AC ¶¶149, 155.

Plaintiffs and the 2021 Action Plaintiffs at odds. Whereas Plaintiffs are seeking to maximize their recovery of damages, the 2021 Action Plaintiffs are seeking to enforce the agreement that they appear to have already reached to resolve the 2021 Action. Given their past refusal to protect the interests of the Class, there is no guarantee that the 2021 Action Plaintiffs will protect the Class's interests if the cases are consolidated. If the Court grants consolidation, Plaintiffs face the risk of being subsumed into an already agreed upon settlement amount that does not account for their significant additional damages, or, even if the parties in the 2021 Action were to renegotiate the settlement post-consolidation, Plaintiffs face the risk of being forced to settle at a steep discount to quickly resolve all claims. The only way to ensure that Plaintiffs' and the Class Members' interests are protected is by denying the Motion.

Alternatively, if the Court determines that consolidation is appropriate, Plaintiffs respectfully request that the Court designate a subclass consisting of the Class from this action and appoint Plaintiffs and their counsel to represent them to ensure the interests of the Class are protected. *See In re BP, PLC Sec. Litig.*, 758 F. Supp. 2d 428, 441-42 (S.D. Tex. 2010) (appointing lead plaintiffs for a subclass with a different class period "to preserve the claims of all potential class members"). The Court already appointed Lead Plaintiffs and Co-Lead Counsel to represent the Class in this action, and they should be permitted to continue to do so. ECF No. 42.

**V.      Consolidation is Improper Because Claims in This Action are Based on Distinct Facts.**

In addition, consolidation is improper because the AC asserts claims that are based on facts that are distinct from those alleged in the 2021 Action. Defendants nevertheless elide these factually distinct claims asserted in the AC, incorrectly contending that Plaintiffs "abandon[ed] the . . . claims of the original complaint." ECF No. 53 at 5. Not so. Several of the misstatements alleged in the original complaint remain in the AC, including the Company's disclosure of the topline results for the later Phase 2 Study (a separate study from the tainted Phase 2b Study) on February

7, 2024, Kupiec's statements during an August 8, 2024 earnings call about the "remarkable" Phase 2 Study results and his optimism about simufilam's chance for success during the Phase 3 trials, Barry's statements during the H.C. Wainwright Conference in September 2024 about the "impressive" Phase 2 Study results, and Barry's October 8, 2024 open letter directing investors to focus on the Phase 2 Study results while downplaying the controversy surrounding the Phase 2b Study. ECF No. 1 ¶¶21-22, 32, 35-36; AC ¶¶159-60, 171, 173, 175. Further, similar to the original complaint, which alleged that Defendants misrepresented simufilam's prospects by spinning the Phase 2 Study data to make the drug's potential seem more favorable, the AC likewise alleges that Defendants misled investors about the Phase 2 Study results in order to make simufilam's prospects appear better. ECF No. 1 ¶38; AC ¶¶101, 116. Both the original complaint and the AC allege that the truth emerged, or the previously undisclosed risk materialized, when the Company announced that the first Phase 3 Study failed to meet its endpoints and that the second Phase 3 Study would be discontinued. ECF No. 1 ¶¶39-40; AC ¶¶178, 180-81. When the 2021 Action Plaintiffs sought leave to supplement their complaint with events after their class period and during this Class Period, they did not include *any* of these allegations. Thus, this theory of liability is entirely distinct from the 2021 Action and these allegations have not yet been tested on a motion to dismiss or subject to discovery, further supporting that consolidation is inappropriate.

## VI.    The Court Should Disregard Defendants' Perfunctory Argument Raised in Footnote 3.

Defendants contend that allowing the cases to proceed in parallel would render settlement impossible. ECF No. 53 at 8 n.3. As an initial matter, Defendants waived this argument by addressing it only in a footnote, despite having two full pages remaining to fully develop the argument. *Sable Networks, Inc. v. Cloudfare, Inc.*, 2024 WL 718690, at *2 (W.D. Tex. Feb. 5, 2024) ("[T]he Court will not entertain . . . cursory arguments raised only in footnotes . . . .");

*Maldonado v. GEO Grp., Inc.*, 2020 WL 10357002, at *4 (W.D. Tex. Dec. 16, 2020) ("Arguments that are insufficiently addressed in the body of the brief, however, are waived."); *York v. Toone*, 2018 WL 3338224, at *1 n.2 (W.D. Tex. Mar. 19, 2018) ("Arguments subordinated in a footnote are insufficiently addressed in the body of the brief and thus are waived.").

In any event, this argument lacks merit. A release can be framed so that it is limited to the claims raised in the operative complaint in the 2021 Action and would only apply to class members in the 2021 Action. Defendants' speculation about the ascertainability of class members and identifying overlap between the two cases ignores that the claims administrator will have the list of potential class members to whom it provides notice of any settlement and from which it receives claims. Any settlement notice could also inform class members of the potential overlap between the 2021 Action and this action and indicate that they may opt out of the settlement if they wish to pursue their claims as part of this action instead. *See Flores v. Dart Container Corp.*, 2021 WL 107239, at *8-9 (E.D. Cal. Jan. 12, 2021) (finding notice informing class members of potential overlap among claims and giving them an opportunity to opt out of the settlement to pursue the overlapping claims was adequate). Thus, Defendants' argument is unpersuasive.

## CONCLUSION

For the foregoing reasons, the Court should deny Defendants' Motion. Alternatively, to the extent the Court grants Defendants' Motion, the Court should designate a subclass consisting of the Class in this action and appoint Plaintiffs and their counsel as Lead Plaintiffs and Co-Lead Counsel of the subclass.

Dated: September 25, 2025                    Respectfully submitted,

                                            */s/ Murielle J. Steven Walsh*
                                            Murielle J. Steven Walsh (*pro hac vice*)
                                            (State of New York Juris No. 2837631)
                                            **POMERANTZ LLP**
                                            Jeremy A. Lieberman (*pro hac vice*)

(State of New York Juris No. 4161352)
Emily C. Finestone (*pro hac vice*)
(State of New York Juris No. 5394820)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
Email: jalieberman@pomlaw.com
mjsteven@pomlaw.com
efinestone@pomlaw.com

**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**
Peretz Bronstein (*pro hac vice* application forthcoming)
(State of New York Juris No. 2155067)
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
Email: peretz@bgandg.com

Michael J. Boyle (*pro hac vice* application forthcoming)
(State of Ohio Juris No. 0091162)
4200 Regent Street, Suite 200
Columbus, OH 43219
Telephone: (614) 578-5582
Email:  mboyle@bgandg.com

*Counsel for Plaintiffs and
Co-Lead Counsel for the Class*

**THE BRISCOE LAW FIRM, PLLC**
Willie C. Briscoe (Tx. Bar Number 24001788)
12700 Park Central Drive, Suite 520
Dallas, Texas 75251
Telephone: (972) 521-6868
Facsimile: (281) 254-7789
Email: wbriscoe@thebriscoelawfirm.com

*Counsel for Plaintiffs and
Liaison Counsel for the Class*

**THE ROSEN LAW FIRM, P.A.**

11

Phillip Kim (*pro hac vice* application forthcoming)
(State of New York Juris No. 4145397)
275 Madison Avenue, 40th Floor
New York, NY 10116
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: philkim@rosenlegal.com

*Additional Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on September 25, 2025, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

/s/ Murielle J. Steven Walsh

Murielle J. Steven Walsh (*pro hac vice*)
(State of New York Juris No. 2837631)
**POMERANTZ LLP**
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
Email: mjsteven@pomlaw.com

12