IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

|  |  |  |
|---|---|---|
| CARLOS PÉREZ-COTAPOS UGARTE, MARIA ISABEL URETA BAZÁN, CARLOS PÉREZ-COTAPOS SUBERCASEAUX, INVERSIONES ANE MIREN LIMITADA, SHERYL GROVE, and HOORIEH ALAGHEMAND, Individually and on Behalf of All Others Similarly Situated, | § § § § § § § § | Case No. 1:24-cv-01525-DAE<br><br>CLASS ACTION |
| Plaintiffs, | § § | |
| v. | § § | |
| CASSAVA SCIENCES, INC., REMI BARBIER, RICHARD JON BARRY, LINDSAY BURNS, JAMES W. KUPIEC, and ERIC SCHOEN, | § § § § § | |
| Defendants. | § § § | |

**DEFENDANTS CASSAVA SCIENCES, INC., REMI BARBIER, LINDSAY BURNS, AND ERIC J. SCHOEN'S REPLY IN SUPPORT OF MOTION TO CONSOLIDATE**

## TABLE OF CONTENTS

**INTRODUCTION**................................................................................................... 1

**ARGUMENT** ........................................................................................................ 1

**I.**    The Amended Complaint Arises from Precisely the Same Facts Alleged in the
Consolidated Action.......................................................................................... 1

**II.**    Defendants Moved to Consolidate Promptly After the Amended Complaint
Was Filed. ...................................................................................................... 2

**III.**    The Cases' Procedural Posture Is Appropriate for Consolidation. ...................... 4

**IV.**    Plaintiffs Will Not Be Prejudiced by Consolidation............................................ 5

**CONCLUSION** ..................................................................................................... 5

Defendants Cassava Sciences, Inc., Remi Barbier, Lindsay Burns, and Eric J. Schoen submit this Reply in Support of their Motion to Consolidate this action with *In re Cassava Sciences, Inc. Securities Litigation*, No. 1:21-cv-00751-DAE (W.D. Tex.) (the "Consolidated Action").

## INTRODUCTION

In their Opposition, Plaintiffs do not meaningfully dispute that the Amended Complaint's new allegations are a continuation of the conduct alleged in the Consolidated Action. *See* Opp. at 3-10. Nor can they. Because the Amended Complaint's claims "arise out of the same facts and claims" as the Consolidated Action, this case should "be consolidated into the Consolidated Action for all purposes." Consol. Action, Dkt. 58.[1] Plaintiffs' attempts to distract from that obvious reality should be rejected out of hand.

## ARGUMENT

**I.    The Amended Complaint Arises from Precisely the Same Facts Alleged in the Consolidated Action.**

Unlike the original complaint, the Amended Complaint openly adopts the allegations of the Consolidated Action, alleging that the Citizen's Petition filed in August 2021 "kicked off years of Defendants making false and misleading statements that downplayed the accusations of research misconduct related to the Phase 2b Study." Am. Compl. ¶¶ 4-6. It describes in detail this "scheme" by Cassava—the same scheme alleged in the Consolidated Action—including alleged misstatements about simufilam made in 2021, 2022, and 2023. *Id.* ¶¶ 71, 73, 76, 78, 80, 82-84, 123-31. It also alleges new corrective disclosures from before November 2024, including the *exact same alleged* corrective disclosures as the Consolidated Action. *Id.* ¶¶ 15-18, 86, 89, 137-42, 153-57, 209-10, 239-40, 244.

---

[1] Filings in this action are referred to by "Dkt." number only, and filings in the Consolidated Action are cited as "Consol. Action, Dkt. __."

Plaintiffs dispute none of this.  Opp. at 3-10.  Instead, Plaintiffs can only state that the Amended Complaint contains a few additional statements from 2024 not alleged in the Consolidated Action.  *Id.* at 8-9. According to Plaintiffs, this means the Amended Complaint's "theory of liability is entirely distinct" from the Consolidated Action.  *Id.* at 9.  Nonsense.  To the extent the Amended Complaint contains any distinct allegations, such allegations are "a clear continuation of the conduct" alleged in the Consolidated Action.  *Kin-Yip Chun v. Fluor Corp.*, 2020 WL 2745527, at *5 (N.D. Tex. May 26, 2020).  The Amended Complaint therefore falls directly within this Court's instruction that all actions "aris[ing] out of the same facts and claims" as the Consolidated Action "shall be consolidated."  Consol. Action, Dkt. 58.

Indeed, with the filing of the Amended Complaint, this case's posture is now *identical* to the situation in *Baker v. Cassava Sciences, et al.*, No. 1:24-cv-00590-DAE (W.D. Tex.), which this Court already consolidated.  As in *Baker*, the Amended Complaint's class period begins *one day after* the Consolidated Action's class period.  *See Baker*, No. 1:24-cv-00977, Dkts. 13, 37.  And as in *Baker*, the Amended Complaint alleges continued disclosures about the same subject matter and misconduct alleged in the Consolidated Action.  *See id.*  As this Court held already, consolidation is appropriate in such circumstances. *Baker*, No. 1:24-cv-00590-DAE, Dkt. 73.[2]

## II.    Defendants Moved to Consolidate Promptly After the Amended Complaint Was Filed.

The Amended Complaint was filed on August 25, Dkt. 49, and Defendants moved to consolidate on September 18, Dkt. 53.  Yet Plaintiffs assert that Defendants unreasonably delayed bringing their motion, because the original complaint was filed in November 2024.  Opp. 3-4.

---

[2] Plaintiffs do not dispute this, instead asserting that *Baker* is "distinguishable" because of Defendants' supposed delay in seeking consolidation and the fact that the class period in the Consolidated Action has not yet been expanded to 2024 and 2025.  Opp. at 7 n.2.  As discussed below, neither assertion has merit.

The reason for such timing, however, is simple: The Amended Complaint fundamentally altered the theory of liability in this case, including by copying the same allegations as the Consolidated Action and alleging a vastly expanded class period.

Plaintiffs again do not dispute this. Opp. at 3-10. Instead, Plaintiffs only state that "several" misstatements from 2024 alleged in the original complaint "remain" in the Amended Complaint. *Id.* at 8-9. They do not dispute that the Amended Complaint's new allegations now stretch back to 2021, that the Amended Complaint's theory of liability now flows from statements concerning the Citizen's Petition, that the Amended Complaint changed the class period to begin *one day after* the class period in the Consolidated Action, or that the Amended Complaint now asserts claims against *every* defendant in the Consolidated Action. *Id.* Simply put, Plaintiffs grafted the theory of liability from the Consolidated Action into the Amended Complaint, abandoning their original theory in favor of one they knew already survived a motion to dismiss.

After receiving the Amended Complaint, Defendants observed this overlap between the two actions, attempted to confer with Plaintiffs, and then promptly moved to consolidate. That is hardly "gamesmanship." Opp. at 4.

Indeed, the only parties guilty of "gamesmanship" here are Plaintiffs. Because this Court ordered that all actions arising from the same allegations as the Consolidated Action "shall be consolidated," Consol. Action, Dkt. 58, the original complaint carefully avoided repeating any allegations from the Consolidated Class Action. Dkt. 1.[3] Only *after* lead plaintiff selection did Plaintiffs openly adopt the Consolidated Action' allegations and theories. Plaintiffs' strategy thus should be seen for what it is—another blatant attempt to avoid this Court's order on consolidation. The Court should not reward such a gambit.

---

[3] Moreover, as explained in Defendants' Motion, Plaintiffs' lead counsel attempted, and failed, to avoid that same order in filing the *Baker* case. *See* No. 1:24-cv-00590-DAE, Dkt. 73.

### III.    The Cases' Procedural Posture Is Appropriate for Consolidation.

Plaintiffs further assert that these cases have "vastly different procedural postures" that render consolidation "inappropriate." Opp. 4. This assertion too lacks merit. Unlike in the cases cited by Plaintiffs, the Consolidated Action has no upcoming dispositive motion deadlines, no trial date has been set, a class was only recently certified, and much discovery remains to be done. *See Benchmark Towing Sys., LLC v. Chacon Bus. Grp.*, 2024 WL 4428983, at *2 (W.D. Tex. Oct. 4, 2024); *Madison v. Health Care Servs. Corp.*, 2022 WL 22877790, at *1 (W.D. Tex. July 14, 2022); *Pedigo v. Austin Rumba, Inc.*, 2010 WL 2730463, at *1 (W.D. Tex. June 24, 2010). The Consolidated Action thus remains at an early procedural stage. Indeed, plaintiffs in the Consolidated Action amended their complaint just months ago, adding many of the exact same allegations contained in the Amended Complaint here. Consol. Action, Dkt. 318.

Plaintiffs' real argument appears to be that the parties' settlement negotiations in the Consolidated Action somehow preclude consolidation. Opp. at 4-6, 9-10. Quite the opposite. Such negotiations reveal why consolidation is essential. Given the overlap between the Consolidated Action and the new allegations in the Amended Complaint, many (or even most) of the class members in this case could release their claims if the Consolidated Action settles. Indeed, it appears that Plaintiffs themselves may be members of the class in the Consolidated Action, and thus presumptively bound to any settlement release in that case, a fact Plaintiffs do not dispute. *See* Dkt. 25-2 at 2-4; Opp. at 9-10. Judicial efficiency and commonsense dictate that the claims in these two actions—which now arise from the same alleged fraudulent "scheme" by the same defendants—be considered together, whether in trying the cases or settling them.

**IV.     Plaintiffs Will Not Be Prejudiced by Consolidation.**

Plaintiffs' assertion that consolidation would "unfairly prejudice Plaintiffs" because plaintiffs' counsel in the Consolidated Action is "conflicted and cannot adequately represent Plaintiffs and the Class" also fails. Opp. at 6-7. Even if such a conflict existed, this Court has ample options to protect Plaintiffs' interests if the cases are consolidated. Indeed, Plaintiffs already identified one such option. *Id.* at 8. Plaintiffs' allegations of "conflict" and "self-interest"—about which Defendants offer no commentary—are no reason to deny consolidation here. *Id.* at 6-7. The Court should follow its prior holding and consolidate these two actions.

<u>**CONCLUSION**</u>

For all these reasons, and for all the reasons stated in Defendants' Motion to Consolidate, *Ugarte v. Cassava Sciences, Inc.*, No. 1:24-cv-01525 (W.D. Tex.) should be consolidated with *In re Cassava Sciences, Inc. Securities Litigation*, No. 1:21-cv-00751-DAE (W.D. Tex.) for all purposes.

Dated: October 2, 2025                     Respectfully submitted,

/s/ *Gregg Costa*
Gregg Costa (Tx. Bar No. 24028160)
Trey Cox (Tx. Bar No. 24003722)
GIBSON, DUNN & CRUTCHER LLP
811 Main Street, Suite 3000
Houston, TX 77002
Telephone: 346.718.6600
gcosta@gibsondunn.com
tcox@gibsondunn.com

Monica K. Loseman (admitted *pro hac vice*)
Scott Campbell (admitted *pro hac vice*)
John Turquet Bravard (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1801 California Street
Denver, CO 80202-2642
Telephone: 303.298.5700
mloseman@gibsondunn.com
scampbell@gibsondunn.com
jturquetbravard@gibsondunn.com

Mary Beth Maloney (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Telephone: 212.351.4000
mmaloney@gibsondunn.com

*Counsel for Defendants Cassava Sciences, Inc. and Eric J. Schoen*

Douglas W. Greene
Zachary R. Taylor
BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, NY 10111
Telephone: 212.847.7090
dgreene@bakerlaw.com

C. Shawn Cleveland
BAKER & HOSTETLER LLP
2850 N. Harwood Street, Suite 1100
Dallas, TX 75201
Telephone: 214.210.1200
scleveland@bakerlaw.com

*Counsel for Defendants Remi Barbier and Lindsay Burns*

6

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on October 2, 2025, a true and correct copy of the foregoing was

served electronically upon each attorney of record.

/s/ *Gregg Costa*_____
Gregg Costa