**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

CARLOS PÉREZ-COTAPOS UGARTE, MARIA ISABEL URETA BAZÁN, CARLOS PÉREZ-COTAPOS SUBERCASEAUX, INVERSIONES ANE MIREN LIMITADA, SHERYL GROVE, and HOORIEH ALAGHEMAND, Individually and on Behalf of All Others Similarly Situated,

Plaintiffs,

v.

CASSAVA SCIENCES, INC., REMI BARBIER, RICHARD JON BARRY, LINDSAY BURNS, JAMES W. KUPIEC, and ERIC SCHOEN,

Defendants.

Case No. 1:24-CV-1525-DAE

**PLAINTIFFS' OPPOSED MOTION TO STRIKE CERTAIN EXHIBITS ATTACHED TO DEFENDANTS' MOTIONS TO DISMISS**

# TABLE OF CONTENTS

INTRODUCTION .......... 1

LEGAL STANDARD .......... 2

ARGUMENT .......... 3

A. Defendants Improperly Use the Audit Report to Introduce Disputed Facts. .......... 3

B. The Court Should Strike the CUNY Letter and All Arguments Related Thereto. . 4

C. The Court Should Strike the Dismissal Order as Irrelevant or, at a Minimum, Disregard Defendants' Improper Arguments Related Thereto. .......... 5

D. The Court Should Strike the Forms 4 as Irrelevant or, at a Minimum, Disregard Defendants' Improper Arguments Related Thereto. .......... 6

CONCLUSION .......... 6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ambler v. Williamson County*,
2021 WL 769667 (W.D. Tex. Feb. 25, 2021)....................3, 4

*In re SolarWinds Corp. Sec. Litig.*,
595 F. Supp. 3d 573 (W.D. Tex. 2022)....................3

*Jenkins v. Tahmahkera*,
151 F.4th 739 (5th Cir. 2025)....................5

*Joseph v. Bach & Wasserman, L.L.C.*,
487 F. App'x 173 (5th Cir. 2012)....................5

*Khoja v. Orexigen Therapeutics, Inc.*,
899 F.3d 988 (9th Cir. 2018)....................4

*Millan v. Bexar County*,
2022 WL 62541 (W.D. Tex. Jan. 5, 2022)....................3, 4

*Miller v. Stroman*,
2020 WL 2494576 (W.D. Tex. May 14, 2020)....................3, 4

*Rose v. Grappler Pressure Pumping, LLC*,
721 F. Supp. 3d 510 (W.D. Tex. 2024),
*aff'd*, 2025 WL 416996 (5th Cir. Feb. 6, 2025)....................3

*Walker v. Beaumont Indep. Sch. Dist.*,
938 F.3d 724 (5th Cir. 2019)....................3

Lead Plaintiffs Carlos Pérez-Cotapos Ugarte, Maria Isabel Ureta Bazán, Carlos Pérez-Cotapos Subercaseaux, and Inversiones Ane Miren Limitada (collectively, "Lead Plaintiffs"), and additional Plaintiffs Sheryl Grove and Hoorieh Alaghemand (together with Lead Plaintiffs, "Plaintiffs") hereby move to strike extraneous materials attached to Defendants Cassava Science's Inc.'s, Richard Jon Barry's, James W. Kupiec's, and Eric Schoen's Motion to Dismiss Plaintiffs' Amended Complaint (ECF No. 70) (the "Company Defendants' Motion") and Remi Barbier's and Lindsay Burns' Motion to Dismiss the Amended Complaint (ECF No. 69) (the "Barbier/Burns Motion") (collectively, "Defendants' Motions to Dismiss"), and all improper references and arguments related to those materials contained in Defendants' Motions to Dismiss.[1]

## INTRODUCTION

Defendants' Motions to Dismiss the Amended Complaint (ECF No. 49) (the "Complaint")[2] improperly rely upon and attach an audit report from Cassava's 2022 audit of Dr. Wang's laboratory (ECF No. 68-3) ("Audit Report"), an "Order Granting Motion to Dismiss Indictment" of Dr. Wang (ECF No. 68-5) ("Dismissal Order"), a May 30, 2025 letter from the City University of New York ("CUNY") related to CUNY's investigation of Dr. Wang (ECF No. 69-2) (the "CUNY Letter"), and various Forms 4 (ECF No. 69-3).

Defendants make scant effort to justify the Court's consideration of these documents. The Company Defendants' Motion merely states that the Court can consider the Audit Report because "[t]he Court may consider documents attached to a motion to dismiss if the documents are 'sufficiently referenced in the complaint,'" and the Court may "take judicial notice of matters of

[1] Pursuant to L.R. CV-7(g), Plaintiffs reached out to Defendants on December 18, 2025 regarding this motion, and Defendants indicated they would oppose it.

[2] The Complaint is cited to herein as "¶_." All internal citations and quotation marks are omitted unless otherwise indicated.

public record," such as the Dismissal Order. ECF No. 70 at 3 n.3, 4 n.6. The Barbier/Burns Motion likewise argues that the CUNY Letter should be considered because it was "publicly filed as an exhibit" in other legal proceedings, and the Forms 4 can be considered because "the court may rely on documents publicly filed with the SEC." ECF No. 69 at 1 n.2, 7 n.3.

However, Defendants' submission of extrinsic materials is nothing more than an improper attempt to introduce their own set of factual allegations and competing theories against the Complaint at the pleadings stage. Defendants use the sole document that is explicitly referenced in the Complaint, the Audit Report, to improperly inject their own counter-narrative of the facts. Further, the fact that the CUNY Letter and Dismissal Order were filed in separate legal proceedings does not give Defendants free rein to introduce disputed facts through judicial notice. Not only do the parties disagree about the interpretation of these documents, but they are irrelevant to Plaintiffs' claims because they have no bearing on Defendants' misleading statements from several months earlier. Likewise, the Forms 4 are irrelevant because Plaintiffs do not rely on suspicious stock sales to support scienter, nor do they undercut Burns' or Barbier's scienter. The Barbier/Burns Motion improperly relies on these documents to introduce disputed facts, and critically, their proffered interpretation of the Forms 4 conflicts with the contents of the documents. Accordingly, the Court should strike the CUNY Letter, Dismissal Order, and Forms 4, and disregard all improper arguments related thereto, and should disregard all improper arguments related to the Audit Report. To the extent the Court is inclined to take judicial notice of any of these documents, it should simply note their existence and contents, not the truth of the matters asserted therein.

## LEGAL STANDARD

In determining whether a plaintiff has alleged sufficient facts to survive a motion to dismiss, "the factual information to which the court addresses its inquiry is limited to (1) the facts

set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019). The Court may consider documents that are "referred to in the complaint and are central to the plaintiff's claim." *Id.* "A document is central to a claim when it is necessary to establish an element of the claim." *Millan v. Bexar County*, 2022 WL 62541, at *4 (W.D. Tex. Jan. 5, 2022).

In addition, "[j]udicial notice may be taken of matters of public record." *Walker*, 938 F.3d at 735. Importantly, "the Court will only take judicial notice of public records that are relevant to the claim." *Miller v. Stroman*, 2020 WL 2494576, at *2 (W.D. Tex. May 14, 2020). "The court's notice, however, is limited to the existence of the document, 'not to prove the truth of the documents' contents.'" *Ambler v. Williamson County*, 2021 WL 769667, at *3 (W.D. Tex. Feb. 25, 2021) (quoting *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1018 (5th Cir. 1996)). "Defendants cannot introduce disputed facts through judicial notice at the dismissal stage in a motion to dismiss." *Miller*, 2020 WL 2494576, at *3. *See also Rose v. Grappler Pressure Pumping, LLC*, 721 F. Supp. 3d 510, 513 (W.D. Tex. 2024) (on a motion to dismiss, the Court "may not consider new factual allegations made outside the complaint"), *aff'd*, 2025 WL 416996 (5th Cir. Feb. 6, 2025); *In re SolarWinds Corp. Sec. Litig.*, 595 F. Supp. 3d 573, 578 n.1 (W.D. Tex. 2022) ("As the documents proffered by [defendants] include assertions that compete with Plaintiffs' allegations, the Court declines to take judicial notice of them at this stage.").

## ARGUMENT

### A. Defendants Improperly Use the Audit Report to Introduce Disputed Facts.

The Complaint alleges that Cassava's audit of Dr. Wang's laboratory "related to [Dr. Wang's] work on the Phase 2b Study." ¶78. In contrast, Defendants rely on the Audit Report to support that the audit did not pertain to allegations of past misconduct by Dr. Wang, including

during the Phase 2b Study. ECF No. 70 at 19; ECF No. 69 at 5. Critically, as detailed in Plaintiffs' Opposition to the Company Defendants' Motion §I.A.1, the Audit Report does not even support their counter-narrative, as it explicitly references the Phase 2b Study as the "applicable project name" and makes unsuitability findings based on *past* conduct and practices. Regardless, the Court cannot consider the Audit Report for the improper purpose for which Defendants offer it, *i.e.*, to contradict the Complaint's allegations. *See Ambler*, 2021 WL 769667, at *5 (striking a video of a police encounter offered "to rebut Plaintiffs' allegations" regarding the police encounter). *See also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th Cir. 2018) ("[I]t is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint.").

**B. The Court Should Strike the CUNY Letter and All Arguments Related Thereto.**

The CUNY Letter should be stricken, as it is neither referenced in the Complaint nor central to Plaintiffs' claims because it is not "necessary to establish an element of [Plaintiffs'] claim[s]." *Millan*, 2022 WL 62541, at *4. It is also irrelevant to Plaintiffs' claims. *See also Miller*, 2020 WL 2494576, at *2 ("[T]he Court will only take judicial notice of public records that are relevant to the claim."). Specifically, the CUNY Letter, which is dated May 30, 2025 (ECF No. 69-2), post-dates the Class Period, and CUNY's conclusions several months after the last alleged misstatement are irrelevant. Whether Dr. Wang actually manipulated data during the Phase 2b Study, or whether CUNY later concluded he did, is inconsequential. Plaintiffs need only prove that Defendants knew or should have known information rendering their statements downplaying the accusations of misconduct and related investigations and touting the Phase 2b Study misleading at that time.

In addition, the Burns/Barbier Motion improperly uses the CUNY Letter to improperly "prove the truth of [its] contents," which cannot be judicially noticed because they are subject to "reasonable dispute." *Ambler*, 2021 WL 769667, at *4-5; *Miller*, 2020 WL 2494576, at *3.

Specifically, the Burns/Barbier Motion relies on the CUNY Letter to support that CUNY exonerated Dr. Wang of the allegations of research misconduct. ECF No. 69 at 1. However, as detailed in Plaintiffs' opposition to the Barbier/Burns Motion §II.A & III.A, Plaintiffs' vehemently dispute that the CUNY Letter exonerated Dr. Wang because it did not displace the CUNY Report's findings of "evidence highly suggestive of deliberate scientific misconduct by Dr. Wang."

Burns and Barbier's authority (ECF No. 69 at 1 n.1) is inapposite because in both of their cases, the Court took judicial notice of pleadings filed in another lawsuit for a limited purpose not subject to reasonable dispute. *See Jenkins v. Tahmahkera*, 151 F.4th 739, 744 n.1 (5th Cir. 2025) (taking judicial notice of complaint in a previous lawsuit to determine whether allegations pertinent to the present lawsuit were contained therein); *Joseph v. Bach & Wasserman, L.L.C.*, 487 F. App'x 173, 178 n.2 (5th Cir. 2012) (taking judicial notice of a complaint filed in state court to determine whether plaintiffs-appellants should have been on notice of something based on the claims alleged therein). Accordingly, the Court should strike the CUNY Letter and all arguments related thereto.

**C. The Court Should Strike the Dismissal Order as Irrelevant or, at a Minimum, Disregard Defendants' Improper Arguments Related Thereto.**

The Court should similarly strike the Dismissal Order as irrelevant. The fact that the indictment was dismissed on October 23, 2025, after the Class Period and over a year after the last alleged misstatement, is irrelevant because, as discussed above, whether Dr. Wang actually manipulated date during the Phase 2b Study, or was convicted of doing so, is inconsequential to Plaintiffs' claims.

Even if the Court were to take judicial notice of the existence of the Dismissal Order, it could not take judicial notice of the Dismissal Order for the purposes for which Defendants offer it. Similar to the CUNY Letter, Defendants rely on the Dismissal Order to support that the allegations of research misconduct against Dr. Wang had no merit. ECF No. 70 at 4; ECF No. 69

at 1. However, as detailed in the opposition to the Barbier/Burns Motion § III.A, Plaintiffs dispute that the Dismissal Order exonerates Dr. Wang in any way because the indictment was dismissed pursuant to the government's unopposed motion, *not on the merits*. Thus, at a minimum, the Court should disregard all improper arguments regarding the significance of the Dismissal Order, which is subject to reasonable dispute.

### D. The Court Should Strike the Forms 4 as Irrelevant or, at a Minimum, Disregard Defendants' Improper Arguments Related Thereto.

In addition, the Court should strike the Forms 4 as irrelevant because Plaintiffs do not rely on suspicious stock sales to support scienter, nor do they undercut scienter. At a minimum, the Court should disregard the Barbier/Burns' Motion's improper arguments related to the Forms 4 because they attempt to introduce new disputed facts through judicial notice. Specifically, the Barbier/Burns Motion argues the Forms 4 undercut scienter because they demonstrate that "Burns did not sell any stock during the class period (or before)" and "Barbier repeatedly acquired—and never sold—Cassava securities." ECF No. 69 at 7. However, as detailed in Plaintiffs' opposition to the Barbier/Burns Motion §II.B, the Forms 4 do not lend any support. The proposition that Burns never sold stock cannot be supported by the absence of any Forms 4, as there is no support that she ever owned any stock, and Barbier's Forms 4 conflict with the Barbier/Burns Motion's characterization of his transactions. Accordingly, the Forms 4 are not judicially noticeable for the improper reasons for which the Barbier/Burns Motion relies on them.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court disregard the improper arguments related to the Audit Report, CUNY Letter, Dismissal Order, and Forms 4 in deciding Defendants' Motions to Dismiss, and strike the CUNY Letter, Dismissal Order, and Forms 4. To the

extent the Court is inclined to consider the documents, Plaintiffs request that the Court do so only to the extent of noting their existence and contents, not for the truth of the matters asserted therein.

Dated: December 22, 2025

Respectfully submitted,

*/s/ Murielle J. Steven Walsh*
Murielle J. Steven Walsh (*pro hac vice*)
(State of New York Juris No. 2837631)
**POMERANTZ LLP**
Jeremy A. Lieberman (*pro hac vice*)
(State of New York Juris No. 4161352)
Emily C. Finestone (*pro hac vice*)
(State of New York Juris No. 5394820)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
Email: jalieberman@pomlaw.com
mjsteven@pomlaw.com
efinestone@pomlaw.com

**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**
Peretz Bronstein (*pro hac vice*)
(State of New York Juris No. 2155067)
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
Email: peretz@bgandg.com

Michael J. Boyle (*pro hac vice*)
(State of Ohio Juris No. 0091162)
4200 Regent Street, Suite 200
Columbus, OH 43219
Telephone: (614) 578-5582
Email: mboyle@bgandg.com

*Counsel for Plaintiffs and*
*Co-Lead Counsel for the Class*

**THE BRISCOE LAW FIRM, PLLC**

Willie C. Briscoe (Tx. Bar Number 24001788)
12700 Park Central Drive, Suite 520
Dallas, Texas 75251
Telephone: (972) 521-6868
Facsimile: (281) 254-7789
Email: wbriscoe@thebriscoelawfirm.com

*Counsel for Plaintiffs and Liaison Counsel for the Class*

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim (*pro hac vice* application forthcoming)
(State of New York Juris No. 4145397)
275 Madison Avenue, 40th Floor
New York, NY 10116
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: philkim@rosenlegal.com

*Additional Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I, Murielle J. Steven Walsh, hereby certify that on December 22, 2025, the foregoing was served upon each attorney of record through the Court's CM/ECF system.

*/s/ Murielle J. Steven Walsh*
Murielle J. Steven Walsh (*pro hac vice*)