IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| CARLOS PÉREZ-COTAPOS UGARTE, MARIA ISABEL URETA BAZÁN, CARLOS PÉREZ-COTAPOS SUBERCASEAUX, INVERSIONES ANE MIREN LIMITADA, SHERYL GROVE, and HOORIEH ALAGHEMAND, Individually and On Behalf of All Others Similarly Situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>CASSAVA SCIENCES, INC., RICHARD JON BARRY, JAMES W. KUPIEC, REMI BARBIER, LINDSAY BURNS, and ERIC SCHOEN,<br><br>*Defendants*. | Case No. 1:24-CV-01525-DAE |

**DEFENDANTS CASSAVA SCIENCES INC.'S, RICHARD JON BARRY'S, JAMES W. KUPIEC'S, AND ERIC SCHOEN'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE**

Defendants Cassava Sciences, Inc., Richard Jon Barry, James W. Kupiec, and Eric Schoen ("Defendants") submit this Opposition to Plaintiffs' Motion to Strike.

## INTRODUCTION

Plaintiffs' Motion to Strike, ECF 75 ("Mot."), reveals what is obvious to anyone who has reviewed the exhibits Plaintiffs seek to strike: Plaintiffs' Amended Complaint mischaracterizes facts in hopes of disguising the implausibility of their claims long enough to survive a Motion to Dismiss. Plaintiffs' Motion to Strike seeks to further that goal by preventing the Court from seeing facts that reveal that mischaracterization: an audit report from Cassava's 2022 audit of Dr. Wang's laboratory, ECF No. 68-3 (the "Audit Report"), and an "Order Granting Motion to Dismiss Indictment" of Dr. Wang, ECF No. 68-5 (the "Dismissal Order"). Unfortunately for Plaintiffs, both exhibits are appropriate for this Court's consideration at the Rule 12 stage.

First, Plaintiffs' Amended Complaint repeatedly cites and quotes (without context) the Audit Report. *See* Am. Compl. ¶¶ 12, 78, 84, 124, 128, 131, 136, 203–204. It is central to Plaintiffs' theories of falsity and scienter in this case; so central, in fact, that, in addition to being repeatedly referenced throughout the Amended Complaint, it is the subject of its own section in Plaintiffs' Opposition to Defendants' Motion to Dismiss. *See* ECF 76 at 16–18. Plaintiffs cannot rely on the Audit to plead their claims while simultaneously preventing the Court from considering what it says. The incorporation-by-reference doctrine exists so that the Court can consider the Audit Report for exactly this purpose.

Second, Plaintiffs' Amended Complaint makes much of the indictment of Dr. Wang and quotes allegations from that indictment as a supposed "corrective disclosure"—though it did not in fact "correct" any alleged misstatement by Cassava. *See* Am. Compl. ¶¶ 15–18, 137–139, 149–150, 154–156, 239–240. The Dismissal Order reveals that the Justice Department voluntarily

1

dismissed this indictment. It is a public court record subject to judicial notice. There is no basis to exclude this public record or these undisputed (and indisputable) facts.

In short, the Court should consider these materials when adjudicating Defendants' Motion to Dismiss. Plaintiffs' Motion should be denied.

**ARGUMENT**

**A.     The Audit Report Is Properly Before the Court Under the Incorporation-by-Reference Doctrine**

On a motion to dismiss, a court's review properly includes not only the complaint and attached documents, but also documents that are "referred to in the complaint and are central to the plaintiff's claim." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019); *see also Nazimuddin v. Wells Fargo Bank, N.A.*, 2025 WL 33471, at *2 (5th Cir. Jan. 6, 2025) (when evaluating motions to dismiss under Rule 12(b)(6), courts "consider all 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice,'" quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000). The "incorporation-by-reference doctrine" exists to prevent a plaintiff from characterizing a document one way in the complaint while insulating that characterization from judicial review, precisely what Plaintiffs attempt to do here.

Plaintiffs do not and cannot dispute that the Amended Complaint repeatedly references, selectively quotes, and relies on Cassava's 2022 Audit Report as a predicate for Plaintiffs' theory of liability. *See* Am. Compl. ¶¶ 12, 78, 84, 124, 128, 131, 136, 203–204. Indeed, Plaintiffs' Opposition to Defendants' Motion to Dismiss doubles down on the same reliance. *See* ECF 76 at 16–18.

Plaintiffs protest that Defendants use the Audit Report to "introduce disputed facts" and to "contradict" the Amended Complaint. Mot. at 3. That is backwards. The incorporation-by-reference doctrine exists specifically to permit the Court to evaluate Plaintiffs' characterization of a document by comparing it to the document itself. Defendants' Motion to Dismiss does not ask the Court to resolve a factual dispute about the Audit Report. Defendants submit the Audit Report to provide appropriate context to the Court's understanding of a document Plaintiffs themselves put at issue.

Plaintiffs made the Audit Report central to their narrative and theories of liability in this case; they cannot prevent the Court from considering the contents of the actual document.

**B.     The Court May Take Judicial Notice of the Dismissal Order, Which Is a Public Court Record and Relevant to Plaintiffs' Pleaded Theory**

Plaintiffs also improperly seek to strike the Order dismissing Dr. Wang's indictment because it is "irrelevant." Mot. at 3.

First, the Dismissal Order is subject to judicial notice because it is a court record. Courts routinely take judicial notice of court filings and court orders as matters of public record. *Walker*, 938 F.3d at 735; *Lovelace v. Software Spectrum, Inc.,* 78 F.3d 1015, 1018 (5th Cir. 1996). There is no dispute about the fact that this Order was entered, the procedural posture of the case when it was entered, or the procedural effect of this Order. This Court can certainly take notice of it.

Second, the Dismissal Order is relevant to the pleadings. Plaintiffs place the indictment and ensuing criminal developments at the center of their loss-causation narrative, characterizing the indictment and subsequent announcements as the "truth" allegedly "trickled out" to the market. *See* Am. Compl. ¶¶ 15–18, 137–139, 149–150, 154–156, 239–240; ECF 76 at 24. When Plaintiffs rely on the criminal process as a purported corrective disclosure, the procedural disposition of that process—here, the Justice Department voluntarily dismissing the indictment Plaintiffs

3

mischaracterize as corrective "truth"—is relevant to evaluating whether Plaintiffs have plausibly alleged that the market learned the "truth" about any alleged prior misstatement. A court is not required to pretend that a public court order does not exist simply because it occurred later in time—particularly where the later event bears directly on Plaintiffs' pleaded theory of what the earlier event supposedly revealed.

The Court can properly notice and consider the order's existence and procedural effect, which are undisputed.

## CONCLUSION

For the foregoing reasons, Plaintiffs Motion to Strike should be denied.

Dated: January 21, 2026

Respectfully submitted,

<u>/s/ *Gregg Costa*</u>
Gregg Costa (Tx. Bar No. 24028160)
Trey Cox (Tx. Bar No. 24003722)
**GIBSON, DUNN & CRUTCHER LLP**
811 Main Street, Suite 3000
Houston, TX 77002
Telephone: 346.718.6600
gcosta@gibsondunn.com
tcox@gibsondunn.com

*Counsel for Defendants Cassava Sciences, Inc., Richard Jon Barry, James W. Kupiec, and Eric Schoen*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on January 21, 2026, a true and correct copy of the foregoing was served upon each attorney of record through the Court's CM/ECF system.

                                            /s/ *Gregg Costa*
                                            Gregg Costa