# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| CARLOS PÉREZ-COTAPOS UGARTE, MARIA ISABEL URETA BAZÁN, CARLOS PÉREZ-COTAPOS SUBERCASEAUX, INVERSIONES ANE MIREN LIMITADA, SHERYL GROVE, and HOORIEH ALAGHEMAND, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>CASSAVA SCIENCES, INC., REMI BARBIER, RICHARD JON BARRY, LINDSAY BURNS, JAMES W. KUPIEC, and ERIC SCHOEN,<br><br>    Defendants. | Case No. 1:24-CV-1525-DAE |

**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO STRIKE CERTAIN EXHIBITS ATTACHED TO DEFENDANTS' MOTIONS TO DISMISS**

**TABLE OF CONTENTS**

ARGUMENT ................................................................................................................................. 1

    A.    Defendants Improperly Ask the Court to Accept their Competing Interpretation of the Audit Report. ........................................................................................ 1

    B.    The Court Should Strike the CUNY Letter and the Arguments Related Thereto. .. 2

    C.    Defendants Offer the Dismissal Order for an Improper Purpose. ........................... 4

    D.    Barbier/Burns Fail to Rebut that they Improperly Use the Forms 4. ...................... 5

CONCLUSION ............................................................................................................................... 5

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Ambler v. Williamson County*,
   2021 WL 769667 (W.D. Tex. Feb. 25, 2021)...............................................................................3

*Christie v. Contract Callers, Inc.*,
   2021 WL 689548 (N.D. Tex. Feb. 23, 2021)...............................................................................5

*Denney v. Amphenol Corp.*,
   2024 WL 3293590 (S.D. Ind. July 3, 2024)................................................................................3

*Edwards v. Cofield*,
   2025 WL 511065 (M.D Ala. Feb. 14, 2015) ..............................................................................3

*Genessee Cnty, Emps.' Ret. Sys. v. FirstCash Holdings Inc.*,
   667 F. Supp. 3d 295 (N.D. Tex. 2023) .......................................................................................4

*Khoja v. Orexigen Therapeutics, Inc.*,
   899 F.3d 988 (9th Cir. 2018) ......................................................................................................1

*Lewis v. Danos*,
   83 F.4th 948 (5th Cir. 2023) .......................................................................................................4

*Miller v. Stroman*,
   2020 WL 2494576 (W.D. Tex. May 14, 2020) .........................................................................4

*Ochoa v. Bradfute Enters., LLC.*,
   2025 WL 841752 (W.D. Tex. Mar. 11, 2025) ...........................................................................1

*Omnicare, Inc. v. Laborers Dist. Council Construction Indus. Pension Fund*,
   575 U.S. 175 (2015)....................................................................................................................1

*Petrobras Am., Inc. v. Samsung Heavy Indus. Co.*,
   9 F.4th 247 (5th Cir. 2021) .........................................................................................................4

*Pinder v. Skero*,
   2017 WL 11612501 (S.D. Tex. Sep. 6, 2017) ...........................................................................3

*Sterling v. City of Jackson*,
   159 F.4th 361 (5th Cir. 2025) .....................................................................................................2

*Tellabs, Inc. v. Makor Issues & Rts., Ltd.*,
   551 U.S. 308 (2007).....................................................................................................................1

*United States ex rel. Jamison v. Career Opportunities, Inc.*,
    2020 WL 520590 (N.D. Tex. Jan. 31, 2020) ............................................................................2

*Viramontes v. Pfizer Inc.*,
    2015 WL 9319497 (E.D. Cal. Dec. 23, 2015) .........................................................................3

*Watson v. Aurora Loan Servs. LLC*,
    2012 WL 3594233 (N.D. Tex. Aug. 21, 2012).........................................................................3

*Whitin v. Bank of Am., N.A.*,
    2014 WL 5018020 (S.D. Tex. Oct. 6, 2014)............................................................................2

Plaintiffs submit this reply in further support of their motion to strike exhibits Defendants relied upon in their motions to dismiss.[1] Defendants' responses further support that they rely on the Audit Report, Dismissal Order, CUNY Letter, and Forms 4 for improper purposes at this procedural juncture. While they claim the documents are necessary for context, they do not use them to supply it. Instead, Defendants ask the Court to accept the documents' contents as true, offer interpretations of the documents that conflict with Plaintiffs' allegations or the documents themselves, and ask the Court to resolve factual disputes in their favor. This exceeds the bounds of the incorporation by reference and judicial notice doctrine. Contrary to Barbier/Burns' suggestion (ECF No. 83 at 1-2), neither *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308 (2007), nor *Omnicare, Inc. v. Laborers Dist. Council Construction Indus. Pension Fund*, 575 U.S. 175 (2015), give Defendants free reign to invoke these doctrines to introduce a counter narrative of facts, nor do those cases support that the Court can flip the standard of inferences in their favor on a motion to dismiss. In sum, the Court should grant the motion to strike.

## ARGUMENT

**A.     Defendants Improperly Ask the Court to Accept their Competing Interpretation of the Audit Report.**

Defendants offer the Audit Report to contradict Plaintiffs' allegations and ask the Court to draw the competing inferences in *their* favor. ECF No. 83 at 5-6; ECF No. 70 at 19-20. That is not permitted under the incorporation by reference doctrine at this early stage of the proceedings. *See Ochoa v. Bradfute Enters., LLC.*, 2025 WL 841752, at *11 (W.D. Tex. Mar. 11, 2025) ("[C]ourts evaluating motions to dismiss must interpret factual disputes and allegations in the plaintiff's favor, even when documents incorporated-by-reference suggest otherwise." (citing *Khoja v.*

---

[1] Capitalized terms bear the same meaning as in Plaintiffs' Opposed Motion to Strike (ECF No. 75), the Complaint is cited to as "¶_," and all internal citations and quotation marks are omitted.

1

*Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1014-15 (9th Cir. 2018) ("The incorporation-by-reference doctrine does not override the fundamental rule that courts must interpret the allegations and factual disputes in favor of the plaintiff at the pleading stage."))).

Contrary to Barbier/Burns' suggestion (ECF No. 83 at 5), Plaintiffs do not ask the Court to "bury its head in the sand," but rather to apply the appropriate standard and accept the well-pled allegations as true—that the Audit Report related to the Phase 2b Study (¶12)—rather than accept Defendants' competing narrative—that the Audit Report is entirely divorced from the Phase 2b Study misconduct and therefore cannot support falsity or scienter.[2] Critically, Defendants have no answer to the fact that the Audit Report identifies the Phase 2b Study as the subject project. The Company Defendants simply deny that they ask the Court to resolve a factual dispute, and Barbier/Burns parrot their interpretation that the Audit Report solely related to contemporaneous deficiencies, not past misconduct. ECF No. 79 at 3-4; ECF No. 83 at 6. While Plaintiffs maintain the Audit Report forecloses their interpretation, at best this is a factual dispute,[3] and Defendants' "attempt to litigate the facts" on a motion to dismiss "demonstrates that this case should proceed to discovery." *Sterling v. City of Jackson*, 159 F.4th 361, 380 (5th Cir. 2025).

**B.     The Court Should Strike the CUNY Letter and the Arguments Related Thereto.**

Barbier/Burns purport to submit the CUNY Letter for "context," but their description of it as "CUNY's final findings" and the "Final CUNY Report," while framing the CUNY Report as a "draft," reveals otherwise. ECF Nos. 69 at 1; 82 at 1-2, 8; 83 at 8-10. These descriptions assume that the CUNY Letter supersedes the CUNY Report's findings of evidence "highly suggestive of

---

[2] The Company Defendants now similarly attempt to undercut scienter by claiming the CUNY Report is unrelated to the Phase 2b Study. ECF No. 81 at 8. This is improper for similar reasons.

[3] Because the Audit Report does not contradict the AC's allegations, Defendants' authority, *United States ex rel. Jamison v. Career Opportunities, Inc.*, 2020 WL 520590 (N.D. Tex. Jan. 31, 2020), and *Whitin v. Bank of Am., N.A.*, 2014 WL 5018020 (S.D. Tex. Oct. 6, 2014), is unpersuasive.

2

deliberate scientific misconduct" (¶7), which Plaintiffs dispute. *See* ECF No. 74 at 15-16 (quoting CUNY Letter statement that CUNY "does not believe [] it should disturb or reevaluate [the CUNY Report] findings now"). The Court cannot take judicial notice of the CUNY Letter to resolve the dispute. *See Ambler v. Williamson County*, 2021 WL 769667, at *5 (W.D. Tex. Feb. 25, 2021) (it "exceeds the purview of judicial notice" to ask the Court to take judicial notice "not only of the fact that the Video exists, but also of its contents, in order to rebut Plaintiffs' allegations").

None of Defendants' inapposite authority—which involved non-controversial records that were not in dispute—supports otherwise. *See Pinder v. Skero*, 2017 WL 11612501, at *3 (S.D. Tex. Sep. 6, 2017) (taking judicial notice of conviction and lab test result); *Watson v. Aurora Loan Servs. LLC*, 2012 WL 3594233, at *2 n. 4 (N.D. Tex. Aug. 21, 2012) (same with bankruptcy court order); *Edwards v. Cofield*, 2025 WL 511065, at *6 (M.D Ala. Feb. 14, 2015) (same with bail order); *Denney v. Amphenol Corp.*, 2024 WL 3293590, at *9 (S.D. Ind. July 3, 2024) (exercising its discretion to refrain from striking a consent order offered on summary judgment motion but "not relying on [it] as proof of disputed facts"); *Viramontes v. Pfizer Inc.*, 2015 WL 9319497, at *3 (E.D. Cal. Dec. 23, 2015) (no objection to judicial notice request).

While Barbier/Burns contend the Court must consider the CUNY Letter to evaluate their scienter, they improperly submit it to negate the well-pled allegations supporting their scienter and ask the Court to accept their version of the "facts." Specifically, Barbier/Burns offer the CUNY Letter as *post hac* support that they "had a good faith basis to question" the CUNY Report's conclusions, effectively asking the Court to presume nonfraud by hindsight. ECF No. 83 at 9. This underscores the impropriety of their request. The Court can only conclude that the CUNY Letter supports they had a good faith basis to question the CUNY Report's findings if the Court assumes the truth of the contents of the CUNY Letter (*i.e.*, that the statement that "research misconduct did

3

not occur" is true) and accepts Defendants' interpretation of it (*i.e.*, that the CUNY Letter exonerates Dr. Wang and supplants the CUNY Report's findings suggestive of misconduct). That exceeds the bounds of judicial notice. *See Petrobras Am., Inc. v. Samsung Heavy Indus. Co.*, 9 F.4th 247, 255 (5th Cir. 2021) (documents are not "properly judicially noticed" when offered "to prove the truth of the documents' contents"); *Miller v. Stroman*, 2020 WL 2494576, at *3 (W.D. Tex. May 14, 2020) (refusing to consider exhibits that contained "statements about highly disputed inferences" because "Defendants cannot introduce disputed facts through judicial notice at the dismissal stage in a motion to dismiss"). Accordingly, the Court should strike the CUNY Letter and all arguments related thereto.

**C.    Defendants Offer the Dismissal Order for an Improper Purpose.**

Confronted with their improper use of the Dismissal Order to introduce their own version of the "facts"—*i.e.*, that it "eviscerate[es] Plaintiffs' contention that the untested accusations in the indictment revealed some hidden truth" (ECF No. 69 at 1)—Barbier/Burns now concede that it was *voluntarily dismissed* by the government (ECF No. 83 at 7). They, nevertheless, repeat their argument that untested allegations cannot serve as a corrective disclosure, ignoring the host of authority Plaintiffs cited supporting otherwise. ECF No. 74 at 14-15.[4] They also ask the Court to draw the inference that because the indictment was dismissed, it cannot have revealed any truth. ECF No. 83 at 7. This effectively asks the Court to infer that the indictment was dismissed for lack of merit, rather than for any other reasons, because that is the only way the dismissal could have undercut the indictment's allegations. The Court cannot consider the Dismissal Order for this purpose. *See Lewis v. Danos*, 83 F.4th 948, 954 (5th Cir. 2023) (refusing to take judicial notice of

---

[4] Defendants also fail to rebut Plaintiffs' distinction of *Genessee Cnty, Emps.' Ret. Sys. v. FirstCash Holdings Inc.*, 667 F. Supp. 3d 295 (N.D. Tex. 2023). ECF No. 74 at 14-15.

4

documents offered as "proof of specific contentions").

The Company Defendants' efforts to influence the Court's understanding of the Dismissal Order were subtler. They claimed, without offering support, that it was entered "after a jury had been chosen" (ECF No. 70 at 4),[5] and now maintain that "the procedural posture of the case" is not in dispute (ECF No. 79 at 3). The Court should disregard this extraneous purported fact.

**D.    Barbier/Burns Fail to Rebut that they Improperly Use the Forms 4.**

Tellingly, Barbier/Burns' entire response centers around how Forms 4 are generally judicially noticeable (ECF No. 83 at 10-11), but they fail to rebut that they improperly use the Forms 4 to undercut scienter, arguing that "Burns did not sell any stock during the class period (or before)" and "Barbier repeatedly acquired—and never sold—Cassava securities," when the Forms 4 support no such thing. *See* ECF No. 74 at 10 (Form 4s do not support Burns ever owned any stock and show Barbier's sole Class Period transaction was a stock option award).[6] Because the Forms 4 do not support the proposition for which Defendants rely on them to undercut scienter, they cannot contribute to the scienter analysis, and the Court should decline to take judicial notice of them and disregard Barbier/Burns' improper arguments related thereto. *See Christie v. Contract Callers, Inc.*, 2021 WL 689548, at *3 n.4 (N.D. Tex. Feb. 23, 2021) (declining to take judicial notice of consent decrees, even where plaintiff did not object but took issue with the defendants' interpretation of the consent decrees, "because the Court's analysis [did] not turn on [them]").

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' motion to strike.

---

[5] They presumably offer this fact to intimate the voluntary dismissal was due to lack of merit.

[6] They now soften these characterizations. *See* ECF No. 82 at 5 ("Barbier and Burns did not sell any stock (and Barbier acquired more) during the class period . . . ." (internal footnote omitted)). Their characterization that Barbier acquired more stock is still misleading as the sole transaction during the Class Period was a stock option award.

Dated: January 28, 2026                           Respectfully submitted,

/s/ *Murielle J. Steven Walsh*
Murielle J. Steven Walsh (*pro hac vice*)
(State of New York Juris No. 2837631)
**POMERANTZ LLP**
Jeremy A. Lieberman (*pro hac vice*)
(State of New York Juris No. 4161352)
Emily C. Finestone (*pro hac vice*)
(State of New York Juris No. 5394820)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
Email: jalieberman@pomlaw.com
mjsteven@pomlaw.com
efinestone@pomlaw.com

**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**
Peretz Bronstein (*pro hac vice*)
(State of New York Juris No. 2155067)
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
Email: peretz@bgandg.com

Michael J. Boyle (*pro hac vice*)
(State of Ohio Juris No. 0091162)
4200 Regent Street, Suite 200
Columbus, OH 43219
Telephone: (614) 578-5582
Email: mboyle@bgandg.com

*Counsel for Plaintiffs and*
*Co-Lead Counsel for the Class*

**THE BRISCOE LAW FIRM, PLLC**
Willie C. Briscoe (Tx. Bar Number 24001788)
12700 Park Central Drive, Suite 520
Dallas, Texas 75251
Telephone: (972) 521-6868

6

Facsimile: (281) 254-7789
Email: wbriscoe@thebriscoelawfirm.com

*Counsel for Plaintiffs and
Liaison Counsel for the Class*

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim (*pro hac vice* application forthcoming)
(State of New York Juris No. 4145397)
275 Madison Avenue, 40th Floor
New York, NY 10116
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: philkim@rosenlegal.com

*Additional Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I, Murielle J. Steven Walsh, hereby certify that on January 28, 2026, the foregoing was served upon each attorney of record through the Court's CM/ECF system.

>/s/ Murielle J. Steven Walsh
>Murielle J. Steven Walsh (*pro hac vice*)