**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| CARLOS PÉREZ-COTAPOS UGARTE, MARIA ISABEL URETA BAZÁN, CARLOS PÉREZ-COTAPOS SUBERCASEAUX, INVERSIONES ANE MIREN LIMITADA, SHERYL GROVE, and HOORIEH ALAGHEMAND, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>CASSAVA SCIENCES, INC., REMI BARBIER, RICHARD JON BARRY, LINDSAY BURNS, JAMES W. KUPIEC, and ERIC SCHOEN,<br><br>Defendants. | Case No. 1:24-CV-01525-DAE |
| IN RE CASSAVA SCIENCES INC. SECURITIES LITIGATION | Case No. 1:21-CV-00751-DAE |

*UGARTE* **PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF OPPOSED**
**MOTION TO VIEW SEALED DOCUMENTS**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT........................................................................................................................ 3

      A.      The Sealed Filings Directly And Fundamentally Affect *Ugarte*. ........................... 3

      B.      The *Ugarte* Plaintiffs Have The Right To View The Sealed Filings...................... 5

      C.      By Defendants' Own Admission, Any Confidentiality Considerations Are Now Moot. ................................................................................................................ 8

CONCLUSION.................................................................................................................... 9

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Application of Eisenberg*,
  654 F.2d 1107 (5th Cir. 1981) ........................................................................1, 5, 6

*Binh Hoa Le v. Exeter Fin. Corp.*,
  990 F.3d 410 (5th Cir. 2021) .................................................................................5

*Contino v. United States*,
  535 F.3d 124 (2d Cir. 2008).................................................................................5–6

*In re Leopold to Unseal Certain Elec. Surveillance Applications & Ords.*,
  964 F.3d 1121 (D.C. Cir. 2020)..............................................................................5

*Kinoy v. Mitchell*,
  67 F.R.D. 1 (S.D.N.Y. 1975) ..................................................................................5

*Kinsley v. Lakeview Reg'l Med. Ctr. LLC*,
  570 F.3d 586 (5th Cir. 2009) ...............................................................................5–6

## Rules

Fed. R. Civ. P. 5.....................................................................................................6

Local Rule CV-5.2 ........................................................................1–2, 5, 6, 7

ii

Carlos Pérez-Cotapos Ugarte, Maria Isabel Ureta Bazán, Carlos Pérez-Cotapos Subercaseaux, Inversiones Ane Miren Limitada, Sheryl Grove, and Hoorieh Alaghemand (collectively, the "*Ugarte* plaintiffs") respectfully submit this memorandum of law in support of their opposed motion to view sealed documents in *In Re Cassava Sciences, Inc. Securities Litigation*, No. 1:21-cv-00751-DAE (W.D. Tex.) (the "Consolidated Action").

## PRELIMINARY STATEMENT

The Defendants have aggressively pursued their motion to consolidate *Ugarte* into the Consolidated Action. If granted, the Defendants would claim that this is dispositive as to *Ugarte*. And, indeed, the briefing is voluminous: not just the motion to consolidate, but oppositions and replies on both dockets, along with a motion to strike, a motion for leave to file notice of supplemental authority, and a motion to lodge a mediator's ruling for *in camera* review (each with opposition and reply). Even when the Magistrate Judge denied the Defendants' motion, the Defendants did not desist. Instead, last week, they filed a 20-page objection to that order.

Incredibly, however, a full ***80% of the briefing*** on this motion is sealed—***even as to the Ugarte plaintiffs***.[1] At the Defendants' behest, four fifths of the briefing on a dispositive motion cannot be seen by the very party that they attempt to dispose. This is an egregious violation of the *Ugarte* plaintiffs' right to due process: "[T]he right granted a party by the due process clause to a full and fair hearing encompasses the individual's right to be aware of and refute the evidence against the merits of his case." *Application of Eisenberg*, 654 F.2d 1107, 1112 (5th Cir. 1981). Nor should it come as any surprise that it violates this Court's own rules. With each sealed filing,

---

[1]    A chart of the relevant briefing is attached as Exhibit A. Because the filings are sealed, however, it is likely that there are additional filings, including declarations, exhibits, and proposed orders. The Court should therefore order Defendants to serve not just the filings identified in Exhibit A, but also all other documents that relate to the Defendants' motion to consolidate.

1

"[c]ounsel for a party moving to keep any document under seal is responsible for serving a copy of the sealed document on all counsel of record." Local Rule CV-5.2(e). This makes sense. The *Ugarte* plaintiffs have a fundamental right to know what arguments are being made about their own case. Even assuming the Court agrees with the Magistrate Judge and denies the Defendants' objection, the *Ugarte* plaintiffs have a fundamental right to know what arguments the Defendants have advanced in this litigation.

The Defendants have relied on two untenable arguments for why the *Ugarte* plaintiffs should not be able to access the briefing on their own case. First, they have pointed to the fact that the sealed briefing (even though it directly pertains to *Ugarte*) was filed on only the consolidated docket. This is irrelevant: The motion pertains to *Ugarte*, and so all briefing on it should be seen by the *Ugarte* counsel of record. Indeed, Local Rule CV-5.2(e) requires service on "***all*** counsel of record"—it contains no limitation such as the Defendants attempt to pencil in. Nor should the Defendants be permitted to use their own tactical decision on where to file documents as a reason to then deny those filings to the *Ugarte* plaintiffs.

Second, the Defendants have claimed that the sealed filings comprise "confidential mediation and settlement communications," and stated that "[t]hat is why Cassava moved to strike them." This is a stretch too far: There is simply no chance that every word and every argument in the sealed filings is confidential. Moreover, both parties to the Consolidated Action have acknowledged that, now that that action has settled, the same concerns over confidentiality do not remain. To the consolidated plaintiffs, "there is no secrecy surrounding those communications." To the Defendants, their motion to strike (and thus concerns over confidentiality) is now moot— which they term "the most important consideration." But even if these concerns remained, the correct response would be to maintain the filings under seal—while allowing the Ugarte plaintiffs,

2

to whom the filings directly pertain, to look behind the veil.[2]

## ARGUMENT

### A.    The Sealed Filings Directly And Fundamentally Affect *Ugarte*.

As an initial matter, there can be no reasonable dispute that the materials that the Defendants have sought to conceal from the *Ugarte* plaintiffs are fundamental to the *Ugarte* action. This is for at least two reasons—although, because the *Ugarte* plaintiffs have been unable to access these filings, it is plausible that the filings are relevant for additional as-yet identified reasons.

First, the sealed briefing concerns what is, though dressed as a motion to consolidate, a motion that Defendants intend to be dispositive.  The briefing includes arguments by the Defendants as to why they claim *Ugarte* should be consolidated, as well as the consolidated plaintiffs' positions as to why it should not.  Were the Court to accept the Defendants' arguments, the Defendants would seek to make this dispositive not only of the *Ugarte* docket, but also of the claims asserted in that action.  After all, *Ugarte* concerns claims by those who bought Cassava stock after October 12, 2023.  But as the parties to the consolidated action confirmed in their stipulation of settlement, "[p]urchases or acquisitions during this period are not eligible for a recovery because they were made outside the Class Period."  Consolidated Action ECF No. 381-1 at 92 n.2.  The Defendants are seeking to wield the end date of the consolidated class period to extinguish the *Ugarte* plaintiffs' claims, without even permitting the *Ugarte* plaintiffs to access the full basis of argumentation.

Second, from statements made during oral argument on the motion to consolidate, the

---

[2]    Because this motion will likely not be fully briefed until after the Defendants' objection to the Magistrate Judge's order denying their motion to consolidate, we respectfully ask that the Court suspend disposition of that objection until after it rules on this motion.  If this motion is granted, we would then request the opportunity to file a short sur-reply addressing any relevant arguments or information from the sealed filings that we have so far been unable to access.

sealed briefing appears to include discussion about the manner in which the parties believe the

release included in their settlement affects (or does not affect) the claims in *Ugarte*.  As the

consolidated plaintiffs said:

> And I want to just sort of talk about what this case is really about, why we're really in front of Your Honor.  The motion is an attempt to force a release on Plaintiffs that Defendants could not obtain through negotiations.

> And as Your Honor knows, Defendants tried to obtain a broader -- a wider release during the settlement negotiations.  They ultimately -- the Judge said, no, you aren't -- the consideration that Plaintiffs have to give is a release, as Your Honor is aware.  The consideration the Defendants have to give is the 31.25 million.

> Plaintiffs said, look, by -- by asking for a wider release, what you're doing is you're diluting the amount of money that our clients would receive because that's now spread out over two separate class periods.  We're not going to do that, okay?  We've bargained for 31.25 million in exchange for releasing our claims.  That's what we're going to do.

> Defendants ultimately decided to go ahead and sign the term sheet, despite the fact that we wouldn't provide a wider release in the *Ugarte* case.  They tried.  They failed, okay?

Ex. C at 33:2–24.  The Defendants were not shy in response:  They confirmed that "[y]es, we want

a broad release."  *Id.* at 56:11–12

This argument directly relates to the Defendants' positions as to how the release in the

Consolidated Action affects, or does not affect, *Ugarte*.  It was also clearly in the sealed briefing,

given the statements "as Your Honor knows" and "as Your Honor is aware."  *Id.* at 33:7–12.  Yet

the Defendants continue to conceal from the *Ugarte* plaintiffs the positions that they have taken

on the record.

By concealing these documents from the *Ugarte* plaintiffs, the Defendants are treating the

*Ugarte* plaintiffs as a sideshow to their own case.  As set forth below (at § B), this affects the

*Ugarte* plaintiffs' fundamental due-process rights.  Should the Court consolidate the actions, the

Defendants will argue that the *Ugarte* claims disappear, without those plaintiffs ever knowing the

full extent of the reasons therefor, and without ever having had the opportunity to respond thereto. Should the Court uphold the Magistrate Judge's order denying the motion, by contrast, the Defendants will have taken positions that fundamentally relate to the *Ugarte* plaintiffs' claims, without the *Ugarte* plaintiffs knowing what those positions are. The only way to avoid these harms is to order the Defendants to provide access to these filings.

**B.      The *Ugarte* Plaintiffs Have The Right To View The Sealed Filings.**

"The public's right of access to judicial records is a fundamental element of the rule of law." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417 (5th Cir. 2021) (quoting *In re Leopold to Unseal Certain Elec. Surveillance Applications & Ords.*, 964 F.3d 1121, 1123 (D.C. Cir. 2020)). Thus, "courts should be ungenerous with their discretion to seal judicial records." *Id.* at 419. "[T]he working presumption is that judicial records should not be sealed." *Id.* at 420.

Moreover, even when a document is sealed from the *public*, that document must still be served on the parties to the case. "Our adversarial legal system generally does not tolerate *ex parte* determinations on the merits of a civil case. . . .  [T]he right granted a party by the due process clause to a full and fair hearing encompasses the individual's right to be aware of and refute the evidence against the merits of his case." *Application of Eisenberg*, 654 F.2d 1107, 1112 (5th Cir. 1981) (citing *Kinoy v. Mitchell*, 67 F.R.D. 1, 15 (S.D.N.Y. 1975)); *see Kinoy*, 67 F.R.D. at 15 ("Our system of justice does not encompass *ex parte* determinations on the merits of cases in civil litigation. Either the documents are privileged, and the litigation must continue as best it can without them, or they should be disclosed at least to the parties, in which case the Court will rule after full argument on the merits." (footnote omitted)).

Accordingly, the local rules provide that "[c]ounsel for a party moving to keep any document under seal is responsible for serving a copy of the sealed document on all counsel of record." Local Rule CV-5.2(e); *see also Kinsley v. Lakeview Reg'l Med. Ctr. LLC*, 570 F.3d 586,

5

589 (5th Cir. 2009) ("Local rules have the force of law, as long as they do not conflict with a rule prescribed by the Supreme Court, Congress, or the Constitution." (quoting *Contino v. United States*, 535 F.3d 124, 126 (2d Cir. 2008))); Fed. R. Civ. P. 5(a)(1) (requiring service "on every party"). After all, a litigant must know what he or she is actually litigating *against*.

Here, the Defendants have refused their legal (not to mention common-sense) obligation to provide the *Ugarte* plaintiffs with all the briefing on their motion to consolidate. A full ***80% of the briefing on their motion***—a motion which they seek to be *dispositive* as to *Ugarte*—is under seal or heavily redacted. They are therefore threatening the *Ugarte* plaintiffs' fundamental due-process rights. If the cases are consolidated, the *Ugarte* plaintiffs will not be aware of all the arguments that led to consolidation. And even if consolidation is denied, the *Ugarte* plaintiffs will be deprived of the knowledge of what positions the Defendants have taken. The Defendants cannot be permitted to keep the *Ugarte* plaintiffs in the dark. "Our adversarial legal system generally does not tolerate *ex parte* determinations on the merits of a civil case," yet that is precisely what the Defendants request. *Application of Eisenberg*, 654 F.2d at 1112.

In correspondence between the parties, the Defendants offered two arguments as to why the *Ugarte* plaintiffs should not be permitted to access the briefing on the motion to consolidate *Ugarte*. First, they claimed that that "Local Rule CV-5-2(e) governs a sealing movant's obligation to serve sealed documents on counsel of record in the action in which they are filed, and the filings you have identified are in the Consolidated Action, No. 1:21-cv-00751-DAE, in which Pomerantz is not counsel of record." Ex. B at 2. This position rests on the most technical of technicalities: that despite the fact that all of the briefing *pertains* to *Ugarte*, only part of it was actually *filed* in *Ugarte*. This is irrelevant. The briefing pertains to *Ugarte*, and the counsel of record in *Ugarte* are therefore entitled to access. Indeed, the motion itself was filed in both actions, and its caption

6

identifies it as pertaining to both.  *Ugarte* ECF No. 53 at cover page; Consolidated Action ECF No. 338 at cover page.  The fact that the Defendants and the consolidated plaintiffs filed most of their briefing in only the Consolidated Action does not limit the scope of the motion, or the *Ugarte* plaintiffs' right of access.  The Local Rule provides that "***all*** counsel of record" must be served with the sealed documents.  Local Rule CV-5.2(e) (emphasis added).  It contains no such restriction as the Defendants propose, and the Defendants should not be permitted to use their own tactical decision to file documents on only one docket to deprive the *Ugarte* plaintiffs of their rights.[3]

Second, the Defendants claimed that:

> The materials that remain under seal in the Consolidated Action are the confidential mediation and settlement communications that the Consolidated Action plaintiffs put before the Court in their opposition, and the briefing that quotes or responds to them.  Those materials should not have been filed or considered in connection with the motion at all.  That is why Cassava moved to strike them and asked the Court to give them no weight.

Ex. B at 1.  As an initial matter, this allegation is simply implausible.  There is no chance that every line in every sealed brief comprises "confidential mediation and settlement communications."  *Id.*  Indeed, the Defendants have refused to provide access to even their motions to seal, which the local rules expressly instruct should not contain confidential information.  Local Rule CV-5.2(c) ("The court expects parties to draft sealing motions in a manner that does not disclose confidential information because the sealing motion, without the sealed document, may subsequently be unsealed by court order.").

But even were Defendants' incredible allegation deemed credible, Defendants themselves identified the solution—they had the opportunity to, and did, move to strike any improperly filed information.  That does not mean that they had the right to deprive the *Ugarte* plaintiffs of four

---

[3]    The Defendants' argument is also circular.  If their motion were to be granted, counsel for the *Ugarte* plaintiffs *would* be amongst the counsel of record in the Consolidated Action.

fifths of the briefing on their motion to consolidate *Ugarte*.

      **C.**     **By Defendants' Own Admission, Any Confidentiality Considerations Are Now Moot.**

A final reason demands that the *Ugarte* plaintiffs be permitted to view the sealed documents:  Although Defendants state that they "moved to strike" these documents because they include "confidential mediation and settlement communications," Ex. B at 1, they also admit that this issue is now moot.  Thus, *even if* the documents should have been sealed or struck in the first place, by the Defendants' own admission, there is no reason to do so now.

During oral argument last month, the Magistrate Judge considered not just the Defendants' motion to consolidate, but also the three attendant motions, including the motion to strike.  *Ugarte* ECF No. 87 at 1; Consolidated Action ECF No. 374 at 1.  But as the Court noted, just days earlier, the parties to the Consolidated Action had filed a stipulation of settlement.  Consolidated Action ECF No. 380.  Thus, the Court continued, "some of the briefing pertains to events that happened that have been overtaken by more recent events." Ex. C at 10:18–19.  The Defendants agreed:

> MS. LOSEMAN:  Yes.  Thank you, Your Honor.  And I will be brief because, as you've noted, there have been developments; and *I think that has essentially resolved or otherwise mooted those three pending motions*.
>
> . . .
>
> THE COURT:  So it is your argument that your -- the Defendants' motion to strike as well as Plaintiffs' motions for leave and for in-camera review are all moot at this point?
>
> MS. LOSEMAN:  That's correct, Your Honor.
>
> THE COURT:  Okay.  And you are no longer opposing -- I mean, you would -- if they're moot, you don't have to actually withdraw your motion or go ahead in seizing your opposition to Plaintiffs' motions for leave, but you believe that they're all moot?
>
> MS. LOSEMAN:  *We believe they're all moot.  I mean, we do believe they're still technically, arguably a violation of the local rule, but we do believe they're moot, and that's the most important consideration.*

*Id.* at 10:23–12:20 (emphases added). The consolidated plaintiffs have also taken this position, stating that, in the light of the settlement, "there is no secrecy surrounding those communications" "that Defendants complained are confidential." Consolidated Action ECF No. 360 at 3.

If the same confidentiality concerns that caused the Defendants to move to strike still existed today, the Defendants would not have subsequently declared this same motion "moot." The Defendants, who at oral argument reduced the confidentiality concerns that prompted their motion to strike to what they termed "technical[]" and "arguabl[e]" violations, cannot now resurrect these abandoned claims to keep the *Ugarte* plaintiffs from accessing the sealed filings. Thus, *even if* the Defendants had the right to seal their briefing from even the *Ugarte* plaintiffs; *even if* all of the sealed briefing were once confidential; and *even if* concealing the briefing from the *Ugarte* plaintiffs were once the correct solution, then the Defendants would *still* fail to show why the *Ugarte* plaintiffs should be denied access to the briefing *now*.

Put simply, there are pleadings in the record that directly and fundamentally relate to *Ugarte* but that are under seal. The Defendants have withdrawn their objection to the presence of those pleadings in the record. By declaring the motion to strike as moot—what Defendants term "the most important consideration"—Defendants have removed any argument that the *Ugarte* plaintiffs should not be allowed to access the documents.

## CONCLUSION

The Court should instruct the Defendants to serve on the *Ugarte* plaintiffs all briefing relating to Defendants' motion to consolidate *Ugarte*, including, but not limited to, the briefing identified in Exhibit A and any documents filed therewith. The Court should also instruct the Defendants that any further briefing relating to *Ugarte* that is filed under seal or in redacted form should be concurrently served in unredacted form on the *Ugarte* plaintiffs.

9

Dated:  July 20, 2026

Respectfully submitted,

Luc W. M. Mitchell (*pro hac vice*)
(State of New York Juris No. 5671037)
**POMERANTZ LLP**
Jeremy A. Lieberman (*pro hac vice*)
(State of New York Juris No. 4161352)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
Email: lmitchell@pomlaw.com
jalieberman@pomlaw.com

**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**
Peretz Bronstein (*pro hac vice*)
(State of New York Juris No. 2155067)
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
Email: peretz@bgandg.com

Michael J. Boyle (*pro hac vice*)
(State of Ohio Juris No. 0091162)
4200 Regent Street, Suite 200
Columbus, OH 43219
Telephone: (614) 578-5582
Email:  mboyle@bgandg.com

*Counsel for Plaintiffs and*
*Co-Lead Counsel for the Class*

**THE BRISCOE LAW FIRM, PLLC**
Willie C. Briscoe (Tx. Bar Number 24001788)
12700 Park Central Drive, Suite 520
Dallas, Texas 75251
Telephone: (972) 521-6868
Facsimile: (281) 254-7789
Email: wbriscoe@thebriscoelawfirm.com

10

*Counsel for Plaintiffs and*
*Liaison Counsel for the Class*

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim (*pro hac vice* application
forthcoming)
(State of New York Juris No. 4145397)
275 Madison Avenue, 40th Floor
New York, NY 10116
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: philkim@rosenlegal.com

*Additional Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I, Luc W. M. Mitchell, hereby certify that on July 20, 2026, the foregoing was served upon each attorney of record through the Court's CM/ECF system.

Luc W. M. Mitchell (*pro hac vice*)

## CERTIFICATE OF CONFERENCE

I, Luc W. M. Mitchell, hereby certify that all parties affected by this motion have conferred in good faith to resolve the issues raised herein, but have been unable to resolve those issues.  The Plaintiffs in the Consolidated Action have taken no position on this motion.  The Defendants have objected for the reasons identified above, and set forth in Exhibit B.

Luc W. M. Mitchell (*pro hac vice*)

12