# Exhibit B

| | |
|---|---|
| **From:** | Luc Mitchell |
| **Sent:** | Friday, July 17, 2026 5:11 PM |
| **To:** | Loseman, Monica K.; Campbell, Scott; Costa, Gregg J. |
| **Cc:** | peretz@bgandg.com; Michael Boyle; Jeremy A. Lieberman |
| **Subject:** | RE: Cassava - Sealed filings on motion to consolidate |

Hi Monica,

Thank you for your email.  We disagree with your position.  The motion to consolidate and all related briefing are fundamental to *Ugarte*, whether or not all the briefing was filed on the *Ugarte* docket.  The *Ugarte* plaintiffs therefore have a fundamental due-process right to access these filings.  Moreover, if you believe that certain information was improperly filed, the proper avenue was to move to strike that information, not to seal it from a party that it directly affects.  Indeed, and as you note, you *did* move to strike that information—yet you have now informed the Court that the issue is moot.

We hope that you will reconsider your position.  If not, however, we plan to move the Court to grant us access to these filings.

Best,
Luc

_____

Luc W. M. Mitchell
646-581-9961

---

**From:** Loseman, Monica K. <MLoseman@gibsondunn.com>
**Sent:** Wednesday, July 8, 2026 7:10 PM
**To:** Luc Mitchell <lmitchell@pomlaw.com>; Campbell, Scott <SCampbell@gibsondunn.com>; Costa, Gregg J. <GCosta@gibsondunn.com>
**Cc:** peretz@bgandg.com; Michael Boyle <mboyle@bgandg.com>
**Subject:** RE: Cassava - Sealed filings on motion to consolidate

Luc,

First, there is no briefing regarding your "own case" being withheld from you. The Motion to Consolidate was filed in *Ugarte*, and it was fully briefed on the *Ugarte* docket, where you are counsel of record and therefore have access.

The materials that remain under seal in the Consolidated Action are the confidential mediation and settlement communications that the Consolidated Action plaintiffs put before the Court in their opposition, and the briefing that quotes or responds to them. Those materials should not have been filed or considered in connection with the motion at all. That is why Cassava moved to strike them and asked the Court to give them no weight.

Second, Local Rule CV-5-2(e) governs a sealing movant's obligation to serve sealed documents on counsel of record in the action in which they are filed, and the filings you have identified are in the Consolidated Action, No. 1:21-cv-00751-DAE, in which Pomerantz is not counsel of record.

Finally, the confidentiality of mediation communications attaches to the communications themselves. It does not lapse when negotiations conclude or a settlement is reached, and it is not contingent on whether settlement discussions remain ongoing.  Our position is unchanged: the sealed materials reflect confidential mediation and settlement communications and should remain sealed.

Best,
Monica

**Monica K. Loseman**
Partner

T: +1 303.298.5784 | M: +1 303.408.1847
MLoseman@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
1900 Lawrence Street Suite 3000, Denver, CO 80202-2211

---

**From:** Luc Mitchell <lmitchell@pomlaw.com>
**Sent:** Tuesday, July 7, 2026 12:33 PM
**To:** Loseman, Monica K. <MLoseman@gibsondunn.com>; Campbell, Scott <SCampbell@gibsondunn.com>; Costa, Gregg J. <GCosta@gibsondunn.com>
**Cc:** peretz@bgandg.com; Michael Boyle <mboyle@bgandg.com>
**Subject:** RE: Cassava - Sealed filings on motion to consolidate

Hi Monica,

Thanks for your response.  It would be helpful if you could please clarify two issues.  First, the sealed filings pertain to the motion to consolidate *Ugarte*.  Even if the filings remain under seal, why do you believe we do not have a right to see the briefing on a motion regarding (and intended to be dispositive to) our own case?  *Cf.* Local Rule CV-5-2(e) ("Counsel for a party moving to keep any document under seal is responsible for serving a copy of the sealed document on all counsel of record.").  Second, is it your position that *all* documents that were filed under seal contain "confidential mediation communications"?  I note that the motions to seal were themselves filed under seal.  Did even the motions to seal contain "confidential mediation communications"?

Best,
Luc

_____

Luc W. M. Mitchell
646-581-9961

---

**From:** Loseman, Monica K. <MLoseman@gibsondunn.com>
**Sent:** Tuesday, July 7, 2026 12:38 PM

**To:** Luc Mitchell <lmitchell@pomlaw.com>; Campbell, Scott <SCampbell@gibsondunn.com>; Costa, Gregg J. <GCosta@gibsondunn.com>
**Cc:** peretz@bgandg.com; Michael Boyle <mboyle@bgandg.com>
**Subject:** RE: Cassava - Sealed filings on motion to consolidate

Thanks, Luc.  We hope you had a nice holiday weekend as well.

We object to anyone's access to confidential mediation communications and believe those materials should remain sealed and confidential.

**Monica K. Loseman**
Partner

T: +1 303.298.5784 | M: +1 303.408.1847
MLoseman@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
1900 Lawrence Street Suite 3000, Denver, CO 80202-2211

**From:** Luc Mitchell <lmitchell@pomlaw.com>
**Sent:** Monday, July 6, 2026 9:21 AM
**To:** Loseman, Monica K. <MLoseman@gibsondunn.com>; Campbell, Scott <SCampbell@gibsondunn.com>; Costa, Gregg J. <GCosta@gibsondunn.com>
**Cc:** peretz@bgandg.com; Michael Boyle <mboyle@bgandg.com>
**Subject:** Cassava - Sealed filings on motion to consolidate

Hi Monica, Scott, and Gregg,

I hope you had a nice holiday weekend.  Would you please let us know if you have any objection to the *Ugarte* plaintiffs having access to the sealed and redacted filings on the consolidated docket that relate to the motion to consolidate?  Generally speaking, we believe that we are entitled to access to these filings given their relationship to *Ugarte*.  Moreover, to the extent that ongoing settlement discussions once provided a basis for confidentiality, there is no longer such a need given the filing of the stipulation of settlement.  We would therefore appreciate you confirming that you have no objection to us obtaining these filings.

Best,
Luc

_____
Luc W. M. Mitchell
**POMERANTZLLP**
600 Third Avenue, 20th Floor
New York, NY 10016
Phone: 212-661-1100
Direct Dial:  646-581-9961
lmitchell@pomlaw.com

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If

it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---