IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE CASSAVA SCIENCES, INC. SECURITIES LITIGATION | § | No. 1:21-cv-00751-DAE |
| | § | **CONSOLIDATED CLASS ACTION** |
| | § | |
| CARLOS PÉREZ-COTAPOS UGARTE, et al., *Plaintiffs,* | § | No. 1:24-cv-1525-DAE |
| | § | **CLASS ACTION** |
| V. | § | |
| CASSAVA SCIENCES, INC., et al., *Defendants.* | § | |

ORDER

Before the Court are several pending matters in 1:21-cv-751 (the "Consolidated Action") and 1:24-cv-1525 ("Ugarte"). The Court held an informal status conference with the parties on July 24, 2026, to discuss these matters. This Order summarizes the issues currently before the Court, memorializes the Court's instructions given during the status conference, and refers scheduling to U.S. Magistrate Judge Hightower.

As the parties are aware, this case is procedurally and legally complex. The appeal of class certification in the Consolidated Action, 1:21-cv-751, is scheduled for oral argument before the Fifth Circuit on August 3, 2026. See Bozorgi v. Cassava Sciences, No. 25-5085, Dkt 97 (5th Cir. June 24, 2026).

Pending before this Court are: (1) Defendants' appeal of Magistrate Judge Hightower's Order Denying Consolidation (Consolidated Action Dkts. ## 384, 388; Ugarte Dkts. ## 92, 94); (2) Joint Motion for Preliminary Approval of Settlement in the Consolidated Action (Dkt. # 380); (3) Defendants' Motions to Dismiss in the Ugarte action (Dkts. ## 69, 70); (4) Ugarte Plaintiffs' Motion to Strike Exhibits Attached to Defendants' Motions to Dismiss (Dkt. # 75); and (5) Ugarte Plaintiffs' Motion to View Sealed Documents (Consolidated Action Dkt. # 389; Ugarte Dkt. # 95.) As recognized throughout the above motions and at the status conference, disposition of the above matters is interrelated and dependent on the outcome of one another. The undersigned is reluctant to address any of the above matters before the Fifth Circuit has reached a decision on the class certification in the Consolidated Action.

The Ugarte Motions to Dismiss recognize that they may be moot if the two actions are consolidated. (Dkt. # 70 at 1 n.1.) The Ugarte Plaintiffs now request that the Court "suspend disposition of [the consolidation appeal] until after it rules on" the Motion to View Sealed Documents and, if granted, allow a sur-reply to any unaddressed argument/information. (Consolidated Action Dkt. # 389 at 3 n.2; Ugarte Dkt. # 95 at 3 n.2.) Additionally, the parties disagree as to the effect of the pending appeal of class certification on the parties' pending Motion for Preliminary Approval of Settlement.

Accordingly, the Court finds it in the best interest of judicial economy and, ultimately, the best interest of the parties, to await the Fifth Circuit's order on the class certification. As a result, the Court will **DENY WITHOUT PREJUDICE** the pending Motions to Dismiss in Ugarte (Dkts. ## 69, 70), subject to refiling. The Motion to Strike Certain Exhibits Attached to Defendants' Motion to Dismiss (Dkt. # 75) is similarly **DENIED WITHOUT PREJUDICE** subject to refiling.

As well as the Lastly, as discussed at the status conference, the parties are hereby **INSTRUCTED** to confer regarding the best approach going forward in light of the pending appeal and numerous pending motions. The Court urges the parties to create an agreed schedule for the briefing and disposition of the pending matters that account for both potential outcomes at the Fifth Circuit and the interrelated matters before the Court as well as the refiling of the motions to dismiss should the parties choose to do so. After the parties' conference, the matter is **REFERRED** to U.S. Magistrate Judge Susan Hightower for a scheduling conference. Following the scheduling conference before Judge Hightower, the parties shall file a status report or scheduling/briefing order—whichever the parties and Judge Hightower see fit—detailing the results of the parties' conferences and proposed plan. Lastly, the Court notes that it will readily consider supplemental briefing as to the parties' opinions on the effect of the Fifth Circuit's forthcoming

opinion or the effect of any of the pending motions upon another as the case continues to development.[1] It is the Court's intention that these actions will streamline the final disposition of the cases and prevent premature or improper action on any pending motions, to the benefit of both the judicial system and the parties.

**IT IS SO ORDERED.**

**DATED:** Austin, Texas, July 24, 2026.

David Alan Ezra
Senior United States District Judge

[1] If desired, the parties must move for leave to file supplemental briefing, explaining the proposed argument and expected page length.