## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| CARLOS PÉREZ-COTAPOS UGARTE, MARIA ISABEL URETA BAZÁN, CARLOS PÉREZ-COTAPOS SUBERCASEAUX, INVERSIONES ANE MIREN LIMITADA, SHERYL GROVE, and HOORIEH ALAGHEMAND, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>CASSAVA SCIENCES, INC., REMI BARBIER, RICHARD JON BARRY, LINDSAY BURNS, JAMES W. KUPIEC, and ERIC SCHOEN,<br><br>Defendants. | Case No. 1:24-cv-01525-DAE |
| IN RE CASSAVA SCIENCES, INC. SECURITIES LITIGATION | Case No. 1:21-cv-00751-DAE |

## DEFENDANTS' RESPONSE TO *UGARTE* PLAINTIFFS' MOTION TO VIEW SEALED DOCUMENTS

The *Ugarte* Plaintiffs' Motion to View Sealed Documents is an improper attempt to pry into confidential settlement discussions. It is contrary to law and should be denied.

The *Ugarte* Plaintiffs have no "due process" right to examine mediation communications between Cassava and another party. And far from being "fundamental" to this Court's consolidation decision, the mediation communications are irrelevant to that analysis. This is why the relevant parties and the Court agreed that Defendants' Motion to Strike those communications was moot—the Court had no reason to consider or rely on the mediation communications in deciding the Motion to Consolidate, and did not do so.

Indeed, Plaintiffs' Motion concedes that they seek the confidential communications for an improper purpose—to use Cassava's positions in mediation communications as evidence against Cassava in this suit. This is barred by Local Rule CV-88(f).

For each of these reasons, Plaintiffs' Motion to View Sealed Documents must be denied.

### BACKGROUND

1. On September 18, 2025, pursuant to this Court's Consolidation Order, Dkt. 58, Defendants filed a Motion to Consolidate the *Ugarte* action into the Consolidated Securities Litigation, *In re Cassava Sciences, Inc.*, 21-cv-00751-DAE (the "Consolidated Action"). Dkt. 338.

2. Lead Plaintiffs in the Consolidated Action ("Lead Plaintiffs") then filed an Opposition to the Motion to Consolidate, attaching a series of mediation communications between Defendants and Lead Plaintiffs. Dkt. 340-1. Lead Plaintiffs filed the mediation communications under seal.

3. Just a week later, Defendants promptly filed a Motion to Strike, explaining that Lead Plaintiffs' attempt to use mediation communications as evidence violated the parties' Mediation Confidentiality Agreement, as well as this Court's Local Rule CV-88(f). Dkt. 343-1. Because the Motion to Strike referenced the confidential communications, Defendants filed it under seal.

1

4. Lead Plaintiffs filed an Opposition to the Motion to Strike. The primary basis of the Opposition was that the mediation communications were submitted for the sole purpose of proving the existence of an agreement in principle between Defendants Cassava and Eric Schoen (together the "Cassava Defendants"), on the one hand, and Lead Plaintiffs on the other, to settle the Consolidated Action. Dkt 353. Once again, because the Opposition addressed the confidential mediation communications, Lead Plaintiffs filed it under seal.

5. Nearly eight months later, on June 18, 2026, Lead Plaintiffs filed a Motion for Preliminary Approval of Settlement of the Consolidated Action, Dkt. 380, along with a Stipulation of Settlement executed by Lead Plaintiffs and the Cassava Defendants. Dkt. 381-1.

6. Later in June, Judge Hightower held a hearing on Defendants' Motion to Consolidate and Motion to Strike. At the outset of that hearing, the Court, Lead Plaintiffs, and Defendants all agreed that, because the parties filed the Stipulation of Settlement just before the hearing, there was no longer any dispute that Lead Plaintiffs and the Cassava Defendants had reached an agreement to settle conditioned on a lawfully certified class. Accordingly, the mediation communications Plaintiffs submitted were not relevant to the Motion to Consolidate and need not be considered by the Court. The Motion to Strike was therefore moot:

> MS. LOSEMAN [counsel for the Cassava Defendants]: *Thank you, Your Honor. And I will be brief because, as you've noted, there have been developments; and I think that has essentially resolved or otherwise mooted those three pending motions. So there is no dispute we have an agreement. As my colleague noted, it was filed earlier this week. There is a stipulation of settlement. That stipulation makes clear that despite the fact that two of the individual Defendants here did not sign the term sheet, they are still subject to the [releases] that will be provided if the settlement is approved by this Court . . .*
>
> *And, as we understand it, the mediation communications were submitted by Robbins Geller in order to prove the existence of an agreement. Assuming that is the case, there is no dispute on that point now. We all agree there is an agreement. There can be no other proper purpose to consider those mediation communications and so we don't think the Court should. It would be a violation of the local rule . . .*

THE COURT: *So it is your argument that your -- the Defendants' motion to strike as well as Plaintiffs' motions for leave and for in-camera review are all moot at this point?*

*MS. LOSEMAN: That's correct, Your Honor.*

THE COURT: *Okay. And you are no longer opposing -- I mean, you would -- if they're moot, you don't have to actually withdraw your motion or go ahead in seizing your opposition to Plaintiffs' motions for leave, but you believe that they're all moot?*

MS. LOSEMAN: *We believe they're all moot. I mean, we do believe they're still technically, arguably a violation of the local rule, but we do believe they're moot, and that's the most important consideration.*

THE COURT: *I understand. And that will certainly streamline our hearing today and I'll come back to the Plaintiffs to see if they agree . . .*
*Mr. Drosman, do you agree with Ms. Loseman, that the motions -- all of these three related motions are moot? . . .*
*And what about the -- so if Defendants, I believe their motion to strike is moot and your motion for in-camera review would similarly be moot?*

MR. DROSMAN [Lead Plaintiffs' Counsel]: *That bears on that very issue, Your Honor, so that would be moot, yes.*

Ex. C to Motion (Dkt. 389-5), June 24, 2026 Hearing Tr., 10:23-13:24

7.    A few days later, Judge Hightower issued her Order addressing Defendants' Motions to Strike and Consolidate. Dkt. 384. In the Order, Judge Hightower confirmed the parties' agreement that the settlement stipulation rendered the mediation communications irrelevant to consolidation, so the Motion to Strike was moot. Dkt. 384 at 5 ("Defendants asked the Court to strike Plaintiffs' sealed opposition to Defendants' motion to consolidate (Dkt. 345), arguing that the brief contains confidential information and violates the parties' Mediation Confidentiality Agreement ("MCA") and Local Rule CV-88(f). Dkt. 346. Plaintiffs asked the Court to review *in camera* Murphy's May 3, 2026 ruling on the same question. At the hearing, the parties agreed that these motions now are moot."). Accordingly, Judge Hightower's analysis and decision on the Motion to Consolidate does not reference or rely on the confidential mediation communications. Dkt. 384 at 6-8.

3

8. On July 13, Defendants filed their Objection to Judge Hightower's Order Denying Defendants' Motion to Consolidate. Dkt. 388. Defendants' Objection likewise does not reference or otherwise rely on the irrelevant confidential mediation communications.

9. Three weeks after the Court issued its Order addressing consolidation, a week after Defendants filed their Objection, and more than eight months after Lead Plaintiffs filed the mediation communications under seal, on July 20, 2026, the *Ugarte* Plaintiffs filed the instant Motion to View Sealed communications. Dkt. 389.

ARGUMENT

Plaintiffs' Motion is a transparent attempt to obtain Defendants' confidential mediation communications with another party in a related matter. Plaintiffs have no "due process" right to obtain these communications. They are not relevant to the Motion to Consolidate and should never have been submitted to the Court in the first place.

## I. The Sealed Filings Are Irrelevant to Consolidation

Cassava's mediation communications with Lead Plaintiffs are not relevant to consolidation. As Defendants explained in their Motion to Strike, Lead Plaintiffs' submission of these communications was improper in the first instance because it violated the parties' Mediation Confidentiality Agreement and Local Rule 88(f). Dkt. 343-1. But in any case, Lead Plaintiffs, Defendants, and the Court all agreed that, after the parties filed a stipulation of settlement, the mediation communications were irrelevant. That is why Lead Plaintiffs, Defendants, and the Court all agreed the Motion to Strike was moot. *See* Dkt. 389-5, June 24, 2026 Hearing Tr., 10:23-13:24; Dkt. 384 at 6-8.

Because those mediation communications are not relevant, the Court's Order Denying Cassava's Motion to Consolidate does not rely on them. Dkt. 384 at 6-8. Defendants' Objection to

4

the Court Order does not reference the mediation communications, much less rely on them. Dkt. 388.

Given the agreement of the relevant parties and the Court that the confidential mediation communications are irrelevant to consolidation, it is striking that the *Ugarte* Plaintiffs' primary argument is that "there can be no reasonable dispute that the materials . . . are fundamental to the *Ugarte* action." Dkt. 389 at 3. Plaintiffs argue that the communications are "fundamental" to *Ugarte* because (a) the sealed materials were included in briefing on consolidation, which (b) could be dispositive of *Ugarte*. Dkt. 389 at 3. This is hollow logic. Whether consolidation is dispositive of *Ugarte* has no bearing on whether the mediation communications are relevant. And the mere fact that Lead Plaintiffs improperly submitted mediation communications does not make those materials relevant (let alone fundamental) to whether *Ugarte* should be consolidated. To the contrary, Defendants agreed that their Motion to Strike those communications was moot only because all relevant parties and the Court agreed that the materials were irrelevant. And, of course, the Court did not consider those materials in its Order addressing consolidation, confirming their irrelevance.

## II.     The Ugarte Plaintiffs Do Not Have Any "Right" to View the Sealed Filings

As explained in Defendants' Motion to Strike, Lead Plaintiffs' submission of confidential mediation communications was improper and irrelevant in the first instance. Dkt. 343-1. Lead Plaintiffs should never have filed them. The fact that Lead Plaintiffs (not Defendants) improperly filed these mediation communications does not create a "due process" right for plaintiffs in a related action to receive and review them.

The *Ugarte* Plaintiffs' argument for why they have a "right" to view confidential mediation communications is revealing:

"They are . . . threatening the *Ugarte* plaintiffs' fundamental due process rights. If the cases are consolidated, the *Ugarte* plaintiffs will not be aware of the arguments that led to consolidation. And even if consolidation is denied, the *Ugarte* plaintiffs will be deprived of the knowledge of what positions the Defendants have taken." Dkt. 389 at 6.

The claim that, if the cases are consolidated, the *Ugarte* plaintiffs will not be aware of the arguments that led to consolidation has zero merit. Judge Hightower plainly states over the course of three pages the Court's reasons for declining to consolidate the cases, Dkt. 384 at 6-8. None of those reasons is based on the confidential mediation communications. Defendants' Objection to that Order likewise does not cite the confidential mediation communications. Dkt. 388. In short, as the relevant parties and the Court acknowledged, the confidential mediation communications are not relevant to consolidation. If consolidation is granted (or denied), Plaintiffs will know exactly why.

The *Ugarte* Plaintiffs' second claim, that, even if consolidation is denied, the *Ugarte* plaintiffs will be deprived of the knowledge of *what positions the Defendants have taken*, demonstrates what the *Ugarte* Plaintiffs truly—and improperly—seek: disclosure of the confidential mediation communications between Lead Plaintiffs and Defendants so that they can use those communications against Cassava in their own case.[1] After all, if this request were really about being able to litigate the consolidation issue, Plaintiffs would have sought to view the sealed communications during the eight months the Motion to Consolidate was pending before Judge Hightower ruled.

---

[1] The *Ugarte* Plaintiffs' Motion recognizes that the materials Defendants will not disclose are confidential mediation communications. It then asserts that "there is no chance that every line in every sealed brief comprises 'confidential mediation and settlement communications.' Indeed, the Defendants have refused to provide access to even their motions to seal . . . ." Dkt. 389 at 7. This is not accurate. The materials Defendants seek to protect are the confidential mediation communications themselves, and the briefing referencing confidential mediation communications, which was the basis for all relevant motions to seal. Defendants have never taken a position on whether the one-paragraph Motion to Seal should be unsealed.

Indeed, the *Ugarte* Plaintiffs' Motion admits the improper purpose for which they seek the confidential mediation communications: "[F]rom the statements made during oral argument on the motion to consolidate, the sealed briefing appears to include discussion about the manner in which the parties believe the release included in their settlement affects (or does not affect) the claims in *Ugarte* . . . . This argument directly relates to the Defendants' positions as to how the release in the Consolidated Action affects, or does not affect, *Ugarte*." Dkt. 389 at 4-5. This flagrant effort by the *Ugarte* Plaintiffs to obtain disclosure of Defendants' mediation communications to use them against Defendants in parallel litigation is barred by this Court's Rules. *See* Local Rule CV-88(f) ("[A] communication relating to the subject matter of any civil or criminal dispute made by any participant during an ADR procedure, whether before or after the institution of formal judicial proceedings, is confidential, may not be disclosed, may not be used as evidence against the participant in any judicial or administrative proceeding."). The *Ugarte* Plaintiffs have no "right" to these communications. Disclosure of those communications to the *Ugarte* Plaintiffs is expressly prohibited, as is their use of those communications against the Cassava Defendants.

Finally, the *Ugarte* Plaintiffs do not have a right to Cassava's confidential mediation communications under Local Rule CV-5-2(e). Rule 5-2(e) is a straightforward rule making filing parties responsible for service of sealed documents on "all counsel of record" in that case because the Court's electronic filing system does not serve sealed documents. The rule does not create any independent rights of access or obligations of service on counsel for parties in another case. The *Ugarte* Plaintiffs of course acknowledge that they are not counsel of record in the Consolidated Action, but they claim that this is "the most technical of technicalities." Far from it. It is precisely because the *Ugarte* Plaintiffs are not counsel in the Consolidated Action that they were not party to the mediation of the Consolidated Action. And it is because they were not party to mediation

7

that they are not privy to the confidential mediation communications between Lead Plaintiffs and

Defendants and have no right to review or use them against Cassava.

## CONCLUSION

For each of these reasons, the Court must deny the *Ugarte* Plaintiffs' Motion to View

Sealed Documents.

Dated: August 10, 2026                                    Respectfully submitted,


/s/ *Gregg Costa*
Gregg Costa (Tx. Bar No. 24028160)
Trey Cox (Tx. Bar No. 24003722)
GIBSON, DUNN & CRUTCHER LLP
811 Main Street, Suite 3000
Houston, TX 77002
Tel: 346.718.6600
gcosta@gibsondunn.com
tcox@gibsondunn.com

Monica K. Loseman (*pro hac vice*)
Scott Campbell (*pro hac vice*)
John Turquet Bravard (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1801 California Street
Denver, CO 80202
Tel: 303.298.5700
mloseman@gibsondunn.com
scampbell@gibsondunn.com
jturquetbravard@gibsondunn.com

8

*Counsel for Defendants Cassava Sciences, Inc. and Eric J. Schoen*

Douglas W. Greene
Zachary R. Taylor
BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, NY 10111
Tel: 212.847.7090
dgreene@bakerlaw.com

C. Shawn Cleveland
BAKER & HOSTETLER LLP
2850 N. Harwood Street, Suite 1100
Dallas, TX 75201
Tel: 214.210.1200
scleveland@bakerlaw.com

*Counsel for Defendants Remi Barbier and Lindsay Burns*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on August 10, 2026, a true and correct copy of the foregoing was served electronically upon each attorney of record.

/s/ *Gregg Costa*
Gregg Costa

10