**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| CARLOS PÉREZ-COTAPOS UGARTE, MARIA ISABEL URETA BAZÁN, CARLOS PÉREZ-COTAPOS SUBERCASEAUX, INVERSIONES ANE MIREN LIMITADA, SHERYL GROVE, and HOORIEH ALAGHEMAND, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>CASSAVA SCIENCES, INC., REMI BARBIER, RICHARD JON BARRY, LINDSAY BURNS, JAMES W. KUPIEC, and ERIC SCHOEN,<br><br>Defendants. | Case No. 1:24-CV-01525-DAE |
| IN RE CASSAVA SCIENCES INC. SECURITIES LITIGATION | Case No. 1:21-CV-00751-DAE |

***UGARTE*** **PLAINTIFFS' REPLY IN FURTHER SUPPORT OF OPPOSED MOTION TO VIEW SEALED DOCUMENTS**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT .................................................. 1

ARGUMENT .................................................. 2

A. The Sealed Filings Directly And Fundamentally Affect *Ugarte*. .......................... 2

B. The *Ugarte* Plaintiffs Have The Right To View The Sealed Filings..................... 4

C. By Defendants' Own Admission, Any Confidentiality Considerations Are Now Moot. .................................................. 6

D. Local Rule CV-88(f) Does Not Protect The Sealed Filings. ................................ 7

E. The Defendants Falsely Characterize The Breadth Of The Sealed Filings. ........... 9

CONCLUSION .................................................. 10

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Application of Eisenberg*,
654 F.2d 1107 (5th Cir. 1981) ....................4, 5

*Dube v. Eagle Glob. Logistics*,
314 F.3d 193 (5th Cir. 2002) ....................4

*Kinoy v. Mitchell*,
67 F.R.D. 1 (S.D.N.Y. 1975) ....................4, 5

*Select Interior Concepts, Inc. v. Pental*,
2020 WL 2132575 (N.D. Tex. May 5, 2020) ....................8

**Rules**

Local Rule CV-5.2 ....................4, 5, 6, 9

Local Rule CV-88 ....................7, 8, 9

Carlos Pérez-Cotapos Ugarte, Maria Isabel Ureta Bazán, Carlos Pérez-Cotapos Subercaseaux, Inversiones Ane Miren Limitada, Sheryl Grove, and Hoorieh Alaghemand (collectively, the "*Ugarte* plaintiffs") respectfully submit this reply in further support of their opposed motion to view sealed documents in *In Re Cassava Sciences, Inc. Securities Litigation*, No. 1:21-cv-00751-DAE (W.D. Tex.) (the "Consolidated Action"; in docket citations, "CA").[1]

## PRELIMINARY STATEMENT

The thesis of the Defendants' Opposition appears to be that, if they can incant the phrase "mediation communications" enough times—37 times in 8 pages—they can avoid engaging with their legal responsibility to share their sealed filings regarding consolidation with the very parties they seek to consolidate. Indeed, the Opposition (which does not cite even a single case) materially mischaracterizes the facts, the record, the law, and the Court's own rulings.

The Opposition claims, for example, that when it denied consolidation, "the Court agreed that the [sealed] materials were irrelevant," and that "the Court did not consider those materials in its Order." Not so: In its order, the Court found that at least some of the materials were "***directly relevant*** to Defendants' motion to consolidate." The Opposition claims, too, that the sealed filings "need not be considered by the Court": Yet it ***uses an ellipsis*** to excise from the transcript the very place where the Defendants *invited* the Court to review certain of these materials. The Opposition goes on to claim that the Defendants have never sought to maintain confidentiality over yet further portions of the sealed materials. There is just one problem: Their emails in which they did just that. The list goes on.

This is too much. The Defendants cannot seriously dispute the fact that the sealed filings,

---

1 The motion to view sealed documents ("Motion" or "Mot.") was filed at ECF No. 95 in *Ugarte*, and ECF No. 389 in the Consolidated Action. The Defendants' opposition ("Opposition" or "Opp.") was filed at ECF No. 103 in *Ugarte*, and ECF No. 398 in the Consolidated Action.

which relate to an attempt by the Defendants to dispose of the claims in *Ugarte*, directly and fundamentally affect *Ugarte*. And they cannot seriously dispute the fact that the law gives the *Ugarte* plaintiffs a fundamental right to access such filings.

Put simply, if the Defendants wanted to insist on the confidentiality of the documents, the Defendants could have sought to remove the documents from the record. Instead, they declared the issue of confidentiality moot—but still refuse to share these fundamental filings with the *Ugarte* plaintiffs. Even now, as they object to the Magistrate Judge's order denying consolidation, they are ***continuing to direct that briefing be filed under seal, while not providing that briefing to the* Ugarte *plaintiffs***. There is simply no justification for doing so.

## ARGUMENT

### A. The Sealed Filings Directly And Fundamentally Affect *Ugarte*.

As the *Ugarte* plaintiffs explained in their Motion, the sealed filings directly and fundamentally affect *Ugarte*. Mot. at 3–5. They affect not just whether *Ugarte* continues as a case, but whether the *Ugarte* plaintiffs will be able to continue to prosecute their claims. *Id.* at 3; *see also Ugarte* ECF No. 102 at 8–11 (explaining how the Defendants are seeking to use consolidation to dismiss the *Ugarte* claims); CA ECF No. 396 at 8–11 (same). In addition, statements made during oral argument revealed that, in the briefing that the Defendants seek to hide from the *Ugarte* plaintiffs, the parties to the Consolidated Action have been discussing how their settlement does, or does not, affect the claims in *Ugarte*. Mot. at 3–4.

The Defendants do not dispute either of these facts. On the first issue, they claim only that "[w]hether consolidation is dispositive of *Ugarte* has no bearing on whether the mediation communications are relevant." Opp. at 5. Thus, they claim not that the sealed briefing on consolidation is irrelevant to *Ugarte*, but that—supposedly and incongruously—the sealed briefing on consolidation is irrelevant to consolidation. On the second issue, meanwhile, they deny neither

that they have been litigating the supposed effects of the settlement on *Ugarte*, nor that such effects are directly relevant to *Ugarte*: They claim only that "[t]he *Ugarte* Plaintiffs have no 'right' to" this material. Opp. at 7. This is incorrect, as explained below (at § D). But in focusing on *right* rather than *substance*, the Defendants concede the relevance of the sealed briefing to *Ugarte*.

Rather than contest the *Ugarte* plaintiffs' arguments, therefore, the Defendants pivot to claiming that "the sealed filings are irrelevant to consolidation." Opp. at 4 (bold omitted) (initial capitals omitted). They also repeatedly claim that "the Court agreed that the materials were irrelevant," and that "the Court did not consider those materials in its Order addressing consolidation." Opp. at 5; *see also id.* at 3, 4 (similar).

The Defendants' assertions are false—as one might expect, given that the filings that they claim "are irrelevant to consolidation" include both a brief filed in opposition to consolidation, and a reply in support of consolidation. CA ECF Nos. 345, 347. And the lengths to which they go in order to plead their case are striking.

First, in its order denying consolidation, the Court *expressly held* that at least certain of the sealed materials are "***directly relevant to Defendants' motion to consolidate***." *Ugarte* ECF No. 92 at 5 (emphasis added); CA ECF No. 384 at 5 (emphasis added). The Court thus granted the consolidated plaintiffs' motion for leave to file supplemental authority. *Id.* Yet despite the fact that the Court found this to be "directly relevant," the related briefing remains sealed or, in one case, heavily redacted. *See Ugarte* ECF No. 95-3 at 2 (listing filings); CA ECF No. 389-3 at 2 (same). There is thus no basis for the Defendants' claim that the Court held that "the sealed filings are irrelevant to consolidation." Stating as fact something that is false does not make it true.

Second, at oral argument, *even the Defendants* consented to the Court reviewing other portions of the sealed filings, stating that "[i]f the Court would find it helpful in resolving the

issues, we have no concern with that." *Ugarte* ECF No. 95-5 at 11:23–12:3; CA ECF No. 389-5 at 11:23–12:3. Yet when the Defendants quote this portion of the transcript, arguing that such materials "were not relevant to the Motion to Consolidate and need not be considered by the Court," they ***use an ellipsis to excise their express invitation to the Court to consider these materials***. Opp. at 2. This is improper, to say the least. *See Dube v. Eagle Glob. Logistics*, 314 F.3d 193, 195 (5th Cir. 2002) (noting impropriety of "misrepresenting the record and using ellipses to misrepresent statements out of context").

Third, even leaving aside these gross misrepresentations of the record, the Defendants seek to redefine the definition of relevance. The question is whether the sealed filings are relevant to *Ugarte*, which even the Defendants cannot argue otherwise. It is not whether, in the Defendants' view, the Court did or did not rely on the filings in deciding their motion to consolidate.[2]

**B. The *Ugarte* Plaintiffs Have The Right To View The Sealed Filings.**

The Motion explained the fundamental due-process right of the *Ugarte* plaintiffs to view the sealed filings. Mot. at 5–8. As it noted, "[o]ur adversarial legal system generally does not tolerate *ex parte* determinations on the merits of a civil case. . . . [T]he right granted a party by the due process clause to a full and fair hearing encompasses the individual's right to be aware of and refute the evidence against the merits of his case." *Application of Eisenberg*, 654 F.2d 1107, 1112 (5th Cir. 1981); (citing *Kinoy v. Mitchell*, 67 F.R.D. 1, 15 (S.D.N.Y. 1975)); *see Kinoy*, 67 F.R.D. at 15 ("Our system of justice does not encompass *ex parte* determinations on the merits of cases in civil litigation."). This is why the local rules mandate that "[c]ounsel for a party moving to keep any document under seal is responsible for serving a copy of the sealed document on all counsel

[2] For that matter, the fact that the Magistrate Judge did not *cite* sealed material when deciding the motion to consolidate does not mean that she did not *rely* on it. And by keeping the issue of consolidation alive through their objection to the order, the Defendants cannot say which portions of the sealed filings will, or will not, be relevant to the Court's ultimate determination.

of record." Local Rule CV-5.2(e).

The Defendants wave away the Motion's arguments by stating "Plaintiffs have no 'due process' right to obtain these communications" because, they claim, the sealed filings are confidential. Opp. at 4. The Defendants give no authority for this claim beyond their own say so; indeed, their Opposition cites a grand total of zero cases.

The law rebuts the Defendants' *ipse dixit* argument. *Eisenberg* and *Kinoy* do not hold that a party's due-process right "to be aware of and refute the evidence against the merits of his case" disappears if the other party claims that the evidence is confidential—let alone through a naked assertion. Rather, as *Kinoy* puts it flatly and without exception, "[o]ur system of justice does not encompass *ex parte* determinations on the merits of cases in civil litigation." 67 F.R.D. at 15.

Moreover, as *Kinoy* continues, the law has a way of dealing with confidentiality that conflicts with a due-process right: "Either the documents are privileged, and the litigation must continue as best it can without them, or they should be disclosed at least to the parties, in which case the Court will rule after full argument on the merits." *Id.* (footnote omitted). The Defendants had the right to, and did, file a motion to strike. But they have since conceded that the motion is moot—and, subsequently, ***they have continued to direct the consolidated Plaintiffs to file papers regarding consolidation under seal***. *See* CA ECF Nos. 395 397 (motion to seal, and sealed response to opposition to the Defendants' objection to the Magistrate Judge's order denying consolidation). The Defendants cannot have it both ways.

In the final paragraph of their brief, the Defendants attempt to rebut Local Rule CV-5.2(e), calling it "a straightforward rule making filing parties responsible for service of sealed documents . . . because the Court's electronic filing system does not serve sealed documents." Opp. at 7. That is exactly the point: Because a sealed document is not automatically served or otherwise

accessible, the Defendants must ensure that the parties can access that document. Nor can the Defendants limit their duty through the local rule's requirement of "serving . . . all counsel of record." Local Rule CV-5.2(e). The rule requires service on "all" counsel of record, not just those for the docket in which they chose to file specific documents. Indeed, the most important counsel of record to serve are those for the case they are attempting to consolidate.

### C. By Defendants' Own Admission, Any Confidentiality Considerations Are Now Moot.

The Motion likewise explained that, even if the sealed filings were once so confidential that they could not be shared with the parties to whom they directly pertained, the Defendants have now admitted that this issue is moot. Mot. at 8–9. At oral argument, the Defendants stated that, while in their view there had been "technical[]" or "arguabl[e]" violations of confidentiality, now, "we do believe they're moot, and that's the most important consideration." *Id.* at 8. They thus confirmed that the Court no longer needed to rule on the three motions regarding confidentiality: the Defendants' motion to strike, and the consolidated plaintiffs' motions to file notice of supplemental authority, and to lodge the mediator's ruling. Thus, as the Motion explained, even if there had *once* been concerns about confidentiality, there would no longer be any reason to deny the *Ugarte* plaintiffs access to the briefing. *Id.* at 9.

The Defendants respond by attempting to redefine their reason for declaring the issue moot. As they tell it now, "Defendants agreed that their Motion to Strike those communications was moot only because all relevant parties and the Court agreed that the [sealed] materials were irrelevant." Opp. at 5. But this is not what the Defendants said at oral argument—in two ways.

First, at oral argument, the Defendants declared the issue moot because "there is no dispute we have an agreement. . . . And, as we understand it, the mediation communications were submitted by Robbins Geller in order to prove the existence of an agreement. Assuming that is

the case, there is no dispute on that point now. We all agree there is an agreement." *Ugarte* ECF No. 95-5 at 11:3–19; CA ECF No. 389-5 at 11:3–19. That is to say, the Defendants did not claim that the briefing over which they claimed confidentiality was *irrelevant*; rather, they claimed that the dispute underlying it (whether there was, or was not, a settlement) was no longer *contested*. An issue being uncontested does not make it irrelevant. Here, the issue was plainly relevant and, contrary to the Defendants' claims, germane to the Court's ruling: As it held, the consolidated plaintiffs' supplemental authority, which was about the existence of a settlement, "is directly relevant to Defendants' motion to consolidate." *Ugarte* ECF No. 92 at 5; CA ECF No. 384 at 5. In fact, far from "all relevant parties and the Court agree[ing] that the [sealed] materials were irrelevant," Opp. at 5, no one at oral argument raised the question of their relevance *at all*.[3]

Second, the Defendants did not agree that the issue of confidentiality was moot "only because all relevant parties and the Court agreed that the materials were irrelevant." Opp. at 5. In fact, the Defendants themselves were the first to raise mootness: Before either the consolidated plaintiffs or the Court opined on the issue, the Defendants opened oral argument by declaring that "there have been developments; and I think that has essentially resolved or otherwise mooted those three pending motions." *Ugarte* ECF No. 95-5 at 10:23–12:2; CA ECF No. 389-5 at 10:23–12:2. Much as they now try to add conditions to their declaration, those conditions did not exist when they made it.

### D. Local Rule CV-88(f) Does Not Protect The Sealed Filings.

As the Motion stated, the sealed filings appear to be particularly relevant to *Ugarte*, because—as revealed at oral argument—the Defendants and consolidated plaintiffs have, unbeknownst to the *Ugarte* plaintiffs, been briefing the extent to which their settlement does, or

[3] The fact that materials related to consolidation are *still* being filed under seal further belies the Defendants' assertion that the parties consider such materials to be irrelevant.

does not, affect *Ugarte*. Mot. at 3–5. As it turned out, the Defendants have been seeking to use the Consolidated Action to obtain a settlement that would somehow affect *Ugarte*. *See id.*

The Defendants do not deny this. Instead, they rely on Local Rule CV-88(f) to block the *Ugarte* plaintiffs from access to this exceptionally relevant briefing. Obj. at 1, 3, 4, 7. That rule, as the Defendants quote in part, states that:

> Except as otherwise provided in this rule, or as agreed by the participants, a communication relating to the subject matter of any civil or criminal dispute made by any participant during an ADR procedure, whether before or after the institution of formal judicial proceedings, is confidential, may not be disclosed, may not be used as evidence against the participant in any judicial or administrative proceeding, and does not constitute a waiver of any existing privileges or immunities.

Local Rule CV-88(f); *see* Opp. at 7 (quoting the rule but excising the exceptions at the beginning). The Defendants use the rule to claim that the *Ugarte* plaintiffs are seeking "to use Cassava's positions in mediation communications as evidence against Cassava in this suit." Opp. at 1. This is incorrect, for two reasons.

First, the rule does not protect *every* mediation communication; it protects only those "*relating to the subject matter*" of the dispute. Not once in their 37 recitations of the phrase "mediation communications" do the Defendants suggest that the sealed materials meet this standard.[4] Instead, it appears that they relate to the (a) the existence of a settlement, and (b) Defendants' positions on the scope of the settlement. This is a crucial difference: The existence and scope of the settlement are unrelated to the facts of the Defendants' fraud regarding Simufilam.

[4] Just by itself, this is sufficient to grant the Motion. "As the party seeking to seal and maintain under seal certain documents, [the Defendants] had and continue to have the burden of overcoming the strong presumption in favor of public access by coming forward with sufficiently compelling reasons to justify overriding the public policy favoring disclosure." *Select Interior Concepts, Inc. v. Pental*, 2020 WL 2132575, at *3 (N.D. Tex. May 5, 2020) (quotation marks omitted). By not even attempting to meet the standard in Local Rule CV-88(f), the Defendants have abdicated their responsibility for meeting the burden for maintaining the filings under seal.

So too do the *Ugarte* plaintiffs have an exceptional interest in knowing what the Defendants have been saying about the scope of the settlement behind their backs.

Second, even were this not the case, Local Rule CV-88(f) is not absolute. As with their misleading ellipsis, the Defendants excise the first portion of the rule: "Except as otherwise provided in this rule." *Compare* Opp. at 7 *with* Local Rule CV-88(f). And, indeed, the rule provides otherwise: "If this section conflicts with other legal requirements for disclosure of communications or materials, the issue of confidentiality may be presented to the court" to determine, amongst other things, whether they "are subject to disclosure." Local Rule CV-88(f)(3). For all the reasons detailed above, this is the case here. The *Ugarte* plaintiffs have legal and due-process rights to the sealed filings. If the Defendants truly believed the materials were confidential and the rule had been violated, they had the opportunity to seek to strike them. Instead, they declared the issue moot. In doing so, they consented to the materials remaining in the record—where the *Ugarte* plaintiffs must have access to them.

**E. The Defendants Falsely Characterize The Breadth Of The Sealed Filings.**

As the Motion stated, the Defendants' claim that every line in the two dozen or so sealed filings is confidential is simply not plausible. Mot. at 2, 7. By way of example—but certainly not an exclusive list—the *Ugarte* plaintiffs cited the motions to seal themselves, which the local rules dictate should not include confidential information. *Id.* at 7; Local Rule CV-5.2(c).

Presumably recognizing the untenability of their position, the Defendants bury their response in a footnote: "This is not accurate. The materials Defendants seek to protect are the confidential mediation communications themselves, and the briefing referencing confidential mediation communications, which was the basis for all relevant motions to seal. Defendants have never taken a position on whether the one-paragraph Motion to Seal should be unsealed." Opp. at 6 n.1.

Again, there is simply no chance that four fifths of the briefing on consolidation constitutes or concerns "confidential mediation communications," and it is not credible for the Defendants to assert as much. In addition, the Defendants' claim that they "have never taken a position on whether the one-paragraph Motion to Seal should be unsealed" is both false and revealing.

This statement is false, because, before filing the Motion, the *Ugarte* plaintiffs emailed the Defendants to confirm this *exact* question: "is it your position that *all* documents that were filed under seal contain 'confidential mediation communications'? I note that the motions to seal were themselves filed under seal. Did even the motions to seal contain 'confidential mediation communications'?" *Ugarte* ECF No. 95-4 at 2; CA ECF No. 389-4 at 2. The Defendants responded unequivocally: "The materials that remain under seal in the Consolidated Action are the confidential mediation and settlement communications that the Consolidated Action plaintiffs put before the Court in their opposition, and the briefing that quotes or responds to them. . . . Our position is unchanged: the sealed materials reflect confidential mediation and settlement communications and should remain sealed." *Ugarte* ECF No. 95-4 at 1–2; CA ECF No. 398-4 at 1–2. Once again, stating as fact something that is false does not make it true.

The statement is also revealing, because it shows that the Defendants used only a single paragraph to shield 80% of the briefing on their motion to consolidate from the parties most affected by their motion. It begs the question of whether they met their burden of shielding these documents from just the public. And, critically, it begs the question of whether, in their perfunctory request, the Defendants informed the Court that they were not just attempting to seal documents from the public—but from the very parties whose claims they sought to eliminate.

## **CONCLUSION**

The Court should grant the Motion.

Dated: August 20, 2026

Respectfully submitted,

Luc W. M. Mitchell (*pro hac vice*)
(State of New York Juris No. 5671037)
**POMERANTZ LLP**
Jeremy A. Lieberman (*pro hac vice*)
(State of New York Juris No. 4161352)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
Email: lmitchell@pomlaw.com
jalieberman@pomlaw.com

**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**
Peretz Bronstein (*pro hac vice*)
(State of New York Juris No. 2155067)
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
Email: peretz@bgandg.com

Michael J. Boyle (*pro hac vice*)
(State of Ohio Juris No. 0091162)
4200 Regent Street, Suite 200
Columbus, OH 43219
Telephone: (614) 578-5582
Email: mboyle@bgandg.com

*Counsel for Plaintiffs and*
*Co-Lead Counsel for the Class*

**THE BRISCOE LAW FIRM, PLLC**
Willie C. Briscoe (Tx. Bar Number 24001788)
12700 Park Central Drive, Suite 520
Dallas, Texas 75251
Telephone: (972) 521-6868
Facsimile: (281) 254-7789
Email: wbriscoe@thebriscoelawfirm.com

*Counsel for Plaintiffs and*

*Liaison Counsel for the Class*

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim (*pro hac vice* application forthcoming)
(State of New York Juris No. 4145397)
275 Madison Avenue, 40th Floor
New York, NY 10116
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: philkim@rosenlegal.com

*Additional Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I, Luc W. M. Mitchell, hereby certify that on August 20, 2026, the foregoing was served upon each attorney of record through the Court's CM/ECF system.

Luc W. M. Mitchell (*pro hac vice*)